**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Judgment Creditor
AIRLINES REPORTING CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>　　　　Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION<br>d/b/a MATLOCK TRAVEL, et al.,<br><br>　　　　Defendants/Judgment Debtors. | Case No. 08-MC-00088<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER**<br><br>Date:<br>Time:<br>Ctrm:<br>Judge: Hon. |

**INTRODUCTION**

Plaintiff/Judgment Creditor AIRLINES REPORTING CORPORATION (hereinafter "Creditor" and/or "ARC") submits the following Memorandum of Points and Authorities in support of its Motion for an Assignment Order against Defendant/Judgment Debtor MARIO RENDA (hereinafter "Debtor" and/or "Renda") based upon the following facts and law.

This Motion is based upon a final $700,000.00 judgment entered in favor of Creditor ARC against Debtor Renda, Debtor's failure to voluntarily resolve this debt despite Creditor's reasonable attempts at resolution, Debtor's false state court discovery responses, Debtor's undisclosed actions in Renda v. Nevarez (I) and Renda v. Nevarez (II), Creditor ARC's recent discovery of Debtor's rights/claims to payment from Ms. Nevarez, Debtor Renda's threats to sanction Creditor ARC in lieu of resolving this matter, as well as Federal Rules of Civil Procedure, Rule 69 and California Code of Civil Procedure section 708.510, *et seq.*

1

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\P&A.wpd

# FACTUAL BACKGROUND

**The Virginia Judgment**. Creditor ARC is a federally controlled entity tasked with managing all U.S. civilian airline ticketing and documentation for airline reservations and travel. Debtor Renda is a former principal of an entity licensed to issue and sell airline tickets through Creditor ARC. On September 4, 2007 the United States District Court, Eastern District of Virginia, entered judgment in favor of Creditor and against, *inter alia*, Debtor Renda. Judgment was entered in the principal sum of $701,942.81 for Debtor's filing false reports and illegally converting monies due to Creditor for ticket sales. Specifically, Debtor Renda performed, *inter alia*, the following acts against Creditor ARC:

- purposefully failed to properly report all of the ticket sales;

- fraudulently diverted monies owed from ticket sales to himself;

- issued Creditor's documents against a credit card without the cardholder's authority, or against a stolen or otherwise fraudulent credit card;

- falsified reports, traffic documents, or other documents; and

- used credit cards which were issued in the name of a third party for the purchase of air transportation for sale or resale to other persons without the permission of the third-party credit card holder or carrier.[1]

See Court Records and Declaration of Suzanne Lewis.

**Attempts at Informal Resolution**. Debtor Renda has refused to informally resolve this matter both before and after entry of the Virginia judgment. This is true despite Creditor's repeated reasonable attempts at informal resolution. See Declaration of Suzanne Lewis. Once the judgment was registered in California, Debtor again refused to resolve this debt. See Declaration of Bryan D. Sampson.

**Creditor's Investigation of Debtor's Receivables**. Creditor ARC also obtained a judgment against, *inter alia*, Debtor Renda in the Circuit Court of Arlington County, Virginia based upon like conduct. In that matter, Debtor Renda was conducting ticket sales under an unrelated third party entity. See Declaration of Suzanne Lewis. Creditor ARC caused a Judgment on Sister-State Judgment to be entered in the San Diego Superior Court. See Declaration of Bryan D. Sampson.

---

[1] Debtor Renda has a history of financial dishonesty. In or about 1987, Debtor, along with various co-conspirators, was convicted and sentenced to a federal prison for fraudulently placing deposits at several banks, borrowing funds from the same financial institutions through fraudulent loan statements, coupled with a scheme to disguise the true beneficiaries of the loaned money. See Exhibits "1 & 2."

