JOHN J. FRENI, ESQ. (Bar No. 132912)
A Professional Law Corporation
600 West Broadway, Suite 400
San Diego, CA 92101
(619) 557-9128; (619) 515-1197

Attorneys for Defendant, MARIO RENDA

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, *et al.*,<br><br>Defendants/Judgment Debtors. | CASE NO. 08-MC-00088<br><br>*EX PARTE* MOTION FOR STAY PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 62(b)(4)<br><br>Date:<br>Time:<br>Ctrm:    1, 4th Floor<br>Judge:   Hon. Irma E. Gonzalez<br><br>Judgment entered: September 4, 2007 |

## I.

## INTRODUCTION

Defendant MARIO RENDA submits the following *ex parte* motion for a stay of execution and of all enforcement proceedings pursuant to Federal Rules of Civil Procedure, Rule 62(b)(4), on the grounds that he has scheduled, and will be filing shortly, a motion to vacate Plaintiff AIRLINES REPORTING CORPORATION's ("ARC") default judgment against him, pursuant to Federal Rules of Civil Procedure, Rule 60(b). Mr. RENDA's motion to vacate is scheduled for hearing on August 18, 2008 at 10:30 a.m.

Mr. RENDA seeks to vacate ARC's default judgment on the ground that it is void because the United States District Court for the Eastern District of Virginia (the "Virginia District Court") lacked personal jurisidiction over him. Mr. RENDA's Rule 60(b) motion

1

will be based, in part, on a prior ruling in a related and virtually identical case between ARC and Mr. RENDA, styled *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc.*, United States District Court, Eastern District of Virginia, Civil Action No.: 1:04cv622, in which the Virginia District Court found, after a full briefing on the merits, that it lacked personal jurisdiction over Mr. RENDA because he did not have sufficient minimum contacts with the State of Virginia.  Mr. RENDA further contends that the default judgment in this case resulted because ARC intentionally and improperly failed to advise the Virginia District Court of its prior ruling in the *Uniglobe* case, which was issued by a different judge.[1]

Mr. RENDA requests an immediate stay of execution and enforcement proceedings because ARC has a pending motion for an assignment order that is currently scheduled for hearing on July 14, 2008, at 10:30 a.m.  If a stay is not issued, Mr. RENDA will be required to file his opposition to the motion for an assignment order on Monday, June 30, 2008.

ARC has declined to stipulate to a stay under Rule 62, and has indicated through counsel that it will oppose Mr. RENDA's stay request and his motion to vacate.

## II.

### PURSUANT TO RULE 62(b)(4), THE COURT MAY STAY THE EXECUTION OR ENFORCEMENT OF A JUDGMENT PENDING DISPOSITION OF A MOTION UNDER RULE 60

Rule 62(b)(4) provides, in relevant part:

> **Stay Pending the Disposition of a Motion.**  On appropriate terms for the opposing party's security, the court may stay the execution of a judgment - or any proceeding to enforce it - pending disposition of any of the following motions:
>
> * * *
>
> (4)  Under Rule 60, for relief from a judgment or order.

Mr. RENDA respectfully submits that the interests of justice and judicial economy will best be served by a stay of execution and pf all enforcement proceedings, including the motion

---

[1]  Mr. RENDA did not appear in either case.  In *Uniglobe*, the Virginia District Court raised the issue of personal jurisdiction *sua sponte*.

2

1  for an assignment order, until the Court rules on his Rule 60(b) motion. A stay will avoid Mr.
2  RENDA and the Court expending valuable time and resources addressing ARC's motion, and
3  any other enforcement proceedings, while the validity of ARC's default judgment is in
4  question. If the default judgment survives Mr. RENDA's Rule 60(b) motion, ARC's motion
5  for an assignment order can be recalendared and fully briefed.

6  With respect to any concerns over ARC's security, Mr. RENDA has no objection to the
7  Court issuing an order pending a ruling on his motion to vacate that prohibits him from
8  transferring or disposing of any of his assets, except to the extent necessary to pay for his usual
9  and ordinary living expenses. Mr. RENDA is subject to a similar protective order in a related
10 proceeding pending in the San Diego County Superior Court, in which Mr. RENDA is
11 challenging yet another default judgment ARC secured against him in Virginia.

### III.

### IT IS WELL ESTABLISHED THAT A REGISTERING COURT HAS JURISDICTION TO HEAR A RULE 60(b) MOTION

15  It is anticipated that ARC will oppose Mr. RENDA's stay request based on its incorrect
16 contention that this Court does not have jurisdiction to hear Mr. RENDA's Rule 60(b) motion.
17 It is well established that a court of registration has jurisdiction to entertain motions
18 challenging the underlying judgment. *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996). "It
19 makes no difference whether the challenge is brought via the procedure described in Rule 60,
20 or some state analogue to Rule 60, or under the court's inherent power to set aside a judgment
21 in equity, a power which Rule 60 explicitly preserves. *Id*.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.

## **CONCLUSION**

For the foregoing reasons, Defendant MARIO RENDA respectfully requests that the Court order a stay of execution and of all enforcement proceedings, including Plaintiff AIRLINES REPORTING CORPORATION's pending motion for an assignment order, until the Court rules on Mr. RENDA's motion to vacate the default judgment in this matter.

Dated: June 25, 2008               JOHN J. FRENI, ESQ.
                                   A Professional Law Corporation


                                   By: **s/ JOHN J. FRENI, ESQ.**
                                       Attorneys for Defendant, MARIO RENDA