**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Judgment Creditor
AIRLINES REPORTING CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, et al.,<br><br>Defendants/Judgment Debtors. | Case No. 08-MC-00088<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR A STAY PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 62(b)(4)**<br><br>Ctrm: 1, 4th Floor<br>Judge: Hon. Irma E. Gonzalez |

## INTRODUCTION

Plaintiff/Judgment Creditor AIRLINES REPORTING CORP. ("Creditor ARC") hereby submits the following memorandum of points and authorities in opposition to the Defendant/Judgment Debtor MARIO RENDA's ex parte application for a stay of enforcement.

## SUMMARY OF ARGUMENT

Plaintiff ARC contends that Defendant Renda is not entitled to a discretionary stay pending the disposition of his motion absent his posting of an adequate supersedeas bond and his failure to make the requisite showing that he will suffer irreparable injury if the stay is not granted.

/ / /

/ / /

/ / /

1

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR STAY
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Stay\P&A.wpd

## LEGAL ARGUMENT

**1.   Stays Pending the Disposition of a Motion.**

Defendant has requested a stay under Federal Rules of Civil Procedure, Rule 62(b).  A rule 62(b) stay is discretionary.  FRCP 62(b).  As such, the Court is limited to the discretionary stay standards discussed below.

The discretionary stay authority as provided by Rule 62(b), reflect "the inherent power of the courts to make whatever order is necessary to preserve the status quo and to ensure the effectiveness of the final judgment."  In re Wymer, 5 B. R. 802, 806 (BAP 9th Cir. 1980) citing 11 Wright & Miller p.315.  The court's discretion is exercised upon "appropriate terms for the opposing party's security."  FRCP 62(b).

The accepted standards for discretionary stays are as follows:

1. The movant is likely to succeed on the merits;
2. The movant will suffer irreparable injury;
3. No substantial harm will come to the opposing party; and
4. The stay will do no harm to public interest.

Securities and Exchange Commission v. Platforms Wireless International Corp, 2008 U.S. Dist. LEXIS 7194, *25-*26 (S.D. Cal. 2008).  "The Ninth Circuit has set forth the following sliding scale to govern this determination: At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury.  At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor."  Platforms Wireless International Corp., 2008 U.S. Dist. LEXIS at *26 [internal quotations and citations omitted].

   1.   Defendant Has Insufficient Likelihood of Success on the Merits

Defendant's allegation that the Order, which was entered without prejudice, regarding the issue of Virginia's in personam jurisdiction over Defendant in Airlines Reporting Corp. v. UniGlobe Fairway Travel, Inc., et al, by the U.S. District Court, Eastern District of Virginia, acts as collateral estoppel in this matter is without merit.  The identity of the cause of action and the identity of the parties differ from this matter.  The facts and circumstances of Defendant's involvement in the UniGlobe matter differ significantly from the facts and circumstances of this case.  See Sampson Declaration.

2

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR STAY
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Stay\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  Commercial Travel Corporation dba Matlock Travel is a different business entity that UniGlobe
2  Fairway Travel, Defendant's business relationship with Commercial Travel Corporation differs from
3  his business relationship with UniGlobe and the debt incurred in this matter differs from the debt
4  incurred in the Uniglobe case. See Sampson Declaration. Thus, Defendant failed to meet his burden
5  of proof on this issue. F.R.E. 301.

6      2.    <u>Defendant Failed to Establish He Will Suffer Irreparable Injury.</u>

7      Defendant has failed to show that he will suffer irreparable harm if a discretionary stay is not
8  granted. Instead, Defendant merely argues that he should not be required to oppose Plaintiff's pending
9  Motion for an Assignment Order. See Court Records, Defendant's Ex Parte Application. Thus,
10  Defendant has not, and cannot, show that the denial of a discretionary stay will cause him irreparable
11  harm.

12      3.    <u>Plaintiff Will Suffer Substantial Harm</u>.

13      Moreover, if the instant discretionary stay is granted, substantial harm will come to Plaintiff.
14  The Motion for an Assignment Order concerns money owed to Defendant from a third party. See Court
15  Records.

16      Should Plaintiff prevail in opposing Defendant's motion for relief from the judgment,
17  Defendant's past conduct indicates he would dissipate any monies received from the third party obligor.
18  For example, Plaintiff also obtained a judgment against, *inter alia*, Defendant Renda in the Circuit
19  Court of Arlington County, Virginia based upon like conduct. In that matter, Defendant Renda was
20  conducting ticket sales under an unrelated third party entity. Plaintiff ARC caused a Judgment on
21  Sister-State Judgment to be entered in the San Diego Superior Court. See Sampson Declaration.

22      After entry of the judgment on sister-state judgment in California, Plaintiff served state court
23  discovery on Defendant. In response to Plaintiff's state court Demand for Production of Documents
24  (Request for Production No. 35), Defendant was to provide any and all lawsuits in which he was
25  claiming monies from other parties. See Court Records, Plaintiff's Motion for an Assignment Order.
26  On October 16, 2006, Defendant responded that Plaintiff's Request for Production No. 35 was not
27  applicable. Id. Plaintiff subsequently discovered that Defendant had a case pending in the San Diego
28  Superior Court entitled Renda v. Nevarez, Case No. GIC798346, which was filed on October 18, 2002,

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

3

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE APPLICATION FOR STAY
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Stay\P&A.wpd

1 and was pending at the time Defendant responded to Plaintiff's production request. In fact, the San
2 Diego Superior Court entered Judgment for Defendant Renda, in that undisclosed lawsuit, in the total
3 amount of $817,429.55 on November 17, 2006.[1] See Court Records, Plaintiff's Motion for an
4 Assignment Order.

5     4.    <u>No "Public Interest" Issues Are Involved</u>.

6 Defendant has not demonstrated public interest harm. Thus, Defendant has shown no legal or
7 equitable basis for granting a stay absent his posting a bond. As such, Defendant's request for a
8 discretionary stay should be denied.

9     **2.**    **Alternative Relief**.

10 Plaintiff requests the Court not order a stay without Defendant posting an adequate supersedeas
11 bond. However, with a discretionary stay, the court is free to fashion a remedy other than requiring the
12 posting of a bond. FRCP 62(b). As such, if the Court is inclined to grant a discretionary stay, Plaintiff
13 requests the Court permit the hearing on Plaintiff's assignment motion to proceed as scheduled (July
14 14, 2008). Should the Court grant Plaintiff's Assignment Motion, Plaintiff would stipulate that any
15 monies collected under the Assignment Order would be held in trust pending the outcome of
16 Defendant's motion for relief from judgment.

17 <center>**CONCLUSION**</center>

18 Based upon the foregoing, Plaintiff requests this Court deny Defendant's request for a
19 discretionary stay.

20     Respectfully submitted,

21 DATED: June 26, 2008    **SAMPSON & ASSOCIATES**

22 By:  /s/ Bryan D. Sampson
    Attorneys for Judgment Creditor
23     E-Mail: bsampson@sampsonlaw.net

---

[1] Defendant has a history of financial dishonesty. In or about 1987, Defendant, along with various co-conspirators, was convicted and sentenced to a federal prison for fraudulently placing deposits at several banks, borrowing funds from the same financial institutions through fraudulent loan statements, coupled with a scheme to disguise the true beneficiaries of the loaned money. See Court Records, Exhibits "1 & 2" to Assignment Motion.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425