**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Plaintiff/Judgment Creditor
AIRLINES REPORTING CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, et al.,<br><br>Defendants/Judgment Debtors. | Case No. 08-MC-00088<br><br>**DECLARATION OF BRYAN D. SAMPSON IN OPPOSITION TO EX PARTE APPLICATION FOR A STAY PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 62(b)(4)**<br><br>Ctrm: 1, 4th Floor<br>Judge: Hon. Irma E. Gonzalez |

I, Bryan D. Sampson, declare:

1. I am an attorney licensed to practice in the State of California, and before this Court. I am a principal of Sampson & Associates, attorneys of record for Plaintiff/Judgment Creditor Airlines Reporting Corporation in the above-captioned matter against Defendant/Judgment Debtor Mario Renda, among others, to enforce the judgment, in the sum of over $700,000.00, entered by the United States District Court, Eastern District of Virginia, which was registered in this Court.

2. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge, except as to those matters stated upon information and belief, and as to those matters I am informed and believe thereon allege that they are true and correct based upon my reasonable investigation.

/ / /

/ / /

1

Case No. 08-MC-00088
DECLARATION OF BRYAN D. SAMPSON IN OPPOSITION TO EX PARTE APPLICATION FOR STAY
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Stay\BDS.wpd

**Factual Background**

3. I am informed and believe and thereon allege that on September 4, 2007, the U.S. District Court, Eastern District of Virginia, entered judgment in favor of Plaintiff ARC and against, *inter alia*, Defendant Renda. The judgment entered against Defendant Renda was in the principal sum of $701,942.81. A registered copy of the judgment is on file with this Court.

4. I am further informed and believe and thereon allege that the judgment resulted from Defendant defrauding Plaintiff by, *inter alia*, illegally converting monies due to Plaintiff from airline ticket sales.

5. I believe Defendant's allegation that the Order, which was entered without prejudice, regarding the issue of Virginia's in personam jurisdiction over Defendant in <u>Airlines Reporting Corp. v. UniGlobe Fairway Travel, Inc., et al</u>, by the U.S. District Court, Eastern District of Virginia, acts as collateral estoppel in this matter is without merit. The identity of the causes of action and the identity of the parties differ from this matter. The facts and circumstances of Defendant's involvement in the <u>UniGlobe</u> matter differ significantly from the facts and circumstances of this case.

6. For example, Plaintiff's allegations show that Commercial Travel Corporation dba Matlock Travel is a different business entity than UniGlobe Fairway Travel. In addition, Defendant's business relationship with Commercial Travel Corporation differs from his business relationship with UniGlobe and the debt incurred in this matter differs from the debt incurred in the <u>Uniglobe</u> case.

7. I am informed and believe and thereon allege that the federal District Court in the <u>Uniglobe</u> matter dismissed Defendant Renda, without prejudice, based upon the evidence available to Plaintiff at the time. For example, the federal court found that <u>Uniglobe</u> was only tangentially related to the business entity that was conducting business in Virginia. Although Plaintiff later obtained additional evidence that it believes would have withstood the Virginia district court's scrutiny on the issue, Plaintiff entered into a settlement agreement with Defendant's son, Anthony Renda, who was also a defendant in that matter. As a result, Plaintiff determined that it was not cost efficient to bring further motions regarding the Virginia court's in personam jurisdiction over Defendant Renda.

8. Defendant's past conduct indicates that if this Court grants Defendant's stay request and Plaintiff prevails in opposing Defendant's motion for relief from the judgment, Defendant would

2

Case No. 08-MC-00088
DECLARATION OF BRYAN D. SAMPSON IN OPPOSITION TO EX PARTE APPLICATION FOR STAY
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Stay\BDS.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  dissipate any monies he received that are the subject of the Assignment Motion.

2  9. To illustrate, Plaintiff ARC also obtained a judgment against, *inter alia*, Defendant
3  Renda in the Circuit Court of Arlington County, Virginia based upon like conduct.  In that matter,
4  Defendant Renda was conducting ticket sales under an unrelated third party entity.

5  10. In the state court matter, I obtained an exemplified copy of Plaintiff Airlines Reporting
6  Corporation's Judgment against Defendant Mario Renda, among others, from the Circuit Court of
7  Arlington County, Virginia.  I then submitted an application for a Judgment on Sister-State Judgment
8  to the San Diego County Superior Court which was approved and entered on May 2, 2006.

9  11. Following entry of the California sister-state judgment, I contacted Defendant Renda
10  to discuss settlement. He declined to enter into any settlement discussions.  I then propounded state
11  court post-judgment discovery on Defendant Renda.  He provided his written discovery responses to
12  me on October 13, 2006, as follows:

13  a. <u>Request For Production No. 35</u>: "Please provide any and all lawsuits in which you are
14  claiming monies from other parties."

15  b. <u>Response Request No. 35</u>: "N/A."

16  12. I subsequently further investigated and learned that Defendant Renda filed an action in
17  the San Diego Superior Court entitled <u>Renda v. Nevarez</u> on October 18, 2002.  That action was pending
18  at the time I propounded discovery.  As a result of my discovery of the litigation, I filed and served a
19  Notice of Lien on the pending action.  I subsequently learned the San Diego Superior Court entered
20  judgment in favor of Defendant in the amount of $817,429.55 on November 17, 2006.

21  13. The judgment as of the date of this application exceeds $700,000.00.  Defendant Renda
22  has failed to pay any monies whatsoever towards this debt.

23  I declare under penalty of perjury under the laws of the United States of America and the State
24  of California that the foregoing is true and correct.  This Declaration is executed this 26th day of June,
25  2008, in San Diego, California.

26
By:   /s/ Bryan D. Sampson
27      Bryan D. Sampson, Esq.
        Email: bsampson@sampsonlaw.net
28

3

Case No. 08-MC-00088
DECLARATION OF BRYAN D. SAMPSON IN OPPOSITION TO EX PARTE APPLICATION FOR STAY
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Stay\BDS.wpd