# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>　　　　Plaintiff/Judgment Creditor,<br>　vs.<br><br>COMMERCIAL TRAVEL CORPORATION dba MATLOCK TRAVEL, et al.,<br><br>　　　　Defendants/Judgment Debtors. | CASE NO. 08mc88-IEG<br><br>Order Granting in Part Motion for Stay |

Plaintiff/Judgment Creditor Airline Reporting Corporation ("ARC") has registered in this Court a judgment by default from the Eastern District of Virginia against Defendant/Judgment Debtor Mario Renda[1] ("Renda") in the amount of $701,942.81. On May 23, 2008, ARC filed a motion for an assignment order pursuant to Fed. R. Civ. P. 69 and California Code of Civil Procedure § 708.510 and § 709.020. Such motion is scheduled for hearing on Monday, July 14, 2008.

On June 25, 2008, Renda filed an ex parte motion for a stay pursuant to Fed. R. Civ. P. 62(b)(4) to allow him time to file and have heard a motion to vacate the underlying default judgment pursuant to Fed. R. Civ. P. 60(b)(4). ARC has filed an opposition.

Rule 62(b)(4) provides that "[o]n appropriate terms for the opposing party's security, the

---

[1] Although his name does not appear in the case caption, the Eastern District of Virginia entered judgment against Mario Renda personally. [See Judgment, Doc. No. 1.]

court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of [a] motion[] . . . under Rule 60 for relief from a judgment." There is no clear standard governing the trial court's exercise of its discretion under Rule 62(b)(4).[2] Renda argues a stay will avoid the unnecessary expenditure of time and resources by both himself and the Court in addressing ARC's motion for an assignment order while the validity of ARC's default judgment is in question.

Upon review, the Court grants in part Renda's motion and orders as follows:

1. The hearing on ARC's motion for an assignment order is CONTINUED from Monday, July 14 to Friday, July 25, 2008 at 10:00 a.m.

2. Renda's motion for relief from judgment under Fed. R. Civ. P. 60(b)(4) is also set for hearing on Friday, July 25, 2008 at 10:00 a.m.

3. All motion, opposition, and reply papers shall be filed in the time provided by Civ. L.R. 7.1(e).

**IT IS SO ORDERED**.

DATED: June 26, 2008

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2]Although Plaintiff/Judgment Creditor cites the case of SEC. v. Platforms Wireless Int'l Corp., 2008 U.S. Dist. LEXIS 7194, *25-26 (S.D. Cal. 2008) in support of the Court applying a sliding scale standard similar to the one which governs preliminary injunctive relief, a close review of that case and the authorities cited therein reveals the courts apply such a standard when a party seeks stay pending appeal of the entry of injunctive relief under Rule 62(c).  11Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 2904, p. 501 (1995).