1  JOHN J. FRENI, ESQ. (Bar No. 132912)
   A Professional Law Corporation
2  600 West Broadway, Suite 400
   San Diego, CA 92101
3  (619) 557-9128; (619) 515-1197

4  Attorneys for Defendant, MARIO RENDA

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  AIRLINES REPORTING CORPORATION,      CASE NO. 08-MC-00088

11        Plaintiff/Judgment Creditor,    DEFENDANT MARIO RENDA'S
                                          MEMORANDUM OF POINTS AND
12  v.                                    AUTHORITIES IN SUPPORT OF MOTION
                                          TO VACATE JUDGMENT PURSUANT TO
13  COMMERCIAL TRAVEL                     FEDERAL RULES OF CIVIL
    CORPORATION d/b/a MATLOCK            PROCEDURE, RULE 60 (b)(4)
14  TRAVEL, *et al.*,
                                          Date:      July 25, 2008
15        Defendants/Judgment Debtors.    Time:      10:00 a.m.
                                          Dept.:     1, 4th Floor
16                                        Judge:     Hon. Irma E. Gonzalez

17

18                                        Judgment entered: September 4, 2007

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.    The *Uniglobe* Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       B.    ARC's Allegations Against Mr. Renda in this Case are, for all Intents
             and Purposes, Identical to its Allegations in *Uniglobe* . . . . . . . . . . . . . . 5

III.   THIS COURT, AS THE REGISTERING COURT, HAS JURISDICTION TO
       HEAR MOTIONS CHALLENGING ARC'S DEFAULT JUDGMENT . . . . . . . . . 7

       A.    It is Well-Established that a Registering Court Has Jurisdiction to
             Hear Rule 60(b) Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.    Where, as here, a Default Judgment is Entered Without the Benefit
             of Argument from the Defendant, it is Appropriate for the
             Registering Court to Rule on a Motion Under Rule 60(b)(4) . . . . . . . . . . . 7

       C.    It is a *Per Se* Abuse of Discretion to Deny a Rule 60(b)(4) Motion
             When There was a Lack of Personal Jurisdiction . . . . . . . . . . . . . . . . . . 8

IV.    THE *UNIGLOBE* JUDGMENT BARRED ARC FROM OBTAINING
       A DEFAULT JUDGMENT AGAINST MR. RENDA IN VIRGINIA
       UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL . . . . . . . . . . . . . . . 9

V.     IF THE COURT DISAGREES THAT COLLATERAL ESTOPPEL
       APPLIES, MR. RENDA HAS SUBMITTED HIS DECLARATION
       REGARDING HIS LACK OF CONTACTS WITH VIRGINIA . . . . . . . . . . . . . 11

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

# TABLE OF AUTHORITIES

PAGE

**FEDERAL CASES**

*Americana Fabrics, Inc., v. L & L Textiles, Inc.*, 754 F.2d 1524 (9th Cir. 1985) . . . . . . . . 9

*Beckett v. Bundick (In re Bundick)*, 303 B.R. 90 (E.D. Va. 2003) . . . . . . . . . . . . . . . 10

*Blaney v. West*, 209 F.3d 1027 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Burda Media Inc., v. Viertel*, 417 F.3d 292 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . 2, 8

*FDIC v. Aaronian*, 93 F.3d 636 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8

*Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001) . . . . . . . . . . 7, 8

*Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . 8

*Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) . . . . . . . . . . . . . . . 10

*Treinies v. Sunshine Mining Co.*, 308 U.S. 66 (1939) . . . . . . . . . . . . . . . . . . . . . . . 9

**FEDERAL STATUTES AND RULES**

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Rules of Civil Procedure, Rule 60(b) . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8

Federal Rules of Civil Procedure, Rule 60(b)(4) . . . . . . . . . . . . . . . . . . . 2, 3, 7, 8, 11

Federal Rules of Civil Procedure, Rule 60(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATE STATUTES**

