JOHN J. FRENI, ESQ. (Bar No. 132912)
A Professional Law Corporation
600 West Broadway, Suite 400
San Diego, CA 92101
(619) 557-9128; (619) 515-1197

Attorneys for Defendant, MARIO RENDA

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

AIRLINES REPORTING CORPORATION,

Plaintiff/Judgment Creditor,

v.

COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, *et al.*,

Defendants/Judgment Debtors.

CASE NO. 08-MC-00088

DEFENDANT MARIO RENDA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF AIRLINES REPORTING CORPORATION'S MOTION FOR ASSIGNMENT ORDER

Date: July 25, 2008
Time: 10:00 a.m.
Dept.: 1, 4th Floor
Judge: Hon. Irma E. Gonzalez

Judgment entered: September 4, 2007

# I.

## INTRODUCTION

Defendant MARIO RENDA has no obligation to cooperate with Plaintiff AIRLINES REPORTING CORPORATION's ("ARC") wrongful efforts to enforce the void default judgments it obtained against him in Virginia, and it is, at best, inappropriate for ARC to reference in its moving papers settlement overtures it claims it has made to Mr. RENDA.[1] ARC obtained its default judgments by concealing from both the United States District Court for the Eastern District of Virginia and the Circuit Court of Arlington County, Virginia, that personal jurisdiction did not exist over Mr. RENDA in Virginia. Freni Decl. II, p. 2, ¶ 4, ll. 14-16; ¶ 6, ll. 24-28. Mr. Renda is well within his rights to resist ARC's wrongful actions, which constitute abuse of process, and to challenge both of ARC's void default judgments. On June 26, 2008, the San Diego County Superior Court granted Mr. RENDA's motion to vacate ARC's Virginia State Court judgment on the grounds it is void for lack of personal jurisdiction. *Id.* at p. 2, ¶ 5, ll. 17-23. Mr. RENDA is equally confident that this Court will grant his motion to vacate the void default judgment in this case as well.

True to form, ARC has been less than candid with this Court in its motion for an assignment order because it has failed to disclose that it secured a settlement with Mr. RENDA's son and former co-defendant, Anthony Renda, for $675,000 that should be credited against the default judgment pursuant to California Code of Civil Procedure section 877, subdivision (a), assuming the default judgment is found to be valid. *See*, 7/10/08 Declaration of Anthony Renda ("A. Renda Decl.") p. 2, ¶ 5, ll. 8-16 & Ex. 1, pp. 1-2. There is also another $247,042.63 available to ARC that is being held in trust by counsel for the now defunct travel agency defendants, that Anthony Renda agreed to cooperate with ARC in obtaining as part of his settlement, and that ARC has made no effort to collect. *Id.* at p. 2,

---

[1] During the time Mr. RENDA's current counsel, John J. Freni, has been retained on this matter, and the related matter recently resolved in the San Diego County Superior Court, ARC has not made a single settlement proposal, reasonable or otherwise. 7/11/08 Declaration of John J. Freni ("Freni Decl. II") p. 3, ¶ 9, ll. 16-22.

¶ 6, ll. 17-24 & Ex. 1, p. 2, ¶ 2. Instead, ARC seeks an assignment order for the full $700,000 amount of the default judgment without any offset. ARC's Notice of Lodgment ("PNOL"), Ex. 8. Anthony Renda is also informed and believes that there may be other settlements that ARC has failed to disclose. A. Renda Decl., p. 3, ¶ 7, ll. 1-2. An assignment order may only issue in the amount necessary to satisfy the judgment. Cal. Code Civ. Proc. § 708.510, subd. (d). ARC is not entitled to an assignment order because, even if valid, its default judgment is completely offset by the amounts paid or available to it from prior settlements, none of which ARC has disclosed to this Court.

ARC's efforts to inflame this Court by raising irrelevant matters that are over 20 years old highlights the weakness of its motion. What is relevant, however, is that there are preexisting judgments against Mr. RENDA that total over $9 million and attorney's fees liens that are senior to any right of payment ARC may have based on its default judgment. Defendant's Notice of Lodgment ("DNOL"), Exs. 1-8; Freni Decl. II, p. 4, ¶ 11, l. 3 - ¶ 12, l. 11. Under California Code of Civil Procedure section 708.510, subdivision (a), the Court may consider these preexisting liens when determining whether to issue an assignment order. Mr. RENDA respectfully submits that, even if ARC's default judgment is considered valid, and even if after offsets there is a balance owing on the default judgment, no assignment should issue because the preexisting liens against Mr. RENDA will consume any recovery that may eventually be secured in *Renda v. Nevarez I & II.*

## II.

## STATEMENT OF FACTS

### A. ARC Seeks to Enforce a Default Judgment; It has Proved Nothing and Its Judgment is Void for a Lack of Personal Jurisdiction.

