JOHN J. FRENI, ESQ. (Bar No. 132912)
A Professional Law Corporation
600 West Broadway, Suite 400
San Diego, CA 92101
(619) 557-9128; (619) 515-1197

Attorneys for Defendant, MARIO RENCA

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>    Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, *et al.*,<br><br>    Defendants/Judgment Debtors. | CASE NO. 08-MC-00088<br><br>DECLARATION OF JOHN J. FRENI IN SUPPORT OF DEFENDANT MARIO RENDA'S OPPOSITION TO MOTION FOR ASSIGNMENT ORDER<br><br>Date:      July 25, 2008<br>Time:     10:00 a.m.<br>Ctrm.:     1, 4th Floor<br>Judge:    Hon. Irma E. Gonzalez<br><br>Judgment: September 4, 2007 |

I, JOHN J. FRENI, declare:

1.     I am an attorney licensed and admitted to practice before all state and federal courts in the State of California and counsel for Defendant MARIO RENDA in this action. I am also counsel for Mr. RENDA in a related case pending before the San Diego County Superior Court, styled *Airlines Reporting Corporation v. McCord Consumer Direct, d/b/a A Better Airfare*, San Diego County Superior Court Case No. GIC 865200 ("*McCord*'), and in the two state court actions for which Plaintiff AIRLINES REPORTING CORPORATION seeks an order for assignment, *Renda v. Nevarez*, San Diego County Superior Court Case No. GIC798346 ("*Renda v. Nevarez I*") and *Renda v. Nevarez, et al*, San Diego County Superior Court Case No. 37-2007-00075627-CU-NP-CTL *("Renda v. Nevarez II"*).

/ / /

1

1    2.    Mr. RENDA has sought to vacate ARC's judgment in this case based on the doctrine of collateral estoppel because in March 2005, the United States District Court for the Eastern District of Virginia found on the merits that personal jurisdiction does not exist over Mr. RENDA in Virginia in a related case styled, *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc.*, United States District Court, Eastern District of Virginia, Civil Action No.: 1:04cv622 ("*Uniglobe*").

3.    In *McCord*, ARC domesticated and attempted to enforce a default judgment it obtained against Mr. RENDA in the Circuit Court for Arlington County, Virginia (At law No.: 05-367). On June 13, 2005, a mere three months after the United States District Court for the Eastern District of Virginia dismissed the *Uniglobe* case based on a lack of personal jurisdiction over Mr. RENDA, ARC walked across the street and filed an action against him in the Virginia State Court. As in the case at bar, ARC's allegations against Mr. RENDA in *McCord* were virtually identical to its allegations in *Uniglobe*.

4.    Mr. RENDA did not appear in *McCord*. ARC obtained its default judgment from the Virginia State Court on September 20, 2005, and it did not disclose the *Uniglobe* judgment to the Court.

5.    ARC domesticated its *McCord* default judgment with the San Diego County Superior Court on May 25, 2006. On May 2, 2008, Mr. RENDA brought a motion to vacate the default judgment as void for lack of personal jurisdiction, which ARC opposed. On June 26, 2008, the Superior Court granted Mr. RENDA's motion to vacate on the grounds that the default judgment is void for a lack of personal jurisdiction. The Superior Court, per the Honorable Rafeal A. Arreola, found that the Virginia District Court conclusively determined the issue of personal jurisdiction in *Uniglobe*.

6.    ARC's actions in the case at bar are even more egregious than its actions in *McCord*. As discussed in greater detail in Mr. RENDA's motion to vacate, ARC failed to disclose the *Uniglobe* judgment to the United States District Court for the Eastern District of Virginia at the time the Court entered the default judgment. There can be no excuse for this behavior; Suzanne Lewis, Esq., represented ARC in *Uniglobe*, *McCord* and the case at bar.

1    7.    In its motion for an assignment order, ARC references a letter that I wrote to its counsel, Brian D. Sampson, Esq., on March 31, 2008, demanding that ARC withdraw an improper notice of lien it filed in *Renda v. Nevarez I*. I believe my letter speaks for itself, so I will not belabor the Court with a discussion of the basis for the demand to ARC that it withdraw its notice of lien. The letter is not a "sanctions threat" as ARC likes to call it; the issue of sanctions is raised only in the event that ARC declined to voluntarily withdraw its invalid notice of lien. ARC neglects to mention that it conceded that its notice of lien was improper and voluntarily withdrew it.

8.    ARC has also failed to disclose that it filed a notice of lien under California Code of Civil Procedure section 708.410 in *Renda v. Nevarez II*, which I did not challenge because it complies with the provisions of that section. A true and correct copy of ARC's notice of lien is attached to Mr. RENDA's Notice of Lodgment in support of his opposition as Exhibit 9. This notice of lien is relevant because it demonstrates that an assignment order is not necessary concerning *Renda v. Nevarez II* if ARC's default judgment is determined to be valid because its interests are adequately protected by its notice of lien.

9.    ARC has repeatedly claimed that it has made settlement offers to Mr. RENDA that he has ignored or rebuffed. I started representing Mr. RENDA in *McCord* in April, 2008, and in *Renda v. Nevarez I & II* several months before that, and I am unaware of ARC making even one settlement proposal to Mr. RENDA. To the contrary, ARC has aggressively pursued collection, and brought a similar motion for an assignment order in *McCord*, which was stayed and ultimately never heard because the Superior Court found that ARC's default judgment in *McCord* is void.

10.    Contrary to ARC's contentions, Mr. RENDA's unverified responses to its requests for production in *McCord*, which were served in October 2006, do not somehow entitle it to an assignment order in the case at bar. The void default judgment in this case was not even entered until September 4, 2007. If ARC was unsatisfied with the responses in *McCord*, its remedy was to meet and confer with Mr. RENDA, and if still unsatisfied, file a motion to compel further responses under California Code of Civil Procedure section 2031.310

1  in that case. ARC did nothing, which is just as well because its default judgment in *McCord* is void.

2. 11. I am representing Mr. RENDA in *Nevarez I & II* on a contingency fee basis. As part of my fee agreement, I have a lien for my fees, and any costs advanced. At the time I entered into my contingency fee agreement with Mr. RENDA, I had no knowledge of ARC's claims against him, or of any default judgment or lien filed against him.

12. In preparation for opposing ARC's motions for an assignment order, I caused searches to be performed for liens filed against Mr. RENDA with the San Diego County Recorders' office. True and correct copies of the liens we found as a matter of public record are attached to Mr. RENDA's notice of lodgment in support of his opposition as Exhibits 1 through 8.

13. To date, Mr. RENDA has not recovered any monies on his judgment in *Renda v. Nevarez I*, or on his claims pending in *Renda v. Nevarez II*.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed in San Diego, California on July 11, 2008.

**s/  JOHN J. FRENI, ESQ.**