JOHN J. FRENI, ESQ. (Bar No. 132912)
A Professional Law Corporation
600 West Broadway, Suite 400
San Diego, CA 92101
(619) 557-9128; (619) 515-1197

Attorneys for Defendant, MARIO RENDA

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, *et al.*,<br><br>Defendants/Judgment Debtors. | CASE NO. 08-MC-00088<br><br>DECLARATION OF ANTHONY RENDA IN SUPPORT OF OPPOSITION TO MOTION FOR ASSIGNMENT ORDER<br><br>Date: July 25, 2008<br>Time: 10:00 a.m.<br>Ctrm.: 1, 4th Floor<br>Judge: Hon. Irma E. Gonlez<br><br>Judgment: September 4, 2007 |

I, Anthony Renda, declare as follows:

1. I have personal knowledge of the contents of this Declaration, except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called to testify, I could and would testify competently to the following.

2. At all times relevant to this case, I have been a resident of San Diego County, California.

3. I owned COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL and COMMERCIAL TRAVEL CORPORATION, d/b/a COSTA TRAVEL, through my company International Research and Development Corporation of Nevada ("IRD"). I am the sole shareholder, officer and director of IRD. IRD was the sole shareholder of Aloha Continental Travel & Tours, Inc., which was the parent corporation of MATLOCK TRAVEL,

1  COSTA TRAVEL, Uniglobe Fairway Travel, Inc., and McCord Consumer Direct, Inc., dba A
2  Better Airfare. I have personal knowledge of the identities of the officers, directors,
3  shareholders, agents and employees of MATLOCK TRAVEL, COSTA TRAVEL, Aloha,
4  Uniglobe and McCord.

      4.      My father, MARIO RENDA, was never an officer, director, member, employee, shareholder, agent, or financier of MATLOCK TRAVEL, COSTA TRAVEL, Aloha, Uniglobe, or McCord, nor did he ever receive any compensation from these entities.

      5.      On May 5, 2006, I entered into an settlement with ARC concerning its claims in this case and in *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc., et al.*, United States District Court, Eastern District of Virginia, Alexandria Division, Civil Action No. 1:04cv622, and *Airlines Reporting Corporation v. McCord Consumer Direct, et al.*, Circuit Court for Arlington County, Virginia, At Law No. : 05-367. Without admitting any liability, I agreed to pay $675,000 in settlement. ARC was paid $300,000 up front and agreed to accept $375,000 in quarterly installments over a three-year period that started on September 30, 2006. The installment payments are current. A true and correct copy of the Agreement and Mutual Release I entered into with ARC is attached to my declaration as Exhibit 1.

      6.      As part of the settlement, I agreed to cooperate with ARC concerning funds held in trust by Steinberg, Fineo, Berger & Fischoff, P.C., ("Steinberg, Fineo") a law firm located in New York, New York. See, Ex. 1, p. 2, ¶2. Steinberg, Fineo is holding funds in trust because the travel agencies at issue in these lawsuits were preparing to declare bankruptcy. I am informed and believe that Steinberg, Fineo is holding $247,042.63 in trust that should be applied to the judgment in this case, assuming it is determined to be valid. I am also informed and believe that Steinberg, Fineo has notified ARC in writing that these funds are available, but ARC has done absolutely nothing to collect them.

/ / /
/ / /
/ / /
/ / /

7. I am informed and believe that ARC reached settlements with other co-defendants in this case that it has not disclosed to the Court.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct, and that this declaration was executed on ___July 10___, 2008, in La Jolla, California.

_____
ANTHONY RENDA

**DECLARATION OF ANTHONY RENDA IN SUPPORT
OF OPPOSITION TO MOTION FOR ASSIGNMENT ORDER**

## INDEX OF EXHIBITS

| | | |
|---|---|---|
| **EXHIBIT 1** | Agreement and Mutual Release | **Pages 1 - 10** |

## AGREEMENT AND MUTUAL RELEASE

This Agreement and Mutual Release ("Agreement") is entered into by and between Airlines Reporting Corporation ("ARC") and Anthony Renda ("Renda").

