**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Judgment Creditor
AIRLINES REPORTING CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, et al.,<br><br>Defendants/Judgment Debtors. | Case No. 08-MC-00088<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JUDGMENT**<br><br>Date: July 25, 2008<br>Time: 10:00 a.m.<br>Ctrm: 1, 4th Floor<br>Judge: Hon. Irma E. Gonzalez |

## INTRODUCTION

Plaintiff/Judgment Creditor AIRLINES REPORTING CORPORATION (Plaintiff "ARC") submits the following Memorandum of Points and Authorities in support of its Opposition to Defendant/Judgment Debtor MARIO RENDA's (Defendant "Renda")Motion to Vacate Judgment based upon the following facts and law.

## FACTUAL BACKGROUND

**Breach of the Reporting Agreement**. Plaintiff ARC serves as a national clearinghouse for issuing standardized blank ticket stock documents and other standardized forms ("ARC traffic documents") to ARC accredited travel agents to be used as air passenger tickets by the travel agents' customers. ARC maintains an agency list of persons and entities accredited to serve as travel agents and to issue ARC traffic documents. See Lewis and Erickson Declarations.

Plaintiff ARC's regular practice to enter into Agent Reporting Agreements ("ARA") with the

1

travel agent entities that are accredited to issue ARC traffic documents. The ARA governs the issuance of ARC traffic documents. <u>See</u> Lewis and Erickson Declarations.

Each travel agent entity must undergo a separate accreditation process, which includes an inquiry regarding the financial and criminal background of the principals/owners and key employees of the travel agent entity, including an inquiry regarding conviction for financial crimes. If revealed, a criminal history for a principal/owner of an entity may preclude the entities accreditation or approval of a change of ownership. <u>See</u> Lewis and Erickson Declarations. <u>See</u> Lewis and Erickson Declarations.

In or around 1999, Defendant Renda, among others, acquired Defendant Commercial Travel Corporation dba Matlock Travel and dba Costa Travel from Thomas Carter, Stephanie Carter and Thomas S. Carter. <u>See</u> Lewis Declaration and attached Exhibits "A through C."

Despite the transfers of ownership, in submitting and/or causing to be submitted weekly sales reports as required under the ARA, Defendant Renda can been seen as having ratified or otherwise agreed to the terms of the ARA and thereby, was required to hold funds from the sale of ARC traffic documents in trust. . <u>See</u> Lewis Declaration.

Defendant Renda, among others, violated the ARA as follows:

- purposefully failing to properly report all of the ticket sales; including both failing to include all sales on weekly sales reports, and reporting certain sales for which funds were not made available to ARC as required under the ARA

- using Plaintiff's money for personal benefit;

- conspired to and acquiesced in the filing of falsified reports, traffic documents, or other documents;

- depriving Plaintiff ARC of monies due from the sale of ARC traffic documents; and

- undertaking fiduciary duties to ARC to hold proceeds of sales of ARC traffic documents in trust until paid to ARC via draws on designated bank accounts.

<u>See</u> Lewis Declaration.

**<u>Defendant's Fraud Against Plaintiff</u>**. Plaintiff ARC subsequently learned that Defendant Renda is also the principal owner of First Mutual, LLC, the alleged landlord for Defendant Commercial Travel Corporation dba Matlock Travel. Defendant Commercial Travel is listed as the property owner for the property that was allegedly leased from First Mutual, LLC. <u>See</u> Lewis Declaration and attached

2

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JUDGMENT
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Vacate\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

Exhibit "D." Additionally, First Mutual, LLC share the same business address, which is also the registered agent address Defendant Commercial Travel. <u>See</u> Lewis Declaration and attached Exhibits thereto.

During the course of Defendant's involvement with Defendant Commercial Travel and third party First Mutual, LLC, Defendant wrongfully obtained over $100,000.00, as follows:

| **Payments to Defendant through First Mutual, LLC** | | |
|---|---|---|
| Date | Check # | Amount |
| 12/1/03 | 10084 | $39,181.40 |
| 11/24/03 | 10075 | $43,865.19 |
| 11/18/03 | 10073 | $62,953.41 |
| | **Total** | **$146,000.00** |

<u>See</u> Lewis Declaration and attached Exhibit "E."

**The Virginia Judgment**. On September 4, 2007 the United States District Court, Eastern District of Virginia, entered judgment in favor of Plaintiff and against, *inter alia*, Defendant Renda. Judgment was entered in the principal sum of $701,942.81 for Defendant's acting under the ARA, Defendant's involvement in filing false reports, Defendant's involvement in reporting sales and failing to pay Plaintiff for those reported sales and based upon his obtaining Plaintiff's monies through his ownership interest in Defendant Commercial Travel and his illegally converting monies due to Plaintiff, as a member/owner of First Mutual, LLC. <u>See</u> Court Records and Lewis Declaration.

