1  **SAMPSON & ASSOCIATES**
   Bryan D. Sampson, Esq. (#143143)
2  Mary L. Fickel, Esq. (#221872)
   2139 First Avenue
3  San Diego, California 92101
   Tel. (619) 557-9420 / Fax (619) 557-9425
4  bsampson@sampsonlaw.net

5  Attorneys for Judgment Creditor
   AIRLINES REPORTING CORPORATION
6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

| AIRLINES REPORTING CORPORATION, | Case No. 08-MC-00088 |
|---|---|
| Plaintiff/Judgment Creditor, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER** |
| v. | |
| COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, et al., | Date:  July 25, 2008<br>Time:  10:00 a.m.<br>Ctrm:  1, 4th Floor<br>Judge: Hon. Irma E. Gonzalez |
| Defendants/Judgment Debtors. | |

17        Plaintiff/Judgment Creditor AIRLINES REPORTING CORPORATION (Plaintiff "ARC")

18 hereby submits the following reply memorandum of points and authorities in response to

19 Defendant/Judgment Debtor MARIO RENDA's (Defendant "Renda") opposition to Plaintiff ARC's

20 Motion for an Assignment Order.

21        **Summary of Defendant's Opposition.**  Defendant Renda opposes Plaintiff's Motion for an

22 Assignment Order on the following grounds:

23        1.        Plaintiff is not entitled to an assignment order because the judgment has been satisfied

24                  in full through prior settlements;

25        2.        Plaintiff is not entitled to an assignment order because other creditor's have superior

26                  lien rights; and

27        3.        An assignment order is unnecessary based upon Plaintiff's Notice of Lien filed in the

28                  Renda v. Nevarez II case.

**SAMPSON & ASSOCIATES**
**ATTORNEYS AT LAW**
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

1

Case No. 08-MC-00088
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER
S://Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\Reply.P&A.wpd

1    See Court Records, Defendant's Opposition to the Motion for an Assignment Order. Plaintiff

2    ARC address each opposition of Defendant's as more fully set forth below.

3    **1.        The Judgment Has Not Been Satisfied In Full**.

4        Defendant relies upon California Code of Civil Procedure §877, Dillingham Construction, N.A.,

5    Inc. v. Nadel Partnership, Inc., 64 Cal. App. 4th 264 (1988) and United Commercial Insurance Service,

6    Inc., et al. v.The Paymaster Corp, 962 F.2d 853 (9th Cir. 1992) for the proposition that all monies

7    obtained, or anticipated, by Plaintiff in the settlement agreement with third party Anthony Renda

8    should act as a set off on the ARC v. Commercial Travel judgment for Defendant Renda.  See Court

9    Records, Defendant's Opposition to Motion for an Assignment Order.  However, Defendant's

10   authorities are readily distinguishable from the facts of this case.  Defendant's authorities concern a

11   single lawsuit, the one satisfaction rule, and the rights of set off against joint obligors.

12       However, "[t]he essential requirement for the 'one satisfaction rule' is that the amounts

13   recovered by settlement and the judgment must represent common damages *arising from a single,*

14   *indivisible harm*." Chisholm v. UHP Projects, Inc., 205 F.3d 731, 737 (4th Cir. 2000) [emphasis added];

15   see also Kohler v. Pulvers, 614 F. Supp. 829, 851 (S.D. Cal. 1985) (defendants can only claim monies

16   paid as a set off if the monies paid are consideration for claims litigated under the same complaint)

17   *citing* Cal. Code Civ. Pro. §877; Carr v. Cove, 33 Cal. App. 3d 851, 854 (1973).  As more fully set forth

18   below, the consideration paid under the settlement with third party Anthony Renda does not constitute

19   money paid for claims litigated under the same complaint.

20       Finally, a non-settling party that shares liability is not entitled to an off-set for any monies that

21   are not actually paid. Garcia v. Duro Dyne Corp, 156 Cal. App. 4th 92, 101 (2007).

