1  **SAMPSON & ASSOCIATES**
   Bryan D. Sampson, Esq. (#143143)
2  Mary L. Fickel, Esq. (#221872)
   2139 1st Avenue
3  San Diego, California 92101
   Tel. (619) 557-9420 / Fax (619) 557-9425
4  bsampson@sampsonlaw.net

5  Attorneys for Judgment Creditor
   AIRLINES REPORTING CORPORATION

6

7

8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 AIRLINES REPORTING CORPORATION,      Case No.  08-MC-00088

12          Plaintiff/Judgment Creditor,   **REPLY DECLARATION OF SUZANNE LEWIS IN SUPPORT OF MOTION FOR AN ASSIGNMENT ORDER**

13 v.

14 COMMERCIAL TRAVEL CORPORATION          Date:   July 25, 2008
   d/b/a MATLOCK TRAVEL, et al.,          Time:   10:00 a.m.
                                          Ctrm:   1, 4th Floor
15          Defendants/Judgment Debtors.   Judge:  Hon. Irma E. Gonzalez

16

17         I, Suzanne Lewis, declare:

18         1.      I am an attorney licensed to practice law in the State of Virginia.  I am an associate of

19 Bonner Kiernan Trebach & Crociata, LLP, attorneys of record for Plaintiff/Judgment Creditor Airlines

20 Reporting Corporation in the above-captioned matter against Defendant/Judgment Debtor Mario Renda

21 to enforce the judgment, in the sum of over $700,000.00 entered by the United States District Court,

22 Eastern District of Virginia.

23         2.      If called upon to testify, I could and would competently testify to the matters contained

24 herein based upon my personal knowledge, except as to those matters stated upon information and

25 belief, and as to those matters I am informed and believe thereon allege that they are true and correct

26 based upon my reasonable investigation.

27 / / /

28 / / /

                                    1

**Exhibits**

3.      Attached hereto as Exhibit "9" is a true and correct copy of third party Anthony Renda's Motion to Approve the Payment of Settlement Monies, filed in the U.S. District Court, Northern District of Illinois.

4.      Attached hereto as Exhibit "10" is a true and correct copy of the Order granting third party Anthony Renda's motion to approve payment of settlement monies, entered April 24, 2006 by the U.S. District Court, Northern District of Illinois.

5.      Attached hereto as Exhibit "11" is a true and correct copy of correspondence, noticing the sale of the travel agent entities' assets and distribution/assignment of those monies for the benefit of creditors, dated May 20, 2004.

6.      Attached hereto as Exhibit "12" is a true and correct copy of Plaintiff's correspondence to the New York firm acting as fiduciary of the monies obtained from the sale of the travel agent entities' assets regarding the assignment, dated June 29, 2004.

7.      Attached hereto as Exhibit "13" is a true and correct copy of Plaintiff's correspondence to the New York firm regarding the assignment, dated July 14, 2004.

8.      Attached hereto as Exhibit "14" is a true and correct copy of Plaintiff's correspondence to the New York firm regarding the assignment, dated August 4, 2004.

9.      Attached hereto as Exhibit "15" is a true and correct copy of correspondence from the New York firm regarding creditor claims and the expected percentage of distribution, dated August 12, 2004.

10.      Attached hereto as Exhibit "16" is a true and correct copy of Plaintiff's correspondence to the New York firm regarding the assignment, dated August 16, 2004.

11.      Attached hereto as Exhibit "17" is a true and correct copy of Plaintiff's correspondence to the New York firm regarding the assignment, dated January 4, 2006.

/ / /

/ / /

/ / /

/ / /

2

**Factual Background**

12.     Plaintiff ARC had claims in excess of $4,000,000.00 against, *inter alia*, Defendant Renda and third party Anthony Renda, based upon their relationship with, and the wrongful conversion of monies from, three separate travel agent entities, accredited by ARC.  As a result, Plaintiff ARC initiated litigation against the various travel agent entities and, among others, Defendant Renda and third party Anthony Renda.  The cases were as follows:

Airlines Reporting v. McCord Consumer Direct, et al – Circuit Court for Arlington County Virginia – claim amount $2,505,987.88.

Airlines Reporting v. Uniglobe Fairway Travel Inc. et al., – U.S. District Court, Eastern District of Virginia – claim amount $1,118,370.72.

Airlines Reporting v. Commercial Travel Corp. et al, – U.S. District Court, Eastern District of Virginia – claim amount $701,942.81.

13.     On November 30, 2005, Plaintiff ARC and third party Anthony Renda conducted a settlement conference before the Honorable Magistrate Judge Barry R. Poretz of the United States District Court, Eastern District of Virginia, in the Airlines Reporting Corp. v. Uniglobe, case.  As a result of that settlement conference and additional later negotiations, ARC and third party Anthony Renda tentatively agreed upon a mutual settlement of all Virginia actions that Plaintiff ARC had pending against third party Anthony Renda.

14.     Plaintiff ARC and third party Anthony Renda "tentatively" agreed to settlement because third party Anthony Renda could not agree to the settlement without court approval.  Specifically, I am informed and believe that third party Anthony Renda was required to obtain court approval for the settlement from the United States District Court, Northern District of Illinois in the case Federal Trade Commission v. International Research and Development Corp., et al, Case No. 04-cv-06901 ("FTC litigation").  I am informed and believe that in the FTC litigation, the FTC and third party Anthony Renda entered into a stipulated preliminary injunction, which was entered as an Order by the Illinois court. The injunction contained an asset preservation provision that restricted the transfer of assets other than for actual, necessary and ordinary business and living expenses.  Third party Anthony Renda moved the Illinois court for approval of the settlement.  Thereafter, the Illinois court entered an order

approving the settlement on April 24, 2006.

15.    I am informed and believe that the FTC sued for restitution in the amount of $15,000,000.00.  The significant FTC claim prompted Plaintiff ARC to globally settle with third party Anthony Renda for $675,000.00.