2

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

After entry of the judgment on sister-state judgment in California, Creditor served state court discovery on Debtor. In response to Creditor's state court Demand for Production of Documents (Request for Production No. 35), Debtor was to provide any and all lawsuits in which he was claiming monies from other parties. <u>See</u> Exhibit "3." On October 16, 2006, Debtor responded that Creditor's Request for Production No. 35 was not applicable. <u>See</u> Exhibit "4." However, Creditor subsequently discovered that Debtor had a case pending in the San Diego Superior Court entitled <u>Renda v. Nevarez</u>, Case No. GIC798346, which was filed on October 18, 2002, and was pending at the time Debtor responded to Creditor's production request. In fact, the San Diego Superior Court entered Judgment for Debtor, in that undisclosed lawsuit, in the total amount of $817,429.55 on November 17, 2006. <u>See</u> Exhibit "5," and Creditor's concurrently filed Request for Judicial Notice.

Additionally, Debtor Renda filed a new San Diego Superior Court lawsuit on September 25, 2007, entitled <u>Renda v. Nevarez, et al. (II)</u>, Case No. 37-2007-00075627-CU. <u>See</u> Exhibit "6" and Creditor's concurrently filed Request for Judicial Notice.

Upon Creditor ARC independently learning of Debtor's state court litigation under case number GIC798346, Creditor promptly filed and served a Notice of Lien under California Code of Civil Procedure §708.410. Creditor was not aware judgment had been entered and the case was no longer pending. <u>See</u> Sampson Declaration. In response to Creditor's Notice of Lien, Debtor did not offer to negotiate settlement. Instead, Debtor threatened Creditor with sanctions unless Creditor promptly withdrew its Notice of Lien. <u>See</u> Exhibit "7."

## LEGAL ARGUMENT

**A.     The Court has Jurisdiction over this Matter.**

This Court has jurisdiction over this matter based upon the registration of a final judgment entered in the United States District Court, Eastern District of Virginia. 28 U.S.C. §1963; <u>see also</u> Court Records. The U.S. District Court, Eastern District of Virginia has diversity jurisdiction over this matter under 28 U.S.C. §1332. Complete diversity exists because Judgment Creditor ARC is a Delaware corporation with its principal place of business in Arlington, Virginia. Judgment Debtors MARIO RENDA and ROBERT KREMER, are residents of California. <u>See</u> Declaration of Suzanne Lewis.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

### B. The Court May Issue an Assignment Order.

Federal Rules of Civil Procedure Rule 69 generally provides for the enforcement of money judgments obtained in Federal Courts by the practice and procedure of the state in which the Federal Court is held. F.R.C.P. 69(a).

In California, a judgment creditor may bring a motion for an assignment order against a judgment debtor's future accounts receivable and all or part of a right to payment due or to become due. C.C.P. §708.510. An assignment order is designed to judicially assign rights to payments owed to a judgment debtor from a third party directly to the judgment creditor. All or part of a payment due, or to become due, may be ordered assigned, whether or not such right is conditioned upon future developments. C.C.P. §708.510(a). The total amount of the assignment, however, is limited to the amount owed on the judgment. C.C.P. §708.510(d). Section 708.510 permits a judgment creditor to reach certain forms of property that cannot be executed upon by levy under a writ of execution. In addition, Section 708.510 also allows for execution upon property that is subject to levy, such as accounts receivable and judgments. See C.C.P. §708.510 Legislative Committee Comment.

### C. Debtor's Receivables May be Assigned.

The types of rights to payment which may be assigned include, but are not limited to, rents, accounts receivable, commissions, royalties, bonus plans, stocks, bonds, deferred compensation and/or insurance payments. See C.C.P. §708.510(a)(1)-(6); Comment to C.C.P. §708.510 & Ahart, Cal. Prac. Guide: Enforcing Judgments and Debts, §6:1422, *et seq*. (The Rutter Group 2007).