Virginia Code § 8101-328.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1

## I.

2

## INTRODUCTION

3    Plaintiff AIRLINES REPORTING CORPORATION's ("ARC") default judgment

4    against Defendant MARIO RENDA is void because the United States District Court for the

5    Eastern District of Virginia lacked personal jurisdiction over Mr. RENDA.  In March 2005,

6    the Virginia District Court ruled in a related and virtually identical action between ARC and

7    Mr. RENDA, styled *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc.*, United

8    States District Court, Eastern District of Virginia, Civil Action No.: 1:04cv622, that

9    Mr. RENDA did not have the constitutionally required minimum contacts with Virginia to

10    support personal jurisdiction.  Defendant Mario Renda's Notice of Lodgment ("DNOL"),

11    Ex. 1, p. 15, §IV.  ARC's purported evidence regarding personal jurisdiction was so lacking

12    that the Virginia District Court raised the issue of personal jurisdiction *sua sponte*, and, after a

13    full briefing on the merits, denied ARC's unopposed motion for entry of default judgment.[1]

14    *See, id.* at Ex. 1, pp. 2-3, 7 & 15; Ex. 2, p. 16.  On March 21, 2005, the Virginia District

15    Court, per the Honorable T.S. Ellis, III, dismissed the *Uniglobe* case without prejudice as to

16    Mr. RENDA based on a lack of personal jurisdiction.  *Id.* at Ex. 2, p. 16.

17    ARC filed the *Uniglobe* case and the case at bar within two days of each other.[2]  The

18    cases involve identical causes of action and virtually identical factual allegations, but they were

19    never consolidated.  As a result, different judges and magistrates presided over the two

20    matters.  *See, id.*, at Ex. 1, p. 15, Ex. 2, p. 16; Ex. 6, p. 168; Ex. 7, p. 169.  As discussed in

21    more detail below, this circumstance, the passage of approximately two and a half years

22    between the entry of the *Uniglobe* judgment and the default judgment here, and ARC's

23    _____

24    [1]    Mr. RENDA did not make a special appearance in either *Uniglobe* or the case at bar
because of the extreme burden it would pose, and because he considered the claims against him
25    to be frivolous.  6/30/08 Declaration of Mario Renda ("M.Renda Decl."), p. 3, ¶12, ll. 14-17.

26    [2]    ARC filed the case at bar on May 26, 2004, and *Uniglobe* on May 28, 2004.  DNOL,
27    Ex. 9, p. 171, #1 & Ex. 10, p. 186, #1. ARC added Mr. RENDA as a defendant in both
actions by filing  first amended complaints on July 4, 2004.  *Id.* at  Ex. 3, p. 17 & p. 19, ¶9;
28    Ex. 4, p. 83 & p. 85, ¶12.

1

1  wrongful failure to disclose the *Uniglobe* judgment to the district judge who presided over this

2  action, resulted in the Virginia District Court entering a void default judgment against

3  Mr. RENDA.[3]

4        When a court lacks personal jurisdiction, a default judgment against the defendant is

5  void and may be set aside and vacated.  *See, Veeck v. Commodity Enter., Inc.*, 487 F2d 423

6  (9th Cir. 1973); *Swaim v. Moltan Co.*, 73 F.3d 711, 716, *cert. den.*, 517 U.S. 1244 (1996);

7  *Covington Indus., Inc.,v. Resinte, A.G.*, 629 F.2d 730, 732 (2d Cir. 1980).  A void judgment

8  may be directly or collaterally attacked at any time in a motion under Federal Rules of Civil

9  Procedure, Rule 60(b). *Swaim, supra,*73 F.3d at 719; Fed. R.Civ. P. 60(b)(4) & (c)(1).  A

10  court of registration has jurisdiction to entertain a motion challenging the underlying judgment

11  under Rule 60(b).  *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996); *Covington Indus.,*

12  *Inc., supra*, 629 F.2d at 732.  "[Where] the underlying judgment is void, it is a *per se* abuse of

13  discretion for a district court to deny a movant's motion to vacate the judgment under Rule

14  60(b)(4)." *Burda Media Inc., v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005); *see also, Blaney*

15  *v. West*, 209 F.3d 1027, 1031 (7th Cir. 2000)("Once a district court decides that the underlying

16  judgment is void, the trial judge has no discretion and must grant the appropriate 60(b) relief.