Given the tone of ARC's points and authorities, one would think that ARC secured a judgment against Mr. RENDA after months of trial. Apparently, ARC forgets it is pursuing collection of a default judgment; it has not proved a single allegation against Mr. RENDA, and as it has demonstrated on two occasions to date, it cannot even prove it's jurisdictional allegations when put to its burden of proof.

ARC secured its default judgment against Mr. RENDA by being less than candid with the United States District Court for the Eastern District of Virginia. Freni Decl., p. 2, ¶ 6, ll. 24-28. At the time the Eastern District of Virginia issued the default judgment, ARC knew that personal jurisdiction did not exist over Mr. RENDA in Virginia because the District Court had issued a judgment of dismissal two years earlier in *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc.*, United States District Court, Eastern District of Virginia, Civil Action No. 1:04cv622, based on its finding on the merits that there was no personal jurisdiction over Mr. RENDA in Virginia. Freni Decl., p. 2, ¶ 2, ll. 1-6. The facts of *Uniglobe* and the case at bar are virtually identical. *Id.* at p. 2, ¶ 3, ll. 12-13. Despite the fact that the same counsel represented ARC in both actions, ARC did not disclose the *Uniglobe* judgment to the District Court at the time it issued the default judgment. *Id.* at p. 2, ¶ 6, ll. 24-28.

ARC also wrongfully secured a default judgment in the Circuit Court for Arlington County Virginia, in an action styled *Airlines Reporting Corporation v. McCord Consumer Direct, Inc., d/b/a A Better Airfare* by failing to disclose the *Uniglobe* judgment. *Id.* at p. 2, ¶ 3, l. 7 - ¶ 4, l. 16. ARC domesticated its void Virginia state court default judgment in the San Diego County Superior Court and began enforcement efforts. *Id.* at p. 2, ¶ 5, ll. 17-23. Among other things, ARC sought to enforce its void Virginia state court default judgment in the Superior Court through a similar motion for an assignment order. *Id.* at p. 3, ¶ 9, ll. 19-22. The Superior Court stayed the action to allow Mr. RENDA to bring a motion to vacate. *Id.* On June 26, 2008, the Superior Court granted Mr. RENDA's motion to vacate on the grounds that the ARC's Virginia state court default judgment is void for a lack of personal jurisdiction. *Id.* at p. 2, ¶ 5, ll. 19-23.

**B. <u>ARC has Wrongfully Failed to Disclose a $675,000 Settlement it Reached with Former Defendant Anthony Renda and Other Monies that Should be Applied as Offsets to the Judgment, Assuming it is Found Valid.</u>**

Consistent with its pattern of concealing relevant information, ARC has failed to disclose to the Court that on May 5, 2006, it reached a $675,000 settlement with

Mr. RENDA's son and former co-defendant, Anthony Renda, that should be applied as an off-set to the default judgment, assuming it is found valid, pursuant to California Code of Civil Procedure section 877, subdivision (a).[2] A. Renda Decl., p. 2, ¶ 5, ll. 8-16 & Ex. 1, pp. 1-2.

In addition to the $675,000 Anthony Renda agreed to pay in settlement, there is $247,042.63 currently held in trust by counsel for the now defunct travel agency defendants that is available to ARC to satisfy its default judgment. A. Renda Decl., p. 2, ¶ 6, ll. 17-24. As part of his settlement, Anthony Renda agreed to cooperate with ARC in obtaining these monies. *Id.* Counsel for the travel agency defendants have advised ARC in writing that these funds are available, but ARC has done nothing to collect them. *Id.* These monies should also be credited against the default judgment, assuming it is determined to be valid.

There were several other co-defendants named in this matter, and Anthony Renda is informed and believes that ARC is concealing other settlements as well. *Id.* at p. 3, ¶ 17, ll. 1-2. Mr. RENDA respectfully requests that the Court order ARC to make a full disclosure of the terms of all settlements with any of the other co-defendants so that offsets can be properly determined if the default judgment is found to be valid.

/ / /

/ / /

---

[2] California Code of Civil Procedure section 877, subdivision (a), provides, in relevant part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, **<u>but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant or in the amount of the consideration paid for it whichever is the greater.</u>**

(Emphasis added.)