RECITALS

WHEREAS, ARC filed suit against Renda in the Circuit Court for the County of Arlington, Virginia in the matter formally styled as Airlines Reporting Corporation v. McCord Consumer Direct, et al., At Law Case No. 05-367, and in the United States District Court for the Eastern District of Virginia in the matters formally styled as Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc., et al., Case No. 1:04cv622, and Airlines Reporting Corporation v. Commercial Travel Corporation, et al., Case No. 1:04cv613 (collectively, the "Lawsuits"),

WHEREAS, without admitting or denying the averments in the Lawsuits, ARC and Renda have agreed to settle their differences and disputes.

NOW, THEREFORE, in consideration of their mutual promises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, ARC and Renda agree as follows:

1.  Payment Terms and Conditions

Upon approval of this Agreement by the United States District Court for the Northern District of Illinois in Case No.: 04-6901, Renda will pay ARC the sum of Six Hundred Seventy-Five Thousand and 00/100 Dollars ($675,000.00). The sum shall be paid as follows: Three Hundred Thousand and 00/100 Dollars ($300,000.00) by certified funds payable to ARC, and Three Hundred Seventy-Five Thousand and 00/100 Dollars ($375,000.00), to be paid in quarterly installments over a period of three (3) years, without any interest or finance charges whatsoever, commencing September 30, 2006 ("Installment Portion"). Security for payment of

Exhibit 1
Page - 1

the full amount of the Installment Portion of this Agreement shall be provided by Vincent Renda pursuant to a Personal Guaranty Agreement attached to this Agreement as Exhibit A. Each of the Installment Portion payments shall be made payable to Airlines Reporting Corporation c/o Suzanne M. Lewis, Esq., Bonner Kiernan Trebach & Crociata, LLP, 1250 Eye Street, N.W., Suite 600, Washington, D.C. 20005.

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAVIER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITH THREE (3) DAYS' NOTICE.**

In the event that any Installment Portion payment is not received within seven (7) days of the due date, that payment shall be considered late and in that event, Renda hereby irrevocably authorizes and empowers Suzanne M. Lewis, Esq., and/or the law firm of Bonner Kiernan Trebach & Crociata, LLP, upon three (3) days' notice to Renda, to appear in the Circuit Court for Arlington County or in the United States District Court for the Eastern District of Virginia, and to enter judgment against Renda in the Lawsuits, for the unpaid amount of Renda's indebtedness, plus interest from the date of default and costs, and to release all errors, and waive all rights of appeal. Such confessed judgment shall be pursuant to the Note attached to this Agreement as Exhibit B.

2.  <u>Agreement to Cooperate</u>

Renda agrees to cooperate with ARC with respect to its claims against the funds being held in escrow by Steinberg, Fineo, Berger & Fischoff P.C.

**Exhibit 1**
**Page - 2**

3.  Release of Renda by ARC

Upon receipt of the Settlement Payment and upon execution of this Agreement by all parties, ARC and its parents, subsidiaries, and affiliates, in consideration of the benefits conferred by this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, releases and discharges Renda from any and all matters alleged, claimed, or at issue, directly or indirectly, in the Lawsuits, whether known or unknown, whether in contract, tort, statute, or otherwise.  ARC will further file a stipulation to dismiss ARC's claims with prejudice solely as against Renda in the Lawsuits.

In furtherance of its express intent to fully, forever, and irrevocably release and discharge Renda from all claims, known and unknown, from the beginning of time until the end of time, ARC expressly waives any and all rights it may have under any statute, code, ordinance, or the common law, which may limit or restrict the effect of a general release as to the released claims which ARC does not know or suspect to exist in its favor at the time of the execution of this release, including, to the extent deemed applicable, any and all rights under California Civil Code Section 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor."

ARC understands and agrees that, by entering into this Agreement, it is expressly, knowingly, and intentionally, waiving the provisions of California Civil Code Section 1542 and electing instead to be bound exclusively by this Agreement.  If, contrary to the specific intent of ARC, any released claims conferred by, or arising out of statutory code or regulations are deemed to exist despite the Releases given above, ARC hereby forever, expressly and

Exhibit 1
Page - 3

3

149523-1

irrevocably, waives entitlement to all such released claims, known and unknown, from the beginning of time until the end of time; and it is expressly agreed that the provisions of California Civil Code Section 1542 do not apply.