**Plaintiff's Motion for An Assignment Order**. Based upon the foregoing, on April 17, 2008, Plaintiff filed and served its motion for an assignment order, requesting the Court order any proceeds now due, or to become due to Defendant Renda as a result of the <u>Renda v. Nevarez</u>, matters, be assigned to Plaintiff until the judgment in this matter is paid in full. <u>See</u> Court Records.

In response, Defendant filed his motion requesting the Court vacate the Judgment, alleging the Virginia court did not have personal jurisdiction over Defendant Renda based upon the Order dismissing Defendant Renda for lack of personal jurisdiction, entered without prejudice in the Virginia federal action, <u>Airlines Reporting Corp. v. UniGlobe Fairway Travel, Inc., et al</u>, ("<u>ARC v. Uniglobe</u> or "<u>Uniglobe</u>"). <u>See</u> Court Records.

3

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JUDGMENT
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Vacate\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

/ / /

**The Uniglobe Matter**. The facts surrounding the issue of Virginia's in personam jurisdiction over Defendant in ARC v. UniGlobe, by the U.S. District Court, Eastern District of Virginia, are not the same as the facts regarding personal jurisdiction in this matter. The issues and the identity of the parties differ from this matter. The facts and circumstances of Debtor's involvement in the UniGlobe matter differ significantly from the facts and circumstances of this case. The specific differences include, among others, the following:

| **A.R.C. v. UniGlobe** | **A.R.C. v. Commercial Travel** |
|---|---|
| Agent Bank information: Grossmont Bank | Agent Bank information: US Bank |
| Different debt obligations to Plaintiff:<br>Debt<br>*Unreported Sales:* $1,379.00<br>*Dishonored Drafts*: $1,112,394.21<br>*Chargebacks*: $4,336.50<br>*Misc. Charge Orders*: $260.51 | Different debt obligations to Plaintiff:<br>Debt<br>*Unreported Sales:* $1,462.31<br>*Dishonored Drafts*: $682,088.45<br>*Chargebacks*: $18,023.65<br>*Misc. Charge Orders*: $368.40 |
| Uniglobe Accreditation No. 05577191 | Matlock Accreditation No. 2952114<br>Costa Travel Accreditation No. 0565707 |
| Date of approved accreditation:<br>5/10/83 | Dates of approved accreditation:<br>3/7/91 (Matlock Travel);<br>12/20/83 (Costa Travel) |
|  | $146,000.00 filtered to Defendant through his ownership interest First Mutual, LLC. |

Plaintiff ARC entered into a settlement with third party Anthony Renda, Defendant Renda's son, in the Uniglobe case. Thereafter, the Virginia district court entered an order on the settlement agreement and removed the Uniglobe case from its active docket. See Defendant's Exhibit "9," Docket No. 120. To date, third party Anthony Renda has not fully performed under the Uniglobe settlement agreement. See Lewis and Erikson Declarations.

## LEGAL ARGUMENT

**1.   Defendant Did Not Meet His Burden That Collateral Estoppel Is Applicable to This Matter**.

A defendant that has actual notice of a proceeding and permits a default judgment to be entered against him has the burden of proof on a Rule 60(b) motion to vacate the default judgment. SEC v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1163-1166 (9th Cir. 2007) *citing* Bally Export

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

Corp. v. Balicar, Ltd., 804 F.2d 398, 400-401 (7th Cir. 1986) (holding defendants had burden of proof to prove the court lacked jurisdiction under state long arm statute) [other citations omitted].[1]

Under Virginia law, collateral estoppel is applicable if the following elements can be satisfied:

(1) the issue litigated must have been essential to the prior judgment;

(2) the prior action must have resulted in a valid and final judgment against the party sought to be precluded in the present action;

(3) the parties or privies in both the proceedings must be the same;

(4) there must be mutuality between the parties; and

(5) the factual issue litigated actually must have been litigated in the prior action.

In re Bundick, 303 B.R. 90, 101-102 (Bankr. E.D. Va. 2003) *referencing* TransDulles Center Inc. v. Sharma, 252 Va. 20 (1996).[2]

Under Virginia law, "mutuality means that a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result." Bundick, 303 B.R. at 102.

District courts retain inherent jurisdiction and equitable power to enforce settlement agreements for litigation that was pending before that court. Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983) [citations omitted]. A breach of a settlement agreement mandates that the district court re-activate the case and set the matter for trial. Ozyagcilar, 701 F.2d at 308. Additionally, a federal court removing a case from its active docket is an administrative closing that has no legal effect. Penn-America v. Mapp, et al., 521 F.3d 290, 295 (4th Cir. 2008). As such, "an otherwise nonfinal order does not become final because the district court administratively closed the case after issuing the order." Penn-America, 521 F.3d at 295.