22       *The Settlement Agreement*.  Plaintiff ARC had claims in excess of $4,000,000.00 against, *inter*

23   *alia*, Defendant Renda and third party Anthony Renda, based upon their relationship with three separate

24   travel agent entities, accredited by ARC.  As a result, Plaintiff ARC initiated litigation against the

25   various travel agent entities and, among others, Defendant Renda and third party Anthony Renda.  See

26   Lewis Declaration.

27   / / /

28   / / /

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

1    The cases were as follows:

2    Airlines Reporting v. McCord Consumer Direct, et al – Circuit Court for Arlington County

3    Virginia – claim amount $2,505,987.88.

4    Airlines Reporting v. Uniglobe Fairway Travel Inc. et al., – U.S. District Court, Eastern District

5    of Virginia – claim amount $1,118,370.72.

6    Airlines Reporting v. Commercial Travel Corp. et al, – U.S. District Court, Eastern District of

7    Virginia – claim amount $701,942.81.

8    See Lewis Declaration.

9    On November 30, 2005, Plaintiff ARC and third party Anthony Renda conducted a settlement

10    conference before the Honorable Magistrate Judge Barry R. Poretz of the United States District Court,

11    Eastern District of Virginia, in the Airlines Reporting Corp. v. Uniglobe, case.  As a result of that

12    settlement conference and additional later negotiations, ARC and third party Anthony Renda tentatively

13    agreed upon a mutual settlement of all Virginia actions that Plaintiff ARC had pending against third

14    party Anthony Renda.  Id.

15    Plaintiff ARC and third party Anthony Renda "tentatively" agreed to settlement because third

16    party Anthony Renda could not agree to the settlement without court approval.  Specifically, third party

17    Anthony Renda was required to obtain court approval for the settlement from the United States District

18    Court, Northern District of Illinois in the case Federal Trade Commission v. International Research and

19    Development Corp., et al, Case No. 04-cv-06901 ("FTC litigation").  See Exhibit "9" and Lewis

20    Declaration.

21    In the FTC litigation, the FTC and third party Anthony Renda entered into a stipulated

22    preliminary injunction, which was entered as an Order by the Illinois court.  The injunction contained

23    an asset preservation provision that restricted the transfer of assets other than for actual, necessary and

24    ordinary business and living expenses.  Third party Anthony Renda moved the Illinois court for

25    approval of the settlement and the Illinois court entered an order approving the settlement on April 24,

26    2006.  See Exhibits "9, 10" and Lewis Declaration.

27    The FTC sued for restitution in the amount of $15,000,000.00.  See Exhibit "10."  The

28    significant FTC claim prompted Plaintiff ARC to globally settle with third party Anthony Renda for

1    $675,000.00.  See Lewis Declaration.

2        Plaintiff ARC apportioned payments received through the settlement with third party Anthony

3    Renda between the three separate claims based upon the amount owed under the claim.  The

4    apportioned percentages are:

5            ARC v. Uniglobe – claim $1,118,370.72; proportionate share 23%;

6            ARC v. McCord – claim $2,505,987.88; proportionate share 65%; and

7            ARC v. Commercial – claim $701,942.81; proportionate share 12%.

8    See Lewis Declaration.

9        To date, third party Anthony Renda has paid $550,000 of the $675,000 settlement amount.  As

10   such, $66,000 of those settlement proceeds (12%) have been applied toward the ARC v. Commercial

11   Travel indebtedness.  Id.

12       Plaintiff ARC has settled with one additional defendant in which monies have been credited to

13   the ARC v. Commercial Travel case.  ARC entered into a settlement agreement with Charles Carter,

14   who agreed to pay ARC $100,000.  Mr. Carter has paid the entire amount of $100,000 under the terms

15   of the settlement agreement.  Id.

16       *The Assignment for the Benefit of Creditors*.  Defendant further contends that $246,042.63 is

17   being held in trust and available to Plaintiff.  As such, Defendant claims those funds should act as a set

18   off on the judgment.  See Defendant's Opposition to Motion for an Assignment Order.  Defendant's

19   assertion is misleading and erroneous.