16.    Plaintiff ARC has settled with one additional defendant in which monies have been credited to the indebtedness sought in the <u>ARC v. Commercial Travel</u> case.  ARC entered into a settlement agreement with Charles Carter, who agreed to pay ARC $100,000.  Mr. Carter has paid the entire amount of $100,000 under the terms of the settlement.

17.    Plaintiff ARC apportioned payments received through the settlement with third party Anthony Renda between the three separate claims based upon the amount owed under the claim.  The apportioned percentages are:

    <u>ARC v. Uniglobe</u> – claim $1,118,370.72; proportionate share 23%;

    <u>ARC v. McCord</u> – claim $2,505,987.88; proportionate share 65%; and

    <u>ARC v. Commercial</u> – claim $701,942.81; proportionate share 12%.

18.    To date, third party Anthony Renda has paid $550,000 of the $675,000 settlement amount.  As such, $66,000 of those settlement proceeds (12%) have been applied toward the <u>ARC v. Commercial Travel</u> indebtedness.

19.    At no time has any defendant in any of the above actions requested an accounting on the claims or a partial satisfaction of judgment.

20.    Defendant Renda's allegations that an additional $247,042.63 are available to Plaintiff, and that Plaintiff has made no effort to collect that sum, are misleading and without merit.  Defendant Commercial Travel retained a New York law firm, of which Defendant Renda's son, and third party Anthony Renda's brother, is of counsel, to perform among, other things, a sale of the travel agent entities assets and distribution/assignment for the benefit of creditors. Plaintiff was not noticed of the asset sale and/or anticipated distribution/assignment.  Instead, Plaintiff was informed of the assignment by third party Charles Carter.  After learning of the asset sale and anticipated distribution/assignment, I contacted the New York firm and requested an accounting of the proceeds and requested distribution of Plaintiff's equitable share.

4

21.    I received an accounting, which indicates Defendant Commercial Travel, Uniglobe Fairway Travel and McCord Consumer Direct's combined asset sale resulted in $247,042.63. Of that amount, Plaintiff's share, at the time of the accounting, was estimated to be 48%, or $120,151.87. However, another creditor, Amadeus Global Travel, made a significant disputed claim. If Amadeus' claim is found to be valid, Plaintiff ARC's claim will be significantly reduced, as would Defendant's credit. To date, and despite my repeated requests, Plaintiff ARC has not received any monies as a result of the assignment or any updates as to the status of the assignment.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This Declaration is executed this 18th day of July, 2008, in the District of Columbia.

By: _____
Suzanne Lewis, Esq.

# EXHIBIT "9"

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:04-cv-06901 |
| v. | ) | |
| | ) | Judge William J. Hibbler |
| INTERNATIONAL RESEARCH AND | ) | |
| DEVELOPMENT CORPORATION OF | ) | Magistrate Judge Nan Nolan |
| NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO APPROVE
## THE PAYMENT OF SETTLEMENT MONIES

Defendants International Research and Development Corporation of Nevada
("IRD") and Anthony Renda ("Renda") (collectively "Defendants"), by their attorneys,
hereby move this honorable Court to approve the payment of settlement monies to
effectuate a settlement of three (3) separate actions against Defendants. The lawsuits that
are the subject of this Motion are comprised of multiple cases filed by Plaintiff, Airlines
Reporting Corporation ("ARC"), in State and Federal Courts in the Commonwealth of
Virginia (collectively the "Virginia Lawsuits") [1] (copies of the lawsuits are attached
hereto as Exhibit "A"). The litigation of these cases began in May of 2004 and remains
active against Mr. Renda.

The Virginia Lawsuits seek a total of approximately $5 million in actual damages
against multiple defendants. As of the date of this Motion, ARC and the Defendants
wish to resolve these matters amicably via an agreement and mutual release for a fraction
of that amount -- $675,000, with portions of the payment made over time. This

---

[1]    The Virginia Lawsuits are formally styled as: *Airlines Reporting Corporation v. Uniglobe
Fairway Travel, Inc., et al.*, Case No. 1:04cv622, U.S. District Court, Eastern District of Virginia;
*Airlines Reporting Corporation v. Commercial Travel Corporation, et al.*, Case No. 1:04cv622,
U.S. District Court, Eastern District of Virginia; and *Airlines Reporting Corporation v. McCord
Consumer Direct, et al.*, Case No. 05-367 in the Circuit Court, County of Arlington, Virginia.

settlement was negotiated with the assistance of the Honorable Magistrate Judge Barry R.
Poretz of the United States District Court, Eastern District of Virginia.

Defendants will pay to ARC a total of $675,000.00; to be paid as follows:
$300,000.00 by certified funds payable to ARC upon execution of a settlement agreement
and dismissal with prejudice of the Virginia Lawsuits, and $375,000.00 to be paid in
quarterly installments over a period of three (3) years, without any interest or finance
charges whatsoever, commencing March 31, 2006.

In particular, Defendants seek the Court's approval of the payment of settlement
monies to ARC to effectuate a settlement of the Virginia Lawsuits. Such approval is
necessary pursuant to the terms and conditions set forth in Section VI of the Stipulated
Preliminary Injunction, Ordered by this Court on or around December 13, 2004 (Attached
hereto as Exhibit "B").

Accordingly, Defendants move this court for an Order allowing the payment of
settlement monies in the Virginia Lawsuit for the following reasons: Notwithstanding
Defendants voluntary entry into a Stipulated Preliminary Injunction, Defendants maintain
their fundamental constitutional rights to defend themselves in any civil lawsuits and to
litigate and/or settle such actions as they deem necessary and proper; the Stipulated
Preliminary Injunction does not admit or determine liability or find the Defendants' liable
for the allegations contained the FTC's Complaint, an arms-length settlement facilitated
by a United States District Court Magistrate is in the interest of Defendants, and
potentially in the interest of the FTC as it will eliminate a significant contingent liability.
Moreover, although the FTC has not agreed to the release of such funds, the FTC has
failed to articulate any basis for an objection.