**1. Renda v. Nevarez (I).** A final judgment was entered for plaintiff/Debtor Mario Renda and against defendant/third party Ana Luisa Nevarez in Renda v. Nevarez, Superior Court of California, County of San Diego, Case No. GIC798346 in the sum of $817,429.55 on November 17, 2006. See Exhibit "5" and Creditor's Request for Judicial Notice. Creditor ARC discovered that third party Nevarez has not yet paid Debtor Renda on that judgment. See Sampson Declaration. Thus, Debtor Renda has a right to receive $817,429.55 from third party Nevarez. See Exhibit "5" and Creditor's Request for Judicial Notice.

**2. Renda v. Nevarez (II).** Additionally, Mario Renda filed a new lawsuit entitled Mario Renda v. Ana Luisa Nevarez, et al., Case No. 37-2007-00075627-CU-NP-CTL on February 29,

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  2008. This is a contingent claim. The amount in controversy exceeds $25,000.00. See Exhibit "6."

2  Therefore, the Court may order assignment of both of these rights to payment. The assignment

3  may be in an amount necessary to pay off the judgment in full, with accrued interest. C.C.P. §708.510.

### D. This Court May Issue An Order Assigning A Potential Interest In Property.

A judgment creditor may also bring a motion for an order assigning a contingent remainder, executory interest, or other interest in property the judgment debtor may have that has not vested in the judgment debtor. C.C.P. §709.020. Under Section 709.020, the Court may fashion any order the Court deems appropriate, including but not limited to, imposing a lien on the judgment debtor's interest. Id. Section 709.020 reverses prior case law, which held that contingent interests are not subject to satisfaction of a money judgment, even though such interests are not subject to levy. See C.C.P. §709.020 Legislative Committee Comment, see also C.C.P. §§708.510, 699.720(a)(9).

As previously stated, Debtor Renda has a contingent interest in a potential judgment under his recently filed lawsuit entitled Mario Renda v. Ana Luisa Nevarez, et al., San Diego Superior Court Case No. 37-2007-00075627-CU-NP-CTL. See Exhibit "6." As this interest has not vested in Debtor Renda, the Court may enter an order assigning Debtor's interest in any potential recovery to Creditor ARC. C.C.P. §709.020.

### E. An Assignment Order is Reasonable.

Moreover, an assignment of monies due to Debtor Renda, from the judgment and the contingent recovery on Debtor's pending litigation, to Creditor ARC is reasonable and fair under the circumstances.

- Creditor is currently owed over $700,000.00 from Debtor Renda on a final judgment. See Court Records and Declaration of Suzanne Lewis.
- Debtor was found liable for fraud and conversion. See Declaration of Suzanne Lewis.
- Debtor Renda refuses to settle with Creditor. See Declaration of Suzanne Lewis.
- Debtor refuses to cooperate in any manner whatsoever with Creditor in this matter. He even provided false information to Creditor during the discovery process, including his lawsuit against Ms. Nevarez. See Exhibits "3, 4 & 5" and Declaration of Bryan D. Sampson.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

5

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\P&A.wpd

1  • Debtor refuses to make any payments towards the judgment. Id.

2  • Debtor has a history of financial dishonesty; See Exhibits "1 & 2."

3  • Debtor even threatened sanctions against Creditor to evade his obligations. See Exhibit "7."

This leaves Creditor ARC with no ability to collect on this judgment absent judicial intervention. As such, it is reasonable and fair for the Court to order an assignment of interest in monies due Judgment Debtor as set forth in the proposed Order. See Exhibit "8." Otherwise, Creditor is left with no adequate remedy under the law to enforce its judgment.

**CONCLUSION**

Based upon the foregoing, Judgment Creditor respectfully requests that this Court grant the proposed Order at Exhibit "8" assigning to Judgment Creditor any monies now due or to become due to Judgment Debtor from any other judgments, until this judgment is paid in full.

Respectfully submitted,

DATED: April 17, 2008   **SAMPSON & ASSOCIATES**

By:   /s/ Bryan D. Sampson
Attorneys for Judgment Creditor
E-Mail: bsampson@sampsonlaw.net

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

6

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\P&A.wpd