17  / / /

18

19  [3]  ARC has made a practice of ignoring the *Uniglobe* judgment.  On, June 13, 2005, a
20  mere three months after the Virginia District Court ruled that there was no personal jurisdiction
21  over Mr. RENDA in Virginia, ARC filed a state action against Mr. RENDA in the Circuit
22  Court for Arlington County, Virginia, styled *Airlines Reporting Corporation v. McCord Consumer Direct, Inc.*, d/b/a A Better Airfare, et al, At Law No.:05-367.  6/30/08 Declaration
of John J. Freni ("Freni Decl."), p. 1, ¶ 2, l. 25 - p. 2, ¶ 2, l. 2.  ARC's allegations in *McCord*
23  were virtually identical to its allegations in *Uniglobe* and the case at bar.  *Id.* at p. 2, ¶ 2, ll. 2-
24  4.  On September 20, 2005, ARC obtained a default judgment against Mr. RENDA in *McCord*,
and in the process did not disclose the *Uniglobe* judgment to the Virginia State Court, which did
25  not question jurisdiction.  *Id.* at p. 2, ¶ 3, ll. 5-7.  ARC domesticated its default judgment in the
San Diego County Superior Court on May 25, 2006.  *Id.* at p. 2, ¶ 4, ll. 8-9.  On May 2, 2008,
26  Mr. RENDA brought a motion to vacate the default judgment as void on the grounds that the
27  Virginia State Court lacked personal jurisdiction, as established in *Uniglobe*. *Id.* at p. 2, ¶ 4,
ll. 9-12.  On June 26, 2008, the Superior Court granted Mr. RENDA's motion to vacate. *Id.* at
28  p. 2, ¶ 4, ll. 10-14.

2

1  It is a per se abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no
2  jurisdiction over the action.").

3      Accordingly, Mr. RENDA moves this Court pursuant to Federal Rules of Civil
4  Procedure, Rule 60 (b)(4), and pursuant to the Court's inherent power, to vacate ARC's void
5  judgment against him.

6                                          **II.**

7                          **STATEMENT OF FACTS**

8  **A.      The *Uniglobe* Case**

9      On July 30, 2004, ARC filed a  first amended complaint in *Uniglobe* to name
10  Mr. RENDA as a defendant. DNOL, Ex. 1, p. 1; Ex. 7. ARC alleged that the action was
11  based on diversity jurisdiction under 28 U.S.C. section 1332 and that the District Court had
12  personal jurisdiction over the defendants under Virginia's long-arm statute, Va, Code section
13  8101-328.1, on the basis of the defendants' contacts with Virginia. *Id.* at Ex. 1, p. 4.

14      ARC alleged that Uniglobe was a wholly owned subsidiary of Aloha Continental Tours
15  & Travel, a California corporation that operated out of Santa Ana, California. *Id.* at Ex. 1,
16  p. 5, fn 1.  ARC serves as a national clearinghouse for issuing documents and other forms to
17  travel agents to be used as air passenger tickets by the travel agent's customers. *Id.* at Ex. 3,
18  p. 21, ¶ 29.  ARC had an Agent Reporting Agreement (ARA) with Uniglobe. *Id.* at Ex. 1,
19  p. 5.