**C. <u>The Pre-existing Liens and Attorney's Fees Liens Against Mr. RENDA will Completely Consume Any Recovery Eventually Obtained in *Renda v. Nevarez, I & II.*</u>**

Because of legal problems dating back approximately 25 years, Mr. RENDA has a number of tax and judgment liens recorded against him that total over $9 Million, all of which are senior to ARC's default judgment. 7/10/08 Declaration of Mario Renda ("M. Renda Decl. II"), p. 1, ¶ 2, ll. 22-26; DNOL, Exs. 1-8. They are itemized as follows:

| Type of Lien | Amount | SD Rec. Doc. # | Date Recorded |
|---|---|---|---|
| Federal Tax Lien | $7,096,206.36 | 2005-0718335 | 08/22/2005 |
| Abst. of Judgment | $1,662045.83 | 1993-0445952 | 07/13/1993 |
| Federal Tax Lien | $324,390.78 | 1998-0000568 | 01/02/1998 |
| Federal Tax Lien | $108,774.00 | 1992-0088327 | 02/19/1992 |
| Abst. of Judgment | $100,050.00 | 1993-0748600 | 11/08/1993 |
| Federal Tax Lien | $13,633.44 | 2005-0700876 | 08/16/2005 |
| Federal Tax Lien | $13,476.46 | 2000-0318464 | 06/16/2000 |
| Federal Tax Lien | $6,222.50 | 2000-0335545 | 06/26/2000 |
| **TOTAL:** | **$9,324,799.37** | | |

DNOL, Exs. 1-8.

Mr. RENDA does not have the financial wherewithal to satisfy these liens. M. Renda Decl. II, p. 1, ¶ 2, ll. 25-26. Any monies recovered in *Renda v. Nevarez I & II* that are not applied towards attorney's fees and costs will be consumed by these prior liens.

Mr. RENDA's current counsel, John J. Freni, is prosecuting *Renda v. Nevarez I & II* on a contingency fee basis. Freni Decl. II, p. 4, ¶ 11, ll. 3-6. As discussed in more detail below, as a matter of public policy, Mr. Freni's liens for his attorney's fees are senior to any right to payment ARC may have under its default judgment.

/ / /

/ / /

/ / /

/ / /

## III.

## ARC IS NOT ENTITLED TO AN ORDER OF ASSIGNMENT BECAUSE THE MONIES IT HAS OR SHOULD HAVE OBTAINED THROUGH PRIOR SETTLEMENTS COMPLETELY OFFSET ITS DEFAULT JUDGMENT, IF IT IS FOUND TO BE VALID

California Code of Civil Procedure section 708.510, subdivision (d), provides:

> A right to payment may be assigned pursuant to this article ***only to the extent necessary to satisfy the money judgment.***

(Emphasis added.)

Even if ARC's default judgment is found valid, it is completely offset by its settlement with Anthony Renda. Between the $675,000 ARC agreed to accept from Anthony Renda, and the $247,042.63 it should have collected from monies held in trust, ARC's $700,000 default judgment will be over-paid by over $222,000. This does not even consider the settlements ARC may have reached with other co-defendants that it has failed to disclose. Therefore, no assignment is necessary to satisfy ARC's default judgment.

Mr. RENDA is entitled to an offset for the total value of ARC's settlement with Anthony Renda, pursuant to California Code of Civil Procedure section 877, subdivision (a), because the settlement agreement does not allocate monies between this case, *Uniglobe* and *McCord*, and there is no judgment against Mr. RENDA in either *Uniglobe* or *McCord*. "[W]here the parties have failed to allocate, the trial court must allocate in the manner which is most advantageous to the nonsettling party." *Dillingham Constr., N.A. v. Nadel P'ship, Inc.*, 64 Cal.App.4th 264, 287 (1998). "The general rule is that a settlement with one defendant reduces the liability of all defendants by an equal amount. This rule prevents a plaintiff from obtaining several satisfactions of its judgment - one from each party." *United Commer. Ins. Serv. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). ARC's request for a $700,000 order of assignment, its failure to disclose its settlement with Anthony Renda, and its failure disclose other settlements it may have reached, all indicate that ARC is wrongfully attempting to secure multiple recoveries on its claims, which are all joint and several.

/ / /

Absent an agreed allocation between claims reached in good faith between the plaintiff and the settling defendant, a non-settling defendant is entitled to an offset of the full amount of the settlement. *See, Dillingham Const., N.A., supra,* 64 Cal.App.4th at 287- 288. Moreover, the only means of affording Mr. RENDA his rights under Code of Civil Procedure section 877, subdivision (a), is to allow him a full offset in this action because ARC has no judgment against him in either *Uniglobe* or *McCord*, and few prospects of obtaining one because ARC's claims against him in *Uniglobe* were dismissed over three years ago and never re-filed, and its default judgment in McCord was recently found void.