4.   Release of International Research Development Corporation of Nevada by ARC

It is the intent of ARC and Renda that International Research & Development Corporation of Nevada and its parents, subsidiaries, and affiliates, excluding Aloha Continental Travel and Tours, Inc., Uniglobe Fairway Travel, Inc., Commercial Travel Corporation d/b/a Matlock Travel, Commercial Travel Corporation d/b/a Costa Travel, and McCord Consumer Direct, Inc. d/b/a A Better Airfare, be released from liability to ARC and its parents, subsidiaries, and affiliates, under the terms of this Agreement. Therefore, upon receipt of the Settlement Payment and upon execution of this Agreement by all parties, ARC, in consideration of the benefits conferred by this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, releases and discharges International Research & Development Corporation of Nevada and its parents, subsidiaries and affiliates (collectively "IRD") (including, but not limited to, the owners, agents, attorneys, directors, officers, employees, or independent contractors of each) but excluding, Aloha Continental Travel and Tours, Inc., Uniglobe Fairway Travel, Inc., Commercial Travel Corporation d/b/a Matlock Travel, Commercial Travel Corporation d/b/a Costa Travel, and McCord Consumer Direct, Inc. d/b/a A Better Airfare, from any and all matters alleged, claimed, or at issue, directly or indirectly, in the Lawsuits, whether known or unknown, whether in contract, tort, statute, or otherwise.

In furtherance of its express intent to fully, forever, and irrevocably release and discharge IRD and its parents, subsidiaries, and affiliates, excluding Aloha Continental Travel and Tours,

Exhibit 1
Page - 4

4

149523-1

Inc., Uniglobe Fairway Travel, Inc., Commercial Travel Corporation d/b/a Matlock Travel, Commercial Travel Corporation d/b/a Costa Travel, and McCord Consumer Direct, Inc. d/b/a A Better Airfare, from all claims, known and unknown, from the beginning of time until the end of time, ARC expressly waives any and all rights it may have under any statute, code, ordinance, or the common law, which may limit or restrict the effect of a general release as to the released claims which ARC does not know or suspect to exist in its favor at the time of the execution of this release, including, to the extent deemed applicable, any and all rights under California Civil Code Section 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor."

ARC understands and agrees that, by entering into this Agreement, it is expressly, knowingly, and intentionally, waiving the provisions of California Civil Code Section 1542 and electing instead to be bound exclusively by this Agreement. If, contrary to the specific intent of ARC, any released claims conferred by, or arising out of statutory code or regulations are deemed to exist despite the Releases given above, ARC hereby forever, expressly and irrevocably, waives entitlement to all such released claims, known and unknown, from the beginning of time until the end of time; and it is expressly agreed that the provisions of California Civil Code Section 1542 do not apply.

5. <u>Release of ARC by Renda</u>

Upon execution of this Agreement by all parties, Renda, in consideration of the benefits conferred by this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, releases and discharges ARC and its parents,

subsidiaries and affiliates (including, but not limited to, the owners, agents, attorneys, directors, officers, employees, or independent contractors of each) from any and all matters alleged, claimed, or at issue, directly or indirectly, in the Lawsuits, whether known or unknown, whether in contract, tort, statute, or otherwise.

In furtherance of <u>his</u> express intent to fully, forever, and irrevocably release and discharge ARC from all claims, known and unknown, from the beginning of time until the end of time, Renda expressly waives any and all rights he may have under any statute, code, ordinance, or the common law, which may limit or restrict the effect of a general release as to the released claims which Renda does not know or suspect to exist in his favor at the time of the execution of this release, including, to the extent deemed applicable, any and all rights under California Civil Code Section 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor."

Renda understands and agrees that, by entering into this Agreement, he is expressly, knowingly, and intentionally, waiving the provisions of California Civil Code Section 1542 and electing instead to be bound exclusively by this Agreement. If, contrary to the specific intent of Renda, any released claims conferred by, or arising our of statutory code or regulations are deemed to exist despite the Releases given above, Renda hereby forever, expressly and irrevocably, waives entitlement to all such released claims, known and unknown, from the beginning of time until the end of time; and it is expressly agreed that the provisions of California Civil Code Section 1542 do not apply.

Exhibit 1
Page - 6

6

149523-1

6.  <u>Release of ARC by International Research Development Corporation of Nevada</u>

Upon execution of this Agreement by all parties, IRD, in consideration of the benefits conferred by this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, releases and discharges ARC and its parents, subsidiaries and affiliates (including, but not limited to, the owners, agents, attorneys, directors, officers, employees, or independent contractors of each) from any and all matters alleged, claimed, or at issue, directly or indirectly, in the Lawsuits, whether known or unknown, whether in contract, tort, statute, or otherwise.