Defendant Renda did not meet his burden of proof on the elements of collateral estoppel under Virginia law. In fact, Defendant failed to even address the second element (valid, final judgment) and

---

[1] Motions challenging an underlying judgment should be made in the rendering court and a districts court's decision to defer to the rendering court does not foreclose the defendant from seeking relief. FDIC v. Aaronian, 93 F.3d 636, 639 (9th Cir. 1996).

[2] Federal courts sitting in diversity utilize the law of the state in which the district court is located when ruling on the preclusive effect of a dismissal. Semtek International Inc. v. Lockheed Martin Corp, 531 U.S. 497, 508 (2001).

5

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JUDGMENT
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Vacate\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  fourth element (mutuality) for the application of the doctrine. See Defendant's motion to vacate
2  judgment.

3    *The Final, Valid Judgment Element Cannot Be Established*.  The Uniglobe order dismissing
4  Defendant Renda was entered without prejudice. See Defendant's Exhibit "5." Thereafter, the
5  Uniglobe case was administratively closed based upon a settlement agreement between Plaintiff ARC
6  and third party Anthony Renda. See Defendant's Exhibit 9, Docket No. 120.  At no time did the prior
7  action result in a "valid, final judgment against the party sought to be precluded." Bundick, 303 B.R.
8  at 102.  Instead, the order dismissing Defendant Renda was entered without prejudice and the case was
9  merely administratively closed. See Defendant's Exhibits "5 and 9." If Plaintiff ARC desired, it could
10 move the Virginia district court under Rule 15 to file an amended complaint against Defendant Renda
11 in the Uniglobe matter, thereby pursuing further litigation against him.

12   *The Mutuality Element Cannot Be Established*.  A Plaintiff is not entitled to invoke collateral
13 estoppel if a Defendant moves for Rule 60(b) relief after a sua sponte finding of personal jurisdiction.
14 Jackson v. Tanfoglio Di Tanfoglio Bortolo & C.S.N.C., 302 F.3d 515, 522 (5th Cir. 2002) (holding a
15 state rule of preclusion cannot operate to undermine a federal default-judgment defendant's ability to
16 contest personal jurisdiction under Rule 60(b)(4)).

17   Defendant Renda did not appear in the Uniglobe matter.  Instead, the Court requested briefing
18 on whether Virginia's long arm statute permitted the exercise of jurisdiction over Defendant Renda
19 under the facts of the Uniglobe case. See Defendant's Exhibit "1." Thereafter, the Court determined,
20 without prejudice, under the facts known to Plaintiff at the time of the ruling, that the Virginia district
21 court did not have personal jurisdiction over Defendant. See Defendant's Exhibits "1 & 2."  As such,
22 Defendant Renda would not have been bound by a finding that the Virginia court had jurisdiction in
23 the Uniglobe matter.  Defendant Renda cannot meet the mutuality element.

24   Finally, although the doctrine of collateral estoppel is applicable to the issue of personal
25 jurisdiction, the doctrine is only applicable if the litigation is "between the same parties and based on
26 the same cause of action." In re Northwest Pipe & Casing Co., 67 B.R. 639, 641-642 (Bankr. Or. 1986)

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  [citations omitted].[3]  A dismissal for lack of personal jurisdiction is not res judicata as to the merits of
2  the claim. Kendall v. Overseas Development Corp., 700 F.2d 536, 539 (9th Cir. 1983). As such, a party
3  "may file another complaint on the same cause of action curing the jurisdictional defect." Kendall, 700
4  F.2d at 539.

5  Here, although Defendant Renda was a party in the Uniglobe case, the Uniglobe and
6  Commercial Travel cases do not involve the same parties and the same causes of action. As more fully
7  set forth above, the facts and circumstances of Defendant's involvement in the UniGlobe matter differ
8  significantly from the facts and circumstances of this case. See Erickson and Lewis Declarations.

9  Adopting Defendant's argument would preclude *any* litigation between the same parties,
10 regardless of the facts and circumstances differentiating the claims. Fortunately, this is not the law.
11 See Kendall, 700 F.2d at 539. Based upon the foregoing, the doctrine of collateral estoppel is not
12 applicable to the issue of personal jurisdiction over Defendant Renda in this case.

13 **2.  Virginia Had Personal Jurisdiction Over Defendant Renda**.