20       Defendant Commercial Travel, as well as McCord Consumer Direct and Uniglobe Fairway

21   Travel, retained a New York law firm to perform an assignment for the benefit of creditors. Plaintiff

22   was not noticed of the assignment.  Instead, Plaintiff was informed of the assignment by third party

23   Charles Carter.  See Exhibits "11, 12" and Lewis Declaration.  After learning of the assignment,

24   Plaintiff ARC contacted the New York firm and requested an accounting of the proceeds and requested

25   distribution of Plaintiff's equitable share.  See Exhibits "12 - 14" and Lewis Declaration.

26       In response to Plaintiff's repeated requests, Plaintiff finally received an accounting, which

27   indicates Defendant Commercial Travel, Uniglobe Fairway Travel and McCord Consumer Direct's

28   combined asset sale resulted in $247,042.63.  Of that amount, Plaintiff's share, at the time of the

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

4

1   accounting, was estimated to be 48%, or $120,151.87. <u>See</u> Exhibit "15" and Lewis Declaration.

2   However, another creditor, Amadeus Global Travel, made a significant disputed claim. <u>Id</u>. If

3   Amadeus' claim is found to be valid, Plaintiff ARC's claim will be significantly reduced, as would

4   Defendant's credit. <u>Id</u>. To date, and despite Plaintiff's repeated requests, Plaintiff ARC has not

5   received any monies as a result of the assignment or any updates as to the status of the assignment. <u>See</u>

6   Exhibits "16, 17" and Lewis Declaration.

7       Consideration is not credited to a judgment until it is actually received. C.C.P. §695.220.

8   Accordingly, Defendant's contention is without merit and any monies not actually paid cannot be

9   proportionately applied to the Commercial Travel judgment.

10      Based upon the foregoing, Defendant Renda is entitled to a credit on the judgment in the

11  amount of $166,000, which is applied to costs, then interest and then to the principal balance due.

12  C.C.P. §695.220.

13      **3.      <u>Defendant Does Not Have Standing To Assert A Third Party's Claim</u>**.

14      A person does not have standing to assert a claim unless that person holds title to the claim, as

15  opposed to others who may be interested in or benefit by the litigation. <u>U-Haul Int'l, Inc. v. Jartran,</u>

16  <u>Inc.</u>, 793 F.2d 1034, 1038 (9th Cir. 1986).

17      A party cannot assert a claim for a third party unless the asserting party can show (1) a "distinct

18  and palpable injury;" (2) a substantial relationship between the asserting party and the third party; and

19  (3) an impediment of the ability of the third party to assert its own rights. <u>Harris v. Evans</u>, 20 F.3d

20  1118, 1122 - 1124 (11th Cir. 1994) [citations omitted].

21      <u>*Distinct and Palpable Injury*</u>. Defendant Renda cannot show a "distinct and palpable" injury.

22  As set forth in Defendant's moving papers, the alleged priority liens are three to 15 years old. <u>See</u>

23  Court Records, Defendant's opposition. Accordingly, Defendant cannot in good faith allege he will

24  suffer obvious injury for longstanding liens he has chosen to ignore until this moment.

25      <u>*Substantial Relationship*</u>. The substantial relationship requirement can be met in doctor-patient,

26  attorney-client, and vendor-vendee relationships. <u>Harris,</u> 20 F.3d at 1123. An adversarial relationship,

27  such as debtor-creditor, does not satisfy this requirement. <u>Id</u> Defendant is attempting to assert third

28  party rights for his various creditors. Defendant cannot satisfy the substantial relationship element.

**SAMPSON & ASSOCIATES**
**ATTORNEYS AT LAW**
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

*Third Party Impediment*.  Defendant has not, and cannot, establish that the Internal Revenue Service or additional third party judgment creditors are impeded in their ability to assert their own alleged priority rights in the property.

Defendant does not have standing, or third party standing, to assert alleged priority lien claims.