Counsel for Defendants have met and conferred with the FTC's staff attorneys
telephonically and in writing in accordance with the Federal Rule of Civil Procedure. As
of this date, the FTC has been unable to agree to the release of funds.

## BACKGROUND
### The FTC Action and the Stipulated Preliminary Injunction

On October 28, 2004, the FTC filed the instant suit alleging that Defendants
engaged in unfair or deceptive acts or practices and made advertisements for certain

3

products that were false or misleading in violation of Sections 5(a) and 12 of the Federal Trade Commission Act of 1945. The essence of the Complaint against Defendants is that the IRD made either false or unsubstantiated claims relating to the performance of its fuel savings products. To date, there has been no finding or ruling as to the validity of the products or the claims at issue.

On or about December 13, 2004, Defendants entered into a Stipulated Preliminary Injunction, Ordered by this Court. This order does not contain any finding or admission of liability or wrongdoing. However, Section VI of the injunction contains an asset preservation provision. In essence, the provision restricts the transfer of Defendants' assets other than those that are actual, ordinary, and necessary business or living expenses. Additionally, Defendants are not to pay amounts over $5,000 without giving five (5) day written notice to the FTC, or without obtaining approval by the Court. The parties contemplated Court intervention on some transactions where the FTC chose not to stipulate to a certain payment or did not respond timely.

**The Virginia Actions**

In the Virginia Lawsuits, ARC, a private entity unaffiliated with Defendants, filed three (3) separate actions against Defendant Renda commencing in May and July, 2004 and filed first amended actions at various times in 2005. ARC's complaints allege various causes of action including breach of contract, breach of fiduciary duty, conversion, fraud, statutory conspiracy, common law conspiracy and unjust enrichment. The Virginia Lawsuits seek a total of approximately $5 million in actual damages against multiple defendants, including Mr. Renda[2].

On November 30, 2005, ARC and the Defendants conducted a settlement conference before the Honorable Magistrate Judge Barry R. Poretz of the United States District Court, Eastern District of Virginia. With progress made at the conference, combined with productive discussion for a few weeks thereafter, the parties were able to tentatively agree upon a mutual settlement of all of the Virginia Lawsuits.

---

[2] Although, International Research & Development Corporation of Nevada ("IRD") is not a named defendant in the Virginia Lawsuits, the plaintiff has informally alleged damages against IRD. Additionally, IRD is included as a signatory to the proposed settlement agreement and is obtaining and giving a mutual release of claims by and from plaintiff, ARC.

4

On December 19, 2005, Defendants' counsel wrote to the FTC staff attorneys informing them of the current status of the litigation in the Virginia cases and giving notice of Defendants' intention to pay settlement monies to ARC to amicably resolve the Virginia Lawsuits. This correspondence notified the FTC that Defendants desired to settle these lawsuits for multiple practical and financial reasons (See Affidavit of Anthony Renda at ¶ 5). These reasons include: the current financial condition of Defendants, the benefit of halting the ongoing obligation of paying attorneys fees and litigation costs, and the certainty of resolution of these matters in an amicable fashion. Accordingly, Defendants believe that the proposed ARC settlements would be a prudent and necessary action considering the total claims sought by ARC and the amount of time and legal fees the litigation of these lawsuits will continue to consume (See Affidavit of Renda at ¶ 5).

In response, the FTC had sent some email correspondence seeking additional documentary information regarding the Virginia Lawsuits and requested additional time to approve or disapprove the payment of the settlement. Said documents were sent to FTC counsel promptly and were followed up closely by the Defendants' counsel.

On January 17, 2006, the FTC sent a brief letter to Defendants' counsel stating that, "at this time, [the FTC] was not agreeable to stipulate to the release of funds to effectuate the terms of the tentative settlement" (a copy of the letter is attached hereto as Exhibit "C"). Given that the FTC has not consented to the release of funds, Defendants seek the release pursuant to Section VI of the Stipulated Permanent Injunction.

## ARGUMENT

**I.    Effectuating the Settlement is Proper and Should be Approved:**

This Court is given the authority to approve any payment governed by the Stipulated Permanent Injunction in this case. Such payment needs to be made to effectuate the voluntary settlement of the Virginia Lawsuits. Magistrate Judge Poretz in the Virginia Lawsuits was informed of the FTC litigation at the November 30, 2005 settlement conference. Specific facts were included regarding the terms of the asset preservation provision and the concept of giving notice to the FTC before paying any settlement monies. Judge Poretz is familiar with the facts and allegations of ARC's

lawsuits and certainly recommended settlement if the parties were amenable to same. The Judge and his staff spent valuable time and effort in helping the parties resolve the matters amicably.

As stated, the cases involve protracted litigation in three (3) separate actions and will consume a large amount of judicial resources for the respective Courts. Also, the continuation of the matters will require unwarranted legal fees and costs to both parties in litigating cases which are, in essence, settled at this time (See Affidavit of Renda at ¶ 7). Additionally, the settlement of the Virginia Lawsuits in effect benefits the FTC by only reducing the Defendants' assets by a set amount. Otherwise, the amount of contingent liability of these claims could amount to a much larger exposure than the settlement amount agreed upon at this time. Thus, ARC and the Defendants should not be prejudiced by the FTC action in attempting to settle the Virginia Lawsuits.

## II.     The Stipulated Preliminary Injunction Provides Defendants With the Right to Seek Court Approval For the Payment of Such As Settlement Monies by Defendants in the Virginia Lawsuits:

While Defendants are subject to the provisions of the Stipulated Preliminary Injunction entered by this Court on December 13, 2004 which includes an asset preservation provision which restricts the transfer of assets other than those that are actual, ordinary, and necessary business or living expenses, Defendants may seek approval from the Court for the payment of other expenses.

Relevant parts of section VI of the Injunction read as follows:

- "Defendants are enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing, or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, other than those transfers that are actual, ordinary, and necessary business or living expenses that Defendants reasonably incur."