20      ARC alleged that Mr. RENDA and other defendants, through their operation of Aloha
21  in California, operated Uniglobe as an unapproved travel agency, and failed to submit accurate
22  weekly sales reports or forward ARC's share of the proceeds from Uniglobe's sale of airline
23  tickets. *Id.* at Ex. 1, pp. 5-6.  ARC contended that personal jurisdiction was appropriate under
24  Virginia's long-arm statute because the defendants, through their operation of Aloha in
25  California, directed activities into Virginia through Uniglobe by ordering ticket stock from
26  ARC's headquarters in Arlington Virginia, submitting false sales reports to ARC in Virginia
27  and communicating with persons at ARC's Arlington Virginia location. *Id.* at Ex. 1, p. 7.
28  ARC also contended that Mr. RENDA directed activities into Virginia because Aloha allegedly

1   owned a travel agency called A Better Airfare, which had some operations in Virginia. *Id.*

2   Finally, ARC contended that Mr. RENDA "necessarily acceded" to the ARA even though he

3   had not signed the ARA. *Id.* at Ex. 1, p. 6.

4        ARC brought causes of action against Mr. RENDA for breach of fiduciary duty,

5   conversion, fraud, statutory conspiracy, common law conspiracy and unjust enrichment. *Id.*

6   at Ex. 1, p. 3.

7        On September 2, 2004, ARC brought a motion for entry of default judgment against

8   Mr. RENDA. *Id.* at Ex. 3. The District Court, on its own motion, referred the matter to

9   Magistrate Judge Barry R. Poretz to evaluate whether the court had personal jurisdiction over

10  Mr. RENDA. *Id.* at Ex. 1, p 2.

11       The Court allowed ARC to submit two supplemental memoranda in support of its

12  motion for default judgment with supplemental supporting declarations and evidence, in order

13  to fully brief the personal jurisdiction issue. *Id.* at Ex. 1, p 2.

14       On March 2, 2005, Magistrate Poretz issued a Supplemental Report and

15  Recommendation in which he found that the Court lacked personal jurisdiction over

16  Mr. RENDA because Mr. RENDA had insufficient contacts with Virginia, and recommended

17  that the Court dismiss ARC's action against Mr. RENDA without prejudice. *Id.* at Ex. 1,

18  pp. 1, 7, 12 & 15.

19       Magistrate Poretz based his conclusions on a detailed analysis of the personal

20  jurisdiction issue in which he considered ARC's allegations and evidence concerning

21  Mr. RENDA's contacts with Virginia, Constitutional requirements and Virginia's long-arm

22  statute. *Id.* at Ex. 1, pp. 7-15. Magistrate Proetz found that Mr. RENDA did not have

23  minimum contacts with Virginia:

24           [T]he Defaulting Defendants did not even sign the contract or visit the forum
             state in connection with the contract. Assuming that the Defaulting Defendants'
25           did accept and ratify the ARA through their actions, their contacts with Virginia
             are even less than those presented in *Le Bleu*. Consequently, **it is**
26           **presumptively unreasonable to require anyone to submit to the jurisdiction**
             **of a foreign court where, as here, the contracts are limited merely to**
27           **exchanging communications with an entity in the foreign state (***i.e.***, ordering**
             **stock, submitting reports, and contacting via telephone). In other words,**
28           **the Defaulting Defendants' contacts are at most, negligible and, at best,**

4

1   **attenuated.  For these reasons, it would violate due process to require**
    **Defendants Mario Renda and Robert Kremer to submit to the burden of**
2   **litigating this action in Virginia.**

3   *Id.* at Ex. 1, p. 14 (emphasis added).