## IV.

## ARC IS NOT ENTITLED TO AN ORDER OF ASSIGNMENT BECAUSE THERE ARE LIENS SENIOR TO ANY RIGHT OF PAYMENT ARC MAY HAVE BASED ON ITS DEFAULT JUDGMENT THAT WILL COMPLETELY CONSUME ANY RECOVERY SECURED IN *RENDA v. NEVAREZ I & II*

California Code of Civil Procedure section 708.510, subdivision (c), provides, in relevant part:

> [I]n determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), **the court may take into consideration all relevant factors**, including the following:
>
> . . . .
>
> (2) **Payments the judgment debtor is required to make** or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
>
> . . . .
>
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

(Emphasis added.)

The judgment in *Renda v. Nevarez I* is $817,429.55. PNOL, Ex. 5, p. 2. *Renda v. Nevarez II* is a fraudulent transfer action the gravamen of which is to collect the $817,429.55 owed in *Renda v. Nevarez I*. *See*, PNOL, Ex. 6, p. 4, ¶ 11, l. 3 - p. 5, ¶ 15, l. 2. To date, judgment enforcement efforts in *Renda v. Nevarez I* have resulted in no recovery. Freni Decl. II, p. 4, ¶ 13, ll. 12-13.

Mr. RENDA has liens filed against him that total over $9 Million, all of which pre-date ARC's default judgment. DNOL, Exs. 1-8. Mr. Freni also has attorney's fees liens in *Renda v. Nevarez I & II* that are senior to any right of payment ARC may have based on its default judgment. *See, Pangborn Plumbing Corp. v. Carruthers & Skiffington*, 97 Cal.App.4th 1039, 1052 (2002) (when attorney has entered into a contract for a lien on any recovery his or her efforts may secure, then equity and public policy requires such lien to have priority). Thus, Mr. RENDA's pre-existing obligations will easily exhaust any recovery ultimately secured in *Renda v. Nevarez I & II*. Issuing the assignment order ARC requests will serve no purpose other than to potentially allow ARC to wrongfully "cut in line" in front of the liens that pre-exist its default judgment.

## V.

## AN ASSIGNMENT ORDER IS UNNECESSARY IN *RENDA v. NEVAREZ II* BECAUSE ARC HAS ALREADY ESTABLISHED A LIEN UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 708.410

ARC has also failed to disclose that on or about April 3, 2008, it established a lien in *Renda v. Nevarez II*, under California Code of Civil Procedure section 708.410. DNOL, Ex. 9. Therefore, assuming, *arguendo*, that ARC's default judgment is determined to be valid, an assignment order is unnecessary in *Renda v. Nevarez II* because ARC already has a lien. "A right to payment may be assigned pursuant to [section 708.510, *et seq.*,] ***only to the extent necessary to satisfy*** the money judgment." Cal. Civ. Proc. § 708.510, subd. (d), (emphasis added). Judgment lien statutes are subject to strict construction because they are purely the creation of the Legislature. *Pangborn Plumbing Corp., supra,* 97 Cal.App.4th at 1056.

## VI.

## CONCLUSION

Those who live in glass houses should not throw stones. For all of its inflammatory allegations of fraudulent conduct against Mr. RENDA, none of which it has proven, ARC has repeatedly failed to disclose relevant information to this Court and other courts that not only

reflect on the merits of the present motion, but also on the validity of ARC's default judgment itself. ARC's default judgment is void because two years before issuing the default judgment in this case, the United States District Court for the Eastern District of Virginia determined that it had no personal jurisdiction over Mr. RENDA. ARC knew about the Eastern District's prior ruling, and said nothing. ARC's motion for an assignment order should be denied because its default judgment is void for a lack of personal jurisdiction.

Even if the default judgment is considered valid, no assignment order should issue because ARC's default judgment is completely offset by ARC's settlement with Anthony Renda, which it failed to disclose to this Court.

Regardless of whether there is any balance owed on ARC's default judgment, an assignment order should not issue because any monies Mr. RENDA may receive in *Renda v. Nevarez I & II*, will be completely exhausted by prior liens, all of which are superior to any right of payment ARC may have based on its default judgment. Moreover, an assignment order is unnecessary in *Renda v. Nevarez II* because ARC has already established a lien under California Code of Civil Procedure section 708.410.

Accordingly, Mr. RENDA respectfully requests that the Court deny ARC's motion for an order of assignment.

Dated: July 11, 2008

JOHN J. FRENI, ESQ.
A Professional Law Corporation

By: **s/ JOHN J. FRENI, ESQ.**
Attorneys for Defendant, MARIO RENDA