In furtherance of its express intent to fully, forever, and irrevocably release and discharge ARC from all claims, known and unknown, from the beginning of time until the end of time, IRD expressly waives any and all rights it may have under any statute, code, ordinance, or the common law, which may limit or restrict the effect of a general release as to the released claims which IRD does not know or suspect to exist in its favor at the time of the execution of this release, including, to the extent deemed applicable, any and all rights under California Civil Code Section 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor."

IRD understands and agrees that, by entering into this Agreement, it is expressly, knowingly, and intentionally, waiving the provisions of California Civil Code Section 1542 and electing instead to be bound exclusively by this Agreement. If, contrary to the specific intent of IRD, any released claims conferred by, or arising our of statutory code or regulations are deemed to exist despite the Releases given above, IRD hereby forever, expressly and irrevocably, waives

Exhibit 1
Page - 7

7

149523-1

entitlement to all such released claims, known and unknown, from the beginning of time until the end of time; and it is expressly agreed that the provisions of California Civil Code Section 1542 do not apply.

7. Representations and Warranties

ARC and Renda warrant and represent that this Agreement is a valid and binding agreement, enforceable in accordance with its terms. ARC and Renda further warrant and represent that they have been fully informed by their respective attorneys of the content of this Agreement and have full knowledge of its terms, conditions, and effects. ARC and Renda represent that they have carefully read and understand the terms of this Agreement and sign it of their own free will after consulting with their respective attorneys. ARC and Renda further represent that neither party has previously assigned, transferred, or granted away any claims or causes of action disposed of by this Agreement.

ARC and Renda further represent and agree that this Agreement is fully contingent upon the approval by the United States District Court for the Northern District of Illinois in Case No.: 04-6901. No payment can be made or authorized by Renda to ARC until such approval is obtained from this Court.

8. Remedies

The failure by ARC to exercise any and all remedies available to it under this Agreement shall not be considered a waiver of such remedies.

9. Construction

The terms of this Agreement are not to be construed against the party or parties preparing it, but are to be construed as if all parties prepared it. All questions or issues concerning the construction, validity, and interpretation of this Agreement, as well as the performance of the

Exhibit 1
Page - 8

obligations imposed by this Agreement, shall be governed by the laws of the Commonwealth of Virginia. This Agreement shall further be construed under Va. Code Ann. § 8.01-35.1 (2004) with regard to the liability of other defendants, both named, and not yet named, and other joint tortfeasors.

10. Severability or Partial Invalidity

If any portion of this Agreement is determined to be invalid, void, illegal, or unenforceable for any reason whatsoever, such invalidity, voidability, illegality, or unenforceability shall not affect the durability or enforceability of any other provision of this Agreement, and the other provisions shall be construed as separate and independent provisions.

11. Entire Agreement

This Agreement reflects the entire agreement between ARC and Renda and supersedes any and all prior agreements, whether written or oral, between ARC and Renda relating to the subject matter of this Agreement. This Agreement may not be modified or changed unless by the written agreement of ARC and Renda.

12. Counterparts

This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document. A party's signature to this Agreement may be made via facsimile.

13. Costs and Expenses

ARC and Renda shall be responsible for the payment of their own costs and expenses (including reasonable attorneys' fees and costs) in connection with the matters referred to in this Agreement.

Exhibit 1
Page - 9

9

149523-1

WITNESS OUR HANDS AND SEALS on the dates set forth below:

Witness <u>= See Attached =</u>     ANTHONY RENDA

                                                                                       _____(SEAL)
                                                                                       Date: <u>5-5-06</u>

Witness <u>= See Attached =</u>     INTERNATIONAL RESEARCH &
                                                              DEVELOPMENT OF NEVADA

                                                  By:_____(SEAL)
                                                  Title: <u>PRESIDENT</u>
                                                  Date: <u>5-5-06</u>

Witness _____     AIRLINES REPORTING CORPORATION

                                                  By:_____(SEAL)
                                                Title:_____
                                                Date:_____

**Exhibit 1**
**Page - 10**

149523-1