14 *Virginia Long Arm Statute*. Virginia's long-arm statute extends jurisdiction to the fullest extent
15 permitted by the Due Process Clause of the Constitution. D'Addario v. Geller, 264 F. Supp. 2d 367,
16 378 (E.D. Va. 2003). A Virginia court may exercise personal jurisdiction over a person "[c]ausing
17 tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly
18 does or solicits business, or engages in any other persistent course of conduct, or derives substantial
19 revenue from goods used or consumed or services rendered, in this Commonwealth[]." Va. Code Ann.
20 §8.01-328.1(A)(4); see also Beverly Hills Fan Company v. Royal-Sovereign Corp, 21 F.3d 1558, 1569
21 (Fed. Cir. 1994). The relevant question under Virginia Code Annotated §8.01-328.1(A)(4), "is whether
22 a 'tortious injury" occurred in the Commonwealth of Virginia." Beverly Hills Fan Company, 21 F.3d
23 at 1570.

24 Finally, in determining whether personal jurisdiction exists under Virginia law, the court must
25 take all disputed facts and reasonable inferences in favor of the plaintiff. CareFirst of Maryland, Inc.

---

[3] The 4th Circuit has not addressed whether collateral estoppel applies to issues of personal jurisdiction. However, courts within the 4th Circuit have referred to, and applied 9th Circuit case law on that issue. See Gentile v. Augusta, 1998 U.S. Dist. LEXIS 20991 (E.D. N.C. 1998).

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  v. CareFirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003).

2  *Defendant's Fraud*. Defendant makes the conclusory allegations that he had absolutely no relationship with Defendant Commercial Travel and did not obtain funds either directly or indirectly through Commercial Travel. See Defendant's Declaration in Support of Motion to Vacate. Defendant's allegations are without merit. Here, there can be no doubt that Defendant Renda's conduct resulted in a tortious injury occurring in Virginia.

Defendant Renda made most if not all of the business decisions for Commercial Travel, was instrumental in the purchase of Defendant Commercial Travel from the third party Carter's and wrongfully obtained Plaintiff ARC's monies through his ownership of First Mutual, LLC. See Lewis Declaration and attached Exhibit "E."

To illustrate, Defendant Renda is listed in the announcement of the acquisition of Defendant Commercial Travel, was a signatory to the Letter of Intent for Commercial Travel regarding the sale and was a signatory to the Indemnification Agreement with the Carter's regarding the sale. See Lewis Declaration and Exhibits "A - C." Thereafter, Defendant Renda was a recipient of correspondence from third party Charles Carter regarding a default under the terms of the sale. See Exhibit "F." Defendant was a recipient of correspondence sent on behalf of the Chief Financial Officer for Defendant Commercial Travel regarding various ARC liabilities, their financial practice of "floating" ARC monies, delinquent rental payments (per Defendant Renda's instructions) for the Virginia location and their misstatements in the Commercial Travel financial statements. See Exhibit "G."

Thereafter, Defendant participated in a scheme to utilize Plaintiff ARC's traffic documents, purposefully fail to properly report all of the ticket sales; file falsified reports, report sales and fail to forward money for those sales. As a result, Plaintiff ARC, an entity with its principal place of business in Arlington, Virginia, was injured through its loss of significant revenue. See Lewis Declaration.

Additionally, Defendant Renda is also a member/owner of First Mutual, LLC. Defendant wrongfully obtained at least $146,000.00 from the sale of Plaintiff's traffic documents, without payment to Plaintiff through his ownership interest in First Mutual. See Lewis Declaration and attached Exhibits "E & H."

///

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1    However, and as previously stated, Defendant Commercial Travel is listed as the property owner for the property that was allegedly leased from First Mutual, LLC. See Exhibit "D." In addition, it appears from correspondence to, *inter alia*, Defendant Renda, First Mutual, LLC wrongfully obtained ARC proceeds from checks written from the Commercial Travel account. See Lewis Declaration and attached Exhibit "H."

Plaintiff has established that Virginia had jurisdiction over Defendant Renda in this matter based upon, *inter alia*, Defendant's active participation in the purchase of Commercial Travel, the subsequent ticket sales and Defendant's fraudulent acts against Plaintiff.[4]

## CONCLUSION

Based upon all of the foregoing, Plaintiff ARC respectfully requests that this Court deny Defendant's motion to vacate the judgment in its entirety.

Respectfully submitted,

DATED: July 14, 2008                **SAMPSON & ASSOCIATES**

By:  /s/ Bryan D. Sampson
Attorneys for Plaintiff/Judgment Creditor
E-Mail: bsampson@sampsonlaw.net

---

[4] It is Plaintiff's position that it has satisfied the requirements for Virginia to exercise personal jurisdiction over Defendant under Va. Code Ann. §8.01-328.1(A)(4). Nonetheless, if the Court requires further evidence on the issue, the Court may permit Plaintiff to conduct discovery on the jurisdictional issues. Ziller Electronics Lab GmbH v. Sup. Ct., 206 Cal. App. 3d 1222, 1233 (1997).

9

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JUDGMENT
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Vacate\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425