**2.    California Law Provides Legal Remedies For Third Party Claimants**.

Defendant contends that various creditors, including the Internal Revenue Service, have liens on the property that is the subject of the assignment motion.  In support of this contention, Defendant provides several tax liens, which were filed with the San Diego County Recorder, and two Abstracts of Judgment, which were filed with the San Diego County Recorder.  See Court Records, Defendant's Notice of Lodgement, Exhibits 1-9.

A third party that claims a superior security interest or lien on personal property that has been executed upon by a judgment creditor, has a statutory right to make a claim against the property.  C.C.P. §720.210.  Once a third party claim is made, the judgment creditor must, within 15 days of the claim,  move the court for a hearing on the validity of the third party claim.  C.C.P. §720.310.

A third party's rights are not affected by an assignment order until notice of the order is received by the third party.  See C.C.P. §708.540.  Upon notice of the order, the third party may make appropriate legal challenges to the order.  Kracht v. Perrin, Gartland & Doyle, 219 Cal. App. 3d 1019, 1022 n.1 (1990).

As a result, Defendant Renda's additional priority creditors have a remedy under California law to assert their alleged priority position, and permit this Court to make a determination of the alleged priorities.[1]

*Attorney Lien*.  When an attorney working under a contingency fee agreement is discharged from a matter, the attorney is entitled to the reasonable value of services rendered for that matter.  Fracasse v. Brent, 6 Cal. 3d 784, 790-791 (1972).  Plaintiff does not dispute that Defendant's attorney is entitled to the reasonable value of services rendered under his fee agreements.  Plaintiff is willing

---

[1]  Many of Defendant's third party creditor liens appear invalid.  The statute of limitations on IRS liens is 10 years. 26 U.S.C. §6502(a).  A judgment expires, as well as recorded Abstracts of Judgment, after 10 years, unless timely renewed. C.C.P. §683.020.  Moreover, Defendant's alleged liens do not appear to have attached to the property that is the subject of the assignment order.  26 U.S.C. §6323(a) and (f); Cal. U. Com Code §9501; C.C.P. §697.310.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

Case No. 08-MC-00088
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER
S:/Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\Reply.P&A.wpd

1    to work with Defendant's attorney regarding his claim.  However, this is no reason to deny the motion.

2        **3.      The Notice of Lien Is Enforceable Through An Assignment Order**.

3        A lien in a pending action is only valid "until the time for appeal of the judgment is expired or,

4    if an appeal is filed, until the appeal has been finally determined."  C.C.P. §708.410.  The purpose of

5    a lien in a pending action is to protect the judgment creditor's priority until the judgment is final and

6    non-appealable.  C.C.P. §708.410; Legislative Committee Comment.  A lien created under Section

7    708.410 may be enforced by any authorized remedy under the California Enforcement of Judgments

8    law, including an assignment order.  C.C.P. §708.480.

9        Although Plaintiff ARC filed a Notice of Lien in <u>Renda v. Nevarez II</u>, the lien is only valid

10   while the action is pending.  If the matter settles out of court, or the action is dismissed prior to

11   payment, the pending action lien is no longer valid.  <u>See</u> C.C.P. §708.410(d).  In order to fully secure

12   Plaintiff's lien in the lawsuit, Plaintiff needs an assignment order issued.  Therefore,  it is reasonable

13   and fair for the Court to order an assignment of interest in monies now due, or to become due in the

14   future, to Defendant as set forth in the proposed Order.  Otherwise, Plaintiff is left with no adequate

15   remedy under the law to enforce the judgment.

16                                      **CONCLUSION**

17       Based upon all of the foregoing, Plaintiff/Judgment Creditor Airlines Reporting Corporation

18   respectfully requests this Court grant its motion for an assignment order.

19                                          Respectfully submitted,

20   DATED: July 18, 2008                   **SAMPSON & ASSOCIATES**

21                              By:    /s/ Bryan D. Sampson
                                       Attorneys for Judgment Creditor
22                                     E-Mail: bsampson@sampsonlaw.net

23

24

25

26

27

28

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2159 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

Case No. 08-MC-00088
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Assignment\Reply.P&A.wpd