- "Defendants may pay amounts in excess of five thousand dollars ($5,000) only after providing counsel for the Commission [FTC] written notice via facsimile or e-mail at least five (5) days prior to such payment, or upon prior approval by the Court."

Since the FTC has not stipulated to the payment of settlement monies in the Virginia Lawsuits and the amount is in excess of $5,000 pursuant to Section VI of the Injunction, Defendants seek this Court's approval to effectuate the settlement. To date, Defendants have been in full compliance with all sections of the Preliminary Injunction. Accordingly, when ARC and Defendants reached a tentative settlement agreement, Defendants' counsel gave the requisite notice to the FTC under section VI of the Stipulated Preliminary Injunction. Of course, the proposed agreement is contingent upon Court approval or agreement of the FTC.

The spirit of the asset preservation provision is to preclude Defendants from needlessly and frivolously spending money and/or transferring assets to the disfavor or harm of the FTC. However, the payment of settlement monies can not be classified as needless, frivolous, or unnecessary. Moreover, these payments do not fit the explicit or implicit interpretation of the provision. The Virginia Lawsuits are arm-length actions that were first filed almost five (5) months prior to service of the FTC's Complaint. Additionally, the facts and circumstances of the cases are totally unrelated and the damages sought are separate and distinct.

### III. Defendants' Maintain a Fundamental Constitutional Right to Defend themselves in the Virginia Lawsuits:

Both the Virginia Lawsuits and the FTC action at hand, are only civil actions where the burden of proof is charged to the respective plaintiffs. Mr. Renda should be afforded the proper measures and rights to defend himself in the manner he chooses to litigate and/or resolve these actions. Most importantly, it seems that it is his Constitutional right to do so under Section I, Article I of the U.S. Constitution (additionally, Renda is obviously afforded similar fundamental rights as a citizen of California under the Constitution of the State of California). Also, the proposed settlement would certainly limit and curtail the potential financial liability of the claims and would avoid the uncertainty of trial for both the Defendants and any potential interest the FTC would have in same (See Affidavit of Renda at ¶ 6). Thus, the Defendants should be afforded their legal and Constitutional rights to defend themselves and/or settle the Virginia Lawsuits.

**IV. Without Meritorious Legal Objection by the FTC, this Court should Approve the Payment of Settlement Monies by Defendants:**

Defendants have made the position clear that they are asserting their Constitutional rights to defend themselves in the Virginia Lawsuits. In all correspondence from the FTC no reason has been given or even alluded to, as to why the agency is reluctant to stipulate to the payment of settlement monies by Defendants in the Virginia Lawsuits. This fact is evidenced by the FTC emails and the attached letter by the agency, dated January 17, 2006 (attached hereto as Exhibit "C"). Upon recommendation of the Magistrate Judge in the Virginia Lawsuits and the Constitutional rights of Defendants, this Court should approve the payment of settlement monies to ARC. Although the FTC has not stipulated to the release of settlement funds, the FTC has not articulated any basis for an objection and the payment of settlement monies.

## CONCLUSION

Defendants respectfully request that the foregoing Motion be granted and that the Defendants be permitted to pay settlement monies to ARC in the Virginia Lawsuits in accordance with the tentative settlement agreement in those matters.

Dated: Woodbury, New York
      January 18, 2006             Respectfully submitted,

                         s/Vincent Renda
                         Vincent Renda (VR-4779) (pro hac)
                         Steinberg, Fineo, Berger & Fischoff, P.C.
                         40 Crossways Park Drive
                         Woodbury, NY 11797
                         Tel: (516) 741-1212
                         Fax: (516) 741-9538

                         Attorneys for Defendants International Research & Development Corporation of Nevada and Anthony Renda

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-06901 |
| | ) | |
| v. | ) | Judge William J. Hibbler |
| | ) | |
| INTERNATIONAL RESEARCH AND | ) | Magistrate Judge Nan Nolan |
| DEVELOPMENT CORPORATION OF | ) | |
| NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF ANTHONY RENDA IN
SUPPORT OF DEFENDANTS' MOTION TO APPROVE
THE PAYMENT OF SETTLEMENT MONIES

I, Anthony Renda, declare as follows:

1. I have knowledge of the contents of this Affidavit in my personal and corporate capacities and if called to testify, could testify competently thereto.

2. Throughout all relevant time periods, I have been a resident domiciled in the State of California.

3. I am a named Defendant in the following lawsuits: *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc., et al.*, Case No. 1:04cv622, U.S. District Court, Eastern District of Virginia; *Airlines Reporting Corporation v. Commercial Travel Corporation, et al.*, Case No. 1:04cv622, U.S. District Court, Eastern District of Virginia; and *Airlines Reporting Corporation v. McCord Consumer Direct, et al.*, Case No. 05-367 in the Circuit Court, County of Arlington, Virginia.

4. On November 30, 2005, I attended a settlement conference in the Virginia Lawsuits. I am in agreement with the amicable resolution of those matters via an agreement and mutual release and payment of settlement monies to ARC in relation to same.

5.  Settlement of the Virginia Lawsuits is necessary and prudent for me at this stage
    of the litigation based on my current financial situation, the saving of attorneys
    fees and litigation costs, and the relief of resolving these matters amicably.

6.  The proposed settlement will limit my potential liability in the Virginia Lawsuits
    and will avoid the uncertainty of multiple trials.

7.  Moreover, the continuation of the Virginia Lawsuits against the parties' desires
    and intentions will require the payment of unwarranted legal fees and costs by
    myself and ARC for cases which are in essence, settled matters.

Dated:    San Diego, California
          January 18, 2006


          By:    s/Anthony Renda_____
                 Anthony Renda

10

# EXHIBIT "10"

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04-C-6901 | **DATE** | April 20, 2006 |
| **CASE TITLE** | FTC v. Int'l Research & Dev. Corp. et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' Motion to Approve Payment of Settlement Monies (Doc. #76) is GRANTED.

■ [ For further details see text below.]