4        On March 21, 2005, the District Court adopted Magistrate Poretz' Report and

5   Recommendation and dismissed ARC's action against Mr. RENDA without prejudice.  *Id.* at

6   Ex. 2, p. 16.

7   **B.    ARC's Allegations Against Mr. Renda in this Case are, for all Intents and**

8   **Purposes, Identical to its Allegations in *Uniglobe***

9        ARC's allegations against Mr. RENDA in this matter are virtually identical to its

10  allegations in the *Uniglobe* case.[4]  The gravamen of ARC's allegations, all made on

11  information and belief, is that Mr. RENDA, with other defendants, purchased MATLOCK

12  TRAVEL and COSTA TRAVEL without approval from ARC, and after he became an officer,

13  director or principal, he, and other defendants, intentionally failed to accurately report and pay

14  the amounts these agencies owed to ARC.[5]  DNOL, Ex. 4, p. 86, ¶18; p. 88, ¶27; p. 89, ¶37;

15  p. 90, ¶44 - p. 92, ¶50; p. 92, ¶57; p. 93, ¶64; p. 94, ¶68 - p. 96, ¶76.  ARC alleged that the

16  relevant time frame for the two cases was just one year apart: 2000 to October 17, 2003 in

17  *Uniglobe*, and 1999 to October 17, 2003 in the case at bar.  *Id.* at Ex. 3, p. 22, ¶34, p. 26,

18  ¶57; Ex. 4, p. 90, ¶44, p. 95, ¶73- p. 96, ¶74.

19       As in *Uniglobe*, ARC alleged that the action was based on diversity jurisdiction under

20  28 U.S.C. section 1332 and that the District Court had personal jurisdiction over the

21  / / /

22
_____

23  [4]    *Compare, id.* at  Ex. 3, p. 19, ¶9; p. 20, ¶22; p. 22, ¶34 - p. 23, ¶38; p. 24, ¶¶ 44 &
    49; p. 25, ¶52 - p. 26, ¶59; p. 29, ¶73; p. 30, ¶¶ 78 & 80; p. 31, ¶82 - p. 39, ¶113; p. 39,
24  ¶115; p. 40, ¶¶ 119 & 127 and p. 25, Wherefore clause, *with* Ex. 4, p. 85, ¶12; p. 86, ¶18; p.
    88, ¶27; p. 89, ¶37; p. 90, ¶44; p. 90, ¶46 - p. 92, ¶50; p. 92, ¶57; p. 93, ¶64; p. 94, ¶68 - p.
25  96, ¶76; p. 101, ¶100; p. 102, ¶¶ 104 & 106; p. 103; ¶107 - p. 104, ¶113; p. 105, ¶116 - p.
    112, ¶141; p. 113, ¶146; p. 114, ¶156 & Wherefore clause.
26

27  [5]    In *Uniglobe*, ARC alleged on information and belief that Mr. RENDA was an officer,
    principal and owner of Uniglobe.  DNOL, Ex. 3.  ARC apparently later conceded that
28  Uniglobe was owned by Aloha.  Id. at Ex. 1, p. 5.

1   defendants under Virginia's long-arm statute, Va, Code section 8101-328.1, on the basis of the

2   defendants' contacts with Virginia. *Id*. at Ex. 4, p. 89, ¶¶ 33 & 35.

3        Initially, the case at bar was on a parallel track with *Uniglobe*. ARC filed this case on

4   March 26, 2004, two days before it filed *Uniglobe*, it filed its amended complaint to add

5   Mr. RENDA as a defendant on July 30, 2004, the same day it filed its amended complaint in

6   *Uniglobe*, and it filed its motion for entry of default judgment on September 2, 2004, the same

7   day it moved for entry of default judgment in *Uniglobe*. *Id*. at Ex. 9, p. 171, ##1 & 6, p. 172,

8   #16; Ex. 10, p. 186, #1, p. 187, #5, p. 188, #15. After September 2, 2004, however, the

9   cases diverged because of the different approaches taken by the different judges and

10  magistrates handling the matters, and because ARC did not disclose the *Uniglobe* judgment to

11  Judge James C. Cacheris, who ultimately entered the default judgment.

12       On October 22, 2004, Magistrate Liam O'Grady issued a Report and Recommendation

13  concerning ARC's motion for entry of default judgment. *Id*. at Ex. 6, pp. 159-168. Unlike in