---

### STATEMENT

The FTC has sued the International Research & Development Corp. and other Defendants (most of whom have settled) alleging that the Defendants' marketing and sale of products that allegedly increase automobile gas mileage while decreasing pollutants violated Section 5(a) of the FTC Act and Section 5(a)(1) of the CAN-SPEAM Act. Among other things, the FTC seeks restitution in the amount of $15,000,000 to consumers who were allegedly defrauded by the Defendants' deceptive acts. On December 13, 2004, the Court entered a stipulated preliminary injunction order as to the remaining Defendants (International Research and Anthony Renda). Among other things, the injunction contains an asset preservation clause.

Renda also faces three additional lawsuits in the Eastern District of Virginia and a Virginia state court (collectively, the Virginia lawsuits), each of which was brought by the Airlines Reporting Corporation. The Virginia lawsuits seek a total of approximately $5million in actual damages, however Renda has agreed to settle the Virginia lawsuits for $675,000 without interest or finance charges over three years (International Research is not named in the Virginia lawsuits, but ARC "informally alleged damages" against it and it is a signatory to the proposed settlement agreement).

International Research and Renda move to approve payment of the settlement funds, but the FTC opposes that motion. The FTC never really explains its basis for believing that settling the Virginia lawsuits would work to diminish Defendants' capital rather than preserve it — for the settlement wipes $4,325,000 in potential debt from the Defendants' books. The Court finds that the proposed payment in the Virginia lawsuits is reasonable and in the best interests of the affected parties and further that the FTC's opposition to the settlement is not consistent with the spirit and intent of the Preliminary Injunction. Therefore, the Court approves the payment of the settlement monies in the Virginia lawsuits.

| | | Courtroom Deputy Initials: | |
|---|---|---|---|

# EXHIBIT "11"

# STEINBERG, FINEO,
# BERGER & FISCHOFF P.C.

ATTORNEYS AND COUNSELORS AT LAW

40 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797
516-747-1136
FAX: 516-747-0382

STUART M. STEINBERG
FRANCIS G. FINEO
HEATH S. BERGER*
GARY C. FISCHOFF**
—————
JAMES H. BRANDT
DAVID A. FRIEDMAN
ERIC JUREST
WILLIAM K. OATES
FRANK A. BACANO****
JONATHAN H. SHIM**
STEVEN E. SHUMER****
SHARON D. SIMON
JEFFREY L. SOLOMON
HARRY R. THOMASSON, JR.***

OF COUNSEL:
LAWRENCE KATZ
MATTHEW KREINCES
BRIAN NOVAK

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN NEW JERSEY
*** ALSO ADMITTED IN MASSACHUSETTS
**** ALSO ADMITTED IN CONNECTICUT

May 20, 2004

Charles T. Carter
12 Camelia
Irvine, CA 92620

Re:   Commercial Travel Corporation, DBA Uniglobe
Commercial Travel, DBA Matlock Travel, DBA Costa
Travel, DBA Nevada Power Travel, DBA Sierra
Pacific Travel

Dear Sir :

This firm have been retained by Commercial Travel Corporation ("CTC") to marshal its assets and liquidate same for the benefit of its creditors. In that regard, CTC has listed your Company as a potential creditor and, as such, I would appreciate your forwarding to the undersigned a statement or invoice with supporting documentation evidencing the amount outstanding.

Although it is not certain that your Company may be a creditor we are notifying all vendors. Once we have determined the aggregate outstanding amount and have ascertained the amount of funds available for distribution, same will be made to each creditor of CTC on a pro rata basis.

CTC has chosen to proceed in this manner to avoid both the costs and excessive time that would be necessitated by a bankruptcy filing and with hopes that creditors will receive a greater distribution outside of a bankruptcy proceeding in a more expeditious manner.

In the event we do not hear from your Company within ten days from the date of this letter, we will assume that there are no monies outstanding to your Company and we will proceed accordingly.

Should you have any questions in the interim, please feel free to contact the undersigned

Very truly yours,

STEINBERG, FINEO, BERGER
& FISCHOFF, P.C

HEATH S. BERGER

Melville, New York • Central Islip, New York • Centereach, New York
Kew Gardens, New York • Bronx, New York
(by appointment only)

# EXHIBIT "12"

# BONNER KIERNAN TREBACH & CROCIATA

1250 Eye Street, N.W.
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
bktc@bktc.net
www.bktc.net

Connecticut
Maryland
Massachusetts
New Jersey
New York
Rhode Island
Virginia

June 29, 2004

**VIA FACSIMILE**
Heath S. Berger, Esq.
Steinberg, Fineo, Berger & Fischoff P.C.
40 Crossways Park Driver
Woodbury, New York  11797

      Re:    *Commercial Travel Corporation*

Dear Mr. Berger:

      This Firm represents Airlines Reporting Corporation in several actions pending and soon to be brought in the United States District Court for the Eastern District of Virginia against Commercial Travel Corporation and the several entities under which it does business, as well as individuals believed to be principals and involved in the operation of these entities.  It has come to our attention that you have contacted Commercial Travel Corporation's creditors to determine the claims that exist against it.  The total amount of indebtedness of Commercial Travel Corporation, and the several entities under which it does business, to Airlines Reporting Corporation is Four Million, Three Hundred Twenty-Six Thousand, Three Hundred One and 41/00 Dollars ($4,326,301.41).  Inasmuch as Airlines Reporting Corporation has not yet received such a letter from you requesting this information, please consider this correspondence as placing you on notice that Airlines Reporting Corporation has a claim in this amount against Commercial Travel Corporation.  Accordingly, any liquidation of Commercial Travel Corporation's assets for the benefit of creditors must take this indebtedness into consideration in distribution of such liquidated amounts.

      Please contact the undersigned in order to discuss this matter further.  Additionally, please advise if you will agree to accept service of the Complaints in the pending actions.