14  *Uniglobe*, where Judge Ellis directed Magistrate Poretz to enter findings and recommendations

15  concerning *in personam* jurisdiction based on substantive briefing (*id*. at Ex. 1, p. 2),

16  Magistrate O'Grady accepted ARC's allegations as a basis for personal jurisdiction. *Id*. at Ex.

17  6, p. 160-161. Magistrate O'Grady recommended that the District Court issue an interlocutory

18  default judgment against Mr. RENDA that would be subject to revision at any time before the

19  entry of judgment adjudicating all the claims, rights and liabilities of all the parties named in

20  the action, to insure against inconsistent judgments on ARC's claims, which were all joint and

21  several, because other defendants still had the opportunity to actively defend the case. *Id*. at

22  Ex. 6, pp. 9-10.

23       The District Court, per the Honorable James C. Cacheris, did not issue an interlocutory

24  default judgment. *See*, *id*. at Ex. 10, p. 189, #25 - p. 191, #49. Instead, Judge Cacheris

25  waited until September 4, 2007, to take action on Magistrate O'Grady's Report and

26  Recommendation. *Id*. at Ex. 7, p. 169. Although the same counsel represented ARC in both

27  actions, it is apparent from the Court's Order and docket that the default judgment was issued

28  without a hearing, (see, *id*. at Ex. 7, p. 169; Ex. 10, p. 191, ## 47-49) and that the Court was

6

1  never informed that over two years earlier Judge Ellis dismissed Mr. RENDA from the

2  *Uniglobe* case without prejudice because of a lack of personal jurisdiction.  *See*, *id* at Ex. 10,

3  p. 189, #25 - p. 191, #49.

### III.

#### THIS COURT, AS THE REGISTERING COURT, HAS JURISDICTION TO HEAR MOTIONS CHALLENGING ARC'S DEFAULT JUDGMENT

7  **A.**  **It is Well-Established that a Registering Court Has Jurisdiction to Hear Rule 60(b)**

8  **Motions.**

9          A majority of the Circuits, including the Ninth Circuit, hold that registering courts may

10 rely on Federal Rules of Civil Procedure, Rule 60(b)(4)[6] to void a default judgment if the

11 rendering court was without jurisdiction over the defendant.  *Harper Macleod Solicitors v.*

12 *Keaty & Keaty*, 260 F.3d 389, 394-395 (5th Cir. 2001)(hereinafter, "*Harper*"); *FDIC v.*

13 *Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996)(hereinafter "*Aaronian*").  A court of registration

14 generally has jurisdiction to hear motions challenging the underlying judgment.  *Aaronian*,

15 *supra,* at 639.  "It makes no difference whether the challenge is brought via the procedure

16 described in Rule 60, or some state law analogue to Rule 60, or under the court's inherent

17 power to set aside a judgment in equity, a power which Rule 60 explicitly preserves."  *Id.*

18 **B.**  **Where, as here, a Default Judgment is Entered Without the Benefit of Argument**

19 **from the Defendant, it is Appropriate for the Registering Court to Rule on a Motion**

20 **Under Rule 60(b)(4)**

21         Although courts generally prefer litigants to bring motions for postjudgment relief in

22 the rendering court, "such deference is less appropriate when the challenged judgment was

23

_____

24 [6]  Rule 60(b)(4) provides:

25  On motion and just terms, the court may relieve a party or its legal representative
   from a final judgment, order, or proceeding for the following reasons.

26

27    .     .     .     .

28    .     .     .     .

   (4)    the judgment is void;

1  issued without the benefit of argument from one party and the basis for the 60(b) challenge is

2  jurisdictional." *Harper, supra*, at 395. As the *Harper* court explained:

3      "[A] court of registration effectively can tell a rendering court not to enforce a
        *default judgment* when the defaulting defendant never appeared in the court of
4       rendition and had a valid jurisdictional complaint. **That one district court may
        exercise such authority over another is a necessary consequence of the**
5       **established rule that a defendant may challenge a rendering court's personal
        jurisdiction in a court in which enforcement of a default judgment is**
6       **attempted. Such authority also reflects the federal systems disdain for
        default judgments.**"

7

8  *Id.* (italics in original)(emphasis added).