      Sincerely,

Suzanne M. Lewis

# Confirmation Report — Memory Send

```
Page      : 001
Date & Time: 06-29-04   05:34pm
Line 1    : 2027127100
Line 2    : +
Machine ID : BKT&C
```

| | | |
|---|---|---|
| Job number | : | 845 |
| Date | : | 06-29  05:30pm |
| To | : | ☎0630#0493#0042#15167470382# |
| Number of pages | : | 002 |
| Start time | : | 06-29  05:30pm |
| End time | : | 06-29  05:34pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 845          *** SEND SUCCESSFUL ***

FAXED

**BONNER
KIERNAN
TREBACH &
CROCIATA**

Connecticut
Maryland
Massachusetts
New Jersey
New York
Rhode Island
Virginia

1250 Eye Street, N.W.
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
www.bktc.net
slewis@bktc.net

# FACSIMILE    TRANSMISSION

| To: | Heath S. Berger, Esq. | Fax: | (516) 747-0382 |
|---|---|---|---|
| From: | Suzanne M. Lewis, Esq. | Date: | June 29, 2004 |
| Re: | Commercial Travel Corporation | Pages: | 2 pages including cover page |

□ Urgent     |     x For Review     |     □ Please Comment     |     □ Please Reply     |     □ Please Recycle

Comments:

If there is a problem with transmission or if you did not receive the complete facsimile, please call (202) 712-7000, ext. 7084.

Client/Matter Name: ARC          **Client/Matter No.: 0493-0042**

This Facsimile Transmission is intended only for the Addressee shown above. It may concern information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this Transmission or its Contents by persons other than the addressee is strictly prohibited. If you have received this Transmission in error, please notify the sender immediately by telephone and mail the original to the above address. Thank you.

# EXHIBIT "13"

# BONNER
# KIERNAN
# TREBACH &
# CROCIATA

1250 Eye Street, N.W.
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
bktc@bktc.net
www.bktc.net

Connecticut
Maryland
Massachusetts
New Jersey
New York
Rhode Island
Virginia

July 14, 2004

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
Heath S. Berger, Esq.
Steinberg, Fineo, Berger & Fischoff P.C.
40 Crossways Park Driver
Woodbury, New York 11797

Re:   *Commercial Travel Corporation, Uniglobe Fairway Travel, A Better Airfare*

Dear Mr. Berger:

Regarding the intended liquidation of the assets of the above-referenced entities and their related businesses, we have received no response from you to our letter dated June 29, 2004, stating the amount of ARC's claim against these entities. Please be advised that we will expect to hear from you in the event any liquidation occurs, and any action in derogation of ARC's rights in this regard will be acted on in the appropriate fashion.

Additionally, it has come to our attention that you have contacted airline carriers requesting advice as to the amount of their respective claims. Please note that ARC represents all airline carriers to which the above-referenced entities are indebted and stands in their shoes in collection of those amounts. Therefore, the amount of ARC's claim as indicated in the June 29, 2004 letter includes the claims of all airline carriers to which these entities are indebted. Furthermore, any and all future correspondence regarding the claims of airline carriers is to be directed to us.

Please contact the undersigned in order to discuss this matter further.

Sincerely,

Suzanne M. Lewis



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | Heath S. Berger, Esq. |

Postmark Here

7002 3150 0003 3835 9537

Sent To  Steinberg, Fineo, Berger & Fischoff P.C.
Street, Apt. No. or PO Box No.  40 Crossways Park Drive
City, State, ZIP+4  Woodbury, New York  11797

PS Form 3800, June 2002          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Heath S. Berger, Esq.
Steinberg, Fineo, Berger & Fischoff P.C.
40 Crossways Park Drive
Woodbury, New York  11797

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
7/15/04

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 3150 0003 3835 9537

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT "14"

# BONNER
# KIERNAN
# TREBACH & 
# CROCIATA

1250 Eye Street, N.W.
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
bktc@bktc.net
www.bktc.net

Connecticut
Maryland
Massachusetts
New Jersey
New York
Rhode Island
Virginia

August 4, 2004

Stuart M. Steinberg, Esq.
Steinberg, Fineo, Berger & Fishoff, P.C.
40 Crossways Park Drive
Woodbury, New York 11797

Re:    *Airlines Reporting Corporation v. Commercial Travel Corporation, et al.*
       Case No. 1:04cv613 (United States District Court, Eastern District of Virginia)
       *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc., et al.*
       Case No. 1:04cv622 (United States District Court, Eastern District of Virginia)

Dear Mr. Steinberg:

Further to the offer of your client, Anthony Renda, of $110,000.00 in settlement of his liability in the above-referenced matters on the condition of indemnification, we hereby advise that Plaintiff Airlines Reporting Corporation ("ARC") will not agree to any resolution of the matters that involves an indemnification provision.

Separately, ARC continues to maintain a claim against the assets of the travel companies as a part of its joint and several claims asserted against defendants named and still to be named. This claim totals approximately $4,300,000.00, as iterated in our letters of June 29, 2004, and July 14, 2004, to your colleague, Heath Berger, Esq. It is our understanding that approximately $250,000.00 is being maintained in escrow from the sale of the companies' assets. Please contact us to discuss the steps that need to be taken with respect to distribution of these funds to ARC as soon as possible. Please note that, in the event that ARC and Anthony Renda are not able to arrive at a settlement of his liability in the above matters, we will expect that none of the escrowed funds will be used in defense of Anthony Renda or any other individual defendants in these matters.

Additionally, ARC has filed an Amended Complaint in the above matters and, inasmuch as you have agreed to accept service on behalf of Mr. Renda of the original Complaint, although we have not received the three Waivers of Process from you, please advise whether you will also be accepting service of the Amended Complaints on Mr. Renda's behalf, or if we need to serve Mr. Renda personally.

We look forward to hearing from you.