9      Mr. RENDA did not appear in either *Uniglobe* or the case at bar because of the severe

10  burden it would have imposed on him, because he has no contacts with Virginia, and because

11  he believes ARC's claims are frivolous. M.Renda Decl., p. 3, ¶12, ll. 14-17. Instead,

12  Mr. RENDA is exercising his right to challenge ARC's default judgment here in California,

13  his state of residence.

14  **C.   It is a *Per Se* Abuse of Discretion to Deny a Rule 60(b)(4) Motion When There was**

15  **a Lack of Personal Jurisdiction.**

16      Rule 60(b) is remedial in nature and must be liberally applied. *Meadows v. Dominican*

17  *Republic,* 817 F.2d 517, 521 (9th Cir. 1987). A district court's decision whether to vacate a

18  judgment for a lack of personal jurisdiction under Rule 60(b)(4) is reviewed *de novo* because it

19  is purely a question of law. *Aaronian, supra,* at 639. "'Under Rule 60(b)(4) a deferential

20  standard of review is not appropriate because if the underlying judgment is void, it is a *per se*

21  abuse of discretion for a district court to deny a movant's motion to vacate the judgment under

22  Rule 60(b)(4).'" *Burda Media, Inc. v. Vietel, supra*, 417 F.3d at 298 (*quoting, State St. Bank*

23  *& Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004); *see also,*

24  *Aaronian, supra* at 639 ("Errors of law constitute an abuse of discretion.").

25  / / /

26  / / /

27  / / /

28  / / /

8

IV.

**THE *UNIGLOBE* JUDGMENT BARRED ARC FROM OBTAINING
A DEFAULT JUDGMENT AGAINST MR. RENDA IN VIRGINIA
UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL**

"One trial of an issue is enough. 'The principles of *res judicata* apply to questions of jurisdiction as well as to other issues, as well as to jurisdiction of the subject matter as of the parties.'" *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 78 (1939)(*quoting, Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938)).

"The doctrine of *res judicata* serves to protect adversaries from the expense and vexation attending multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Americana Fabrics, Inc., v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). "*Res judicata* encompasses two subsidiary doctrines, claim preclusion and issue preclusion." *Id.* "Under claim preclusion, a final judgment on the merits of a claim bars subsequent litigation of that claim. *Id.* "The related doctrine of issue preclusion, or collateral estoppel, bars relitigation, even in an action on a different claim, of all "issues of fact or law that were actually litigated and necessarily decided" in the prior proceeding." *Id.* "When the same claim or issue is litigated in two courts, the second court to reach judgment should give *res judicata* effect to the judgment of the first, regardless of the order in which the two actions were filed." *Id.*[7]

/ / /

---

[7]    The default judgment at issue here is not subject to the "last in time" rule discussed in *Americana Fabric's Inc.*, because the issue of personal jurisdiction was not actually litigated. *See, Americana Fabrics, Inc., supra,* at 1529 (collateral estoppel bars relitigation of issues of fact or law actually litigated and necessarily decided). Magistrate O'Grady merely accepted ARC's allegations at face value when determining personal jurisdiction. DNOL, Ex. 6, pp. 160-161. However, the last in time rule should apply to the San Diego County Superior Court's decision on June 26, 2008, in which the Superior Court vacated ARC's default judgment in *Airlines Reporting Corporation v. McCord Consumer Direct, Inc.*, d/b/a A Better Airfare, *et al,* Circuit Court for Arlington County, Virginia, At Law No.:05-367, domesticated as San Diego County Superior Court Case No. GIC865200, for a lack of personal jurisdiction based on the *Uniglobe* judgment after a full briefing on the merits.