Sincerely,

Suzanne M. Lewis

# EXHIBIT "15"

# STEINBERG, FINEO, BERGER & FISCHOFF P.C.

ATTORNEYS AND COUNSELORS AT LAW

401 BROADHOLLOW ROAD
MELVILLE, NEW YORK 11747
631-716-4164
FAX: 631-716-4186

STUART M. STEINBERG
FRANCIS G. FINEO
HEATH S. BERGER*
GARY C. FISCHOFF**

JAMES E. BRANDY
DAVID A. FRIEDMAN
GREG A. FRIEDMAN
LAURIE SAYEVICH HORZ**
ERIC JURIST
SEAN R. LASKY**
FRANK A. RACANO****
VINCENT RENDA*****
JONATHAN H. SHIM**
STEVEN E. SHUMER***
SHARON D. SIMON
JEFFREY L. SOLOMON
HARRY R. THOMASSON, JR.***

OF COUNSEL:

LAWRENCE KATZ
MATTHEW KREINCES
BRIAN NOVAK

*    ALSO ADMITTED IN DISTRICT OF COLUMBIA
**   ALSO ADMITTED IN NEW JERSEY
***  ALSO ADMITTED IN MASSACHUSETTS
**** ALSO ADMITTED IN CONNECTICUT
*****ALSO ADMITTED IN CALIFORNIA

August 12, 2004

via FACSIMILE and REGULAR MAIL
202-712-7100

Bonner, Kiernan, Trebach & Crociata
1250 Eye Street, N.W.
Washington, DC 20005

Attn: Suzanne M. Lewis

Re:  Airlines Reporting Corporation v. Commercial Travel Corp., et al.
     Case No. 1:04cv613 (United States District Court, Eastern District of Virginia)
     Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc., et al.
     Case No. 1:04cv622 (United States District Court, Eastern District of Virginia)

Dear Ms. Lewis:

Pursuant to your request, faxed herewith please find Spread Sheet setting forth the creditors, the amount claimed, the percentage of the claimed amount as same relates to the total amount claimed and the amount that would be paid each respective creditor based upon the monies currently being held in escrow. You will note that your client would receive $120,151.87 of the escrowed amount, plus my client is willing to pay an additional $110,000.00 to settle this matter without benefit of an indemnification agreement.

Obviously, the attachment indicates that I was provided misinformation, as I was initially advised that ARC's claim constituted 95% of the outstanding claims. You will note that the Amadeus Global Travel, LLC claim is, in my client's view, overstated by some $3,200,000.00. My client would be willing to pay to ARC the additional amount that ARC would receive (approximately $50,000.00) had Amadeus Global Travel reported the appropriate claim. In return, my client would request an assignment from ARC of said amount if we are able to negotiate and/or prove that Amadeus Global's claim is really $922,263.86 and not the $4,295,580.00 claimed.

Woodbury, New York • Central Islip, New York • Centereach, New York
Kew Gardens, New York • Bronx, New York

Page Two

    Kindly review this document and contact the undersigned as soon as possible so
we can see if we can bring this matter to fruition.  Thank you for your continued
cooperation.

                                    Very truly yours,

                                    Stuart M. Steinberg

SMS:cw
Encl.

| CREDITORS (w/o airlines) | AMOUNT CLAIMED | % | $247,050.76 |
|---|---|---|---|
| Airline Reporting Corp. | $5,326,301.41 | 0.486344864 | $120,151.87 |
| *Amadeus Global Travel, LLC | $4,295,580.00 | 0.39222963 | $96,900.63 |
| Riverbend Industries LLC | $1,040,659.80 | 0.0950227 | $23,475.43 |
| Chuck & Stephanie Carter | $250,000.00 | 0.022827513 | $5,639.55 |
| The Ribero Company | $19,282.73 | 0.001760707 | $434.98 |
| Time Warner Telecom | $9,161.00 | 0.000836491 | $206.66 |
| XO Communications | $6,982.33 | 0.000637557 | $157.51 |
| All-Good Supply Corp. | $1,296.49 | 0.000118383 | $29.25 |
| ASI Security | $836.81 | 7.64092E-05 | $18.88 |
| Mason & Son Plumbing & Heating | $648.33 | 5.9199E-05 | $14.63 |
| Hilton Heating & Air Conditioning | $466.00 | 4.25505E-05 | $10.51 |
| Daily Press | $277.32 | 2.53221E-05 | $6.26 |
| BCC Corp. | $111.12 | 1.01464E-05 | $2.51 |
| Days Inn | $93.51 | 8.5384E-06 | $2.11 |
| TOTAL | $10,951,696.85 | 100% | $247,050.76 |

*Proper Amount of Claim re Amadeus =$922,263.86

# EXHIBIT "16"

# BONNER KIERNAN TREBACH & CROCIATA

1250 Eye Street, N.W.
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
bktc@bktc.net
www.bktc.net

Connecticut
Maryland
Massachusetts
New Jersey
New York
Rhode Island
Virginia

August 16, 2004

**VIA FACSIMILE AND FIRST-CLASS MAIL**
Stuart M. Steinberg, Esq.
Steinberg, Fineo, Berger & Fishoff, P.C.
40 Crossways Park Drive
Woodbury, New York  11797

Re:    *Airlines Reporting Corporation v. Commercial Travel Corporation, et al.*
       Case No. 1:04cv613 (United States District Court, Eastern District of Virginia)
       *Airlines Reporting Corporation v. Uniglobe Fairway Travel, Inc., et al.*
       Case No. 1:04cv622 (United States District Court, Eastern District of Virginia)

Dear Mr. Steinberg:

        We are in receipt of your letter of August 12, 2004, identifying the claimants to the funds from the purported liquidation of the assets of Commercial Travel Corporation and affiliated agencies, currently in escrow with your firm.  In order to evaluate properly ARC's position with respect to these claimants, we hereby request documentation of these claims, as well as any supporting documentation provided to you to substantiate the amounts being sought by each claimant.  We additionally seek an accounting of the assets of the agencies, as well as a detailed listing of the age of each respective asset, their respective values, the amounts at which they were sold, the persons/entities to whom they were sold, and the manner in which each asset was sold.

        On a separate note, with respect to the Waivers of Service of Process, we have been authorized by ARC to allow Mr. Renda a forty (40) day extension of time to respond from the date of receipt of the Amended Complaint by you.  Please advise if we will need to serve Mr. Renda with the Amended Complaint ourselves.