---

9

1    In *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001), the United

2  States Supreme Court held that the preclusive effect of a dismissal by a federal court sitting in

3  diversity is determined using the claim-preclusive rule used by the state in which the district

4  court is located.  Under Virginia law, there are five elements necessary for collateral estoppel

5  to apply:

6    1.    the issue litigated must have been essential to the prior judgment;

7    2.    the prior action must have resulted in a valid and final judgment against the

8          party sought to be precluded in the present action;

9    3.    the parties or privies in both the proceedings must be the same;

10   4.    there must be mutuality between the parties;

11   5.    the factual issue litigated actually must have been litigated in the prior action.

12  *Beckett v. Bundick (In re Bundick)*, 303 B.R. 90, 101-102 (E.D. Va. 2003)(*citing, TransDulles*

13  *Center, Inc. v. Sharma,* 252 Va. 20, 22, 472 S.E.2d 274, 275 (1996)).

14    A defendant asserting collateral estoppel as a defense has the burden of proving the

15  elements by a preponderance of the evidence.  *Id.* (*citing, Reid v. Ayscue,* 246 Va. 454, 455,

16  436 S.E.2d 439, 440 (1993)).

17    Here, Mr. RENDA has proven all of the elements of collateral estoppel.  The issue of

18  personal jurisdiction was essential to the *Uniglobe* judgment, actually litigated on the merits,

19  and resolved in Mr. RENDA's favor.  DNOL, Ex. 1, pp. 2-15; Ex. 2.  The Virginia District

20  Court issued a final, binding judgment on the merits based on its finding of no personal

21  jurisdiction.  *Id.* at Ex. 2. The relevant parties in *Uniglobe* and the case at bar are obviously

22  the same, namely Mr. RENDA and ARC.  There is mutuality because, under Virginia law,

23  mutuality exists if the parties to the two actions are the same.  *Beckett, supra,* 303 B.R. at 102-

24  103 (*citing, Angstadt v. Atlantic Mutual Ins. Co.*, 249 Va. 444, 447, 457 S.E.2d 86, 88

25  (1995)).

26    Accordingly, under the doctrine of collateral estoppel, the *Uniglobe* judgment

27  establishes, as a matter of law, that the Virginia District Court lacked personal jurisdiction

28  / / /

10

1  over Mr. RENDA in this case, and therefore, the default judgment entered on September 4,

2  2007 is void.

3                                              **V.**

4  **IF THE COURT DISAGREES THAT COLLATERAL ESTOPPEL**
   **APPLIES, MR. RENDA HAS SUBMITTED HIS DECLARATION**
5  **REGARDING HIS LACK OF CONTACTS WITH VIRGINIA**

6        If, for any reason, the Court finds that collateral estoppel does not apply, Mr. RENDA

7  has submitted his declaration so that the Court can evaluate whether the Virginia District Court

8  had personal jurisdiction to issue the default judgment.  Mr. RENDA submits his declaration

9  out of an abundance of caution, and not with any intent to waive his collateral estoppel

10  argument, or his contention that ARC is barred from relitigating the issue of personal

11  jurisdiction in this proceeding because of the collateral estoppel effect of the *Uniglobe*

12  judgment.

13                                             **VI.**

14                                       **CONCLUSION**

15        For the foregoing reasons, Defendant MARIO. RENDA respectfully requests that the

16  Court vacate the default judgment in this action as void, pursuant to Federal Rules of Civil

17  Procedure, Rule 60(b)(4), because the United States District Court for the Eastern District of

18  Virginia lacked personal jurisdiction.

19

20  Dated: June 30, 2008                      JOHN J. FRENI, ESQ.
                                              A Professional Law Corporation
21

22                                            By:  s/ **JOHN J. FRENI, ESQ.**
                                                   Attorneys for Defendant, MARIO RENDA
23

24

25

26

27

28

                                              11