        We look forward to hearing from you.

                                        Sincerely,

                                        Suzanne M. Lewis

# Confirmation Report — Memory Send

```
                              Page       : 001
                              Date & Time: 08-16-04   05:10pm
                              Line 1     : 2027127100
                              Line 2     : +
                              Machine ID : BKT&C
```

| | | |
|---|---|---|
| Job number | : | 794 |
| Date | : | 08-16  05:08pm |
| To | : | ☎0630#0493#0042#15167470382# |
| Number of pages | : | 002 |
| Start time | : | 08-16  05:08pm |
| End time | : | 08-16  05:10pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 794          *** SEND SUCCESSFUL ***

---

**B O N N E R**
**K I E R N A N**
**T R E B A C H &**
**C R O C I A T A**

Connecticut
Maryland
Massachusetts
New Jersey
New York
Rhode Island
Virginia

1250 Eye Street, N.W.
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
www.bktc.net
wwhite@bktc.net

# F A C S I M I L E    T R A N S M I S S I O N

| | | | |
|---|---|---|---|
| **To:** | Stuart M. Steinberg, Esq., Steinberg, Fineo, Berger & Fishoff, P.C. | **Fax:** | (516) 747-0382 |
| **From:** | Suzanne M. Lewis, Esq. | **Date:** | August 16, 2004 |
| **Re:** | Airlines Reporting Corporation v. Commercial Travel Corp., et al., & Uniglobe Fairway Travel, Inc., et al. | **Pages:** | 2 pages including cover page |

☐ Urgent    |    x For Review    |  ☐ Please Comment  |  ☐ Please Reply  |  ☐ Please Recycle

**Comments:**

If there is a problem with transmission or if you did not receive the complete facsimile, please call (202) 712-7000, ext. _____
Client/Matter Name: ARC/Commercial & Uniglobe    **Client/Matter No.: 0493-0042**

This Facsimile Transmission is intended only for the Addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this Transmission or its Contents by persons other than the addressee is strictly prohibited. If you have received this Transmission in error, please notify the sender immediately by telephone and mail the original to the above address. Thank you.

# EXHIBIT "17"

**BONNER
KIERNAN
TREBACH &
CROCIATA, LLP**

1250 Eye Street, NW
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
bktc@bktc.net
www.bktc.net

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

January 4, 2006

<u>**VIA FACSIMILE AND FIRST-CLASS MAIL**</u>
Stuart M. Steinberg, Esq.
Steinberg, Fineo, Berger & Fishoff, P.C.
40 Crossways Park Drive
Woodbury, New York 11797

    Re:  *Escrowed funds on behalf of Commercial Travel Corporation, A Better Airfare,
       and Uniglobe Fairway Travel*

Dear Mr. Steinberg:

   Pursuant to our prior correspondence regarding the claim of Airlines Reporting
Corporation ("ARC") to a portion of the funds being held in escrow by your firm as a result of
the purported liquidation of all of the assets of the above-referenced agencies, we hereby advise
that ARC has obtained a judgment against Uniglobe Fairway Travel in the amount of
$1,118,370.72 (see attached), and intends to enforce same against those funds. To that end, we
ask that you provide us with an updated accounting of the amounts being held as well as
documentation of all claims made against such amounts, together with any supporting
documentation provided to you to substantiate such claims. We additionally repeat our request
for an accounting of the assets of the agencies which were sold, as well as a detailed listing of the
age of each respective asset, their respective values, the amounts at which they were sold, the
persons/entities to whom they were sold, and the manner in which each asset was sold. We
would note that you agreed to provide us with such information and documentation on
September 1, 2004; however, we have not received any information or documentation to date.

   We look forward to hearing from you.

           Sincerely,

           Suzanne M. Lewis

Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Airlines Reporting Corporation,              )
                                             )
            Plaintiff,                        )
                                             )
v.                                           )            1:04cv622
                                             )
Uniglobe Fairway Travel, Inc., et al.,       )
                                             )
            Defendants.                       )

DEC − 8 2005

U.S. ............ ....
ALEX...... V....H..

## JUDGMENT

Pursuant to the order of this Court entered on December 8, 2005, and in accordance

with Federal Rules of Civil Procedure 58, JUDGMENT is hereby entered by default in favor of the

plaintiff, Airlines Reporting Corporation and against defendant, Uniglobe Fairway Travel, Inc.

in the amount of $ 1,118,370.72.

Elizabeth H. Paret, Clerk

By: _____
Deputy Clerk

Alexandria, Virginia
December 8, 2005

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

```
DEC - 8 2005

U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

AIRLINES REPORTING CORPORATION,  )
     Plaintiff,                   )
                                  )
            v.                 )     Civil Action No. 1:04cv622
                                  )
UNIGLOBE FAIRWAY TRAVEL, INC., et al., )
     Defendants.                  )

## JUDGMENT ORDER

       Upon consideration of the November 16, 2005 Report and Recommendation of the United

States Magistrate Judge designated to conduct a hearing in this matter, no objections having been

filed, and upon an independent *de novo* review of the record, it is hereby **ORDERED** that the Court

adopts as its own the findings of fact and recommendation of the United States Magistrate Judge,

as set forth in the November 16, 2005 Report and Recommendation.

       Accordingly, it is hereby **ORDERED** that judgment is **ENTERED** by default in favor of

plaintiff and against defendant Uniglobe Fairway Travel, Inc. in the total amount of $1,118,370.72,

consisting of (i) $1,379.50 in unreported sales, (ii) $1,112,394.21 in dishonored bank drafts, (iii)

$4,336.50 in credit card chargebacks, and (iv) $260.51 in miscellaneous airline charges.

       The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P.

       The Clerk is further **DIRECTED** to send a certified copy of this Judgment Order to

defendants and all counsel of record.

                            T. S. Ellis, III
                            United States District Judge

Alexandria, VA
December 8, 2005

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
     DEPUTY CLERK