1  JOHN J. FRENI, ESQ. (Bar No. 132912)
   A Professional Law Corporation
2  600 West Broadway, Suite 400
   San Diego, CA 92101
3  (619) 557-9128; (619) 515-1197

4  Attorneys for Defendant, MARIO RENDA

5

6

7

8                 **UNITED STATES DISTRICT COURT**

9            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  AIRLINES REPORTING CORPORATION,    | CASE NO. 08-MC-00088

11        Plaintiff/Judgment Creditor,  | DEFENDANT MARIO RENDA'S REPLY
                                        | MEMORANDUM OF POINTS AND
12  v.                                  | AUTHORITIES IN SUPPORT OF MOTION
                                        | TO VACATE DEFAULT JUDGMENT
13  COMMERCIAL TRAVEL                   | PURSUANT TO FEDERAL RULES OF
    CORPORATION d/b/a MATLOCK           | CIVIL PROCEDURE, RULE 60 (b)(4)
14  TRAVEL, et al.,
                                        | Date:      July 25, 2008
15        Defendants/Judgment Debtors.  | Time:      10:00 a.m.
                                        | Dept.:     1, 4th Floor
16                                      | Judge:     Hon. Irma E. Gonzalez

17

18                                      | Judgment entered: September 4, 2007

                              **I.**

19                        **INTRODUCTION**

20        Plaintiff AIRLINES REPORTING CORPORATION's ("ARC") submissions to this

21  Court do not establish that personal jurisdiction existed over defendant MARIO RENDA in

22  Virginia.  Unfortunately for ARC, the doctrine of collateral estoppel and the rules of evidence

23  apply here.

24        Mr. RENDA has met all of the elements of collateral estoppel.  Contrary to ARC's

25  contentions, "a jurisdictional dismissal that does not constitute a judgment on the merits so as

26  to completely bar further transactionally related claims still operates to bar relitigation of issues

27  actually decided by that former judgment."  *Goldsmith v. Baltimore*, 987 F.2d 1064, 1069 (4th

28  Cir. 1993).

                                   1

1     ARC's contention that the *Uniglobe* case is "administratively closed" is incorrect.  All

2   of the *Uniglobe* defendants named have either been dismissed or have had a default judgment

3   entered against them, and therefore, the March 21, 2005 Order that dismissed Mr. RENDA

4   without prejudice for lack of personal jurisdiction is a final order.  *Equip. Fin. Group, Inc., v.*

5   *Traverse Computer Brokers*, 973 F.2d 345, 347-348 (4th Cir. 1992).  Moreover, all of the

6   claims ARC pursued against Mr. RENDA in *Uniglobe* are now barred by the applicable

7   statutes of limitation.

8     ARC partially quotes *Beckett v. Bundick (In re Bundick)*, 303 B.R. 90 (Bankr. E.D.

9   Va. 2003), out of context in order to misstate the showing necessary to meet the element of

10   mutuality under the Virginia law on collateral estoppel.  A fair and complete quote from *In re*

11   *Bundick* shows that the element of mutuality is satisfied where, as here, the relevant parties

12   from the prior and current cases are the same.  *Id.* at 102.

13     Even if collateral estoppel did not apply, ARC has failed to meet its burden to prove

14   personal jurisdiction.  The burden of proof is on ARC, not Mr. RENDA.  *McNutt v. General*

15   *Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)(party who seeks the exercise of

16   jurisdiction in his favor bears the burden of showing he is properly in court).  ARC cannot rely

17   on the unsupported allegations in its complaint, the blatant speculations of its counsel and

18   inadmissible hearsay to establish personal jurisdiction; it must support its jurisdictional

19   allegations with competent proof.  *Id.* ("If his allegations of jurisdictional facts are challenged

20   by his adversary in any appropriate manner, he must support them by competent proof").

21   ARC has not submitted one shred of competent, admissible evidence that demonstrates that

22   Mr. RENDA had any type of contact with Virginia, let alone the necessary minimum contacts

23   constitutionally required to establish personal jurisdiction.

24   **II.**

25   ***FDIC v. AARONIAN* DOES NOT STAND FOR THE**
26   **PROPOSITION THAT RULE 60(b) MOTIONS SHOULD**
      **BE BROUGHT IN THE RENDERING COURT**

27     In *FDIC v. Aaronian,* 93 F.3d 636 (9th Cir. 1996), the Ninth Circuit recognized that a

28   court of registration has jurisdiction to entertain motions challenging the underlying judgment.

2

1   *Id.* at 639.  The Ninth Circuit also commented in *dicta* that registering courts generally prefer

2   litigants to bring motions for postjudgment relief in the rendering court, but the Court then

3   declared, "We have not previously considered our approach to this question and need not do so

4   in this case." *Id.* at 640.  Thus, *FDIC v. Aaronian*, *supra*, does not stand for the proposition

5   that a litigant must bring a Rule 60 motion in the rendering court; quite the contrary.  *See, id.*

6       In *Covington Indus., Inc., v. Resintex, A.G.,* 629 F.2d 730 (2d Cir. 1980), the Second

7   Circuit explained that when dealing with a default judgment, there is no basis to prefer that the

8   rendering court hear a Rule 60(b) motion:

> 9    Although Rule 60(b) does not specify the correct forum for presenting a motion
> 10   for relief from judgment, the motion is generally brought in the district court
>      rendering judgment.  In the usual case, the court of rendition will be more
>      familiar with the facts than the court of registration and perhaps more
> 11   conversant with the applicable law.  ***Where the 60(b) motion is for relief from a***
>      ***default judgment, however, the assumptions about a rendering court's***
> 12   ***qualifications no longer apply.  Where the defendant does not appear to***
>      ***contest jurisdiction and the court does not receive evidence or make findings in***
> 13   ***the matter except on the issue of damages, the court of rendition is no more***
>      ***familiar with the factual situation than is the court of registration.  Under***
> 14   ***these circumstances, the court of registration therefore seems as qualified to***
>      ***determine the jurisdiction of the rendering court, particularly when the latter***
> 15   ***is a federal court of coordinate authority.***

16  *Id.* at 733 (citations omitted)(emphasis added).

17      The Second Circuit also explained that recognizing the power of the registering court to

18  determine the jurisdiction of the rendering court is particularly appropriate, "'[because] by

19  registering the judgment in a particular forum the creditor seeks to utilize the enforcement

20  machinery of that district court [, and therefore,] it is not unreasonable to hold that the latter

21  court has the power to determine whether relief should be granted the judgment debtor under

22  [Rule] 60(b).'" *Id.* at 733-734 (*quoting*, 7 Moore's Federal Practice P 60.28(1) at 391-92 (2d

23  ed. 1979)).

24                              **III.**

25          **AN ORDER OF DISMISSAL FOR LACK OF JURISDICTION**
            **HAS COLLATERAL ESTOPPEL EFFECT**
26

27      "[A] jurisdictional dismissal that does not constitute a judgment on the merits so as to

28  completely bar further transactionally related claims still operates to bar relitigation of issues

                                  3

1   actually decided by that former judgment." *Goldsmith, supra,* at 1069.  It is beyond dispute

2   that the issue of whether personal jurisdiction existed over Mr. RENDA in Virginia was fully

3   litigated in *Uniglobe*, and that ARC failed to prove its jurisdictional allegations.  6/30/2008

4   Defendant's Notice of Lodgment ("DNOL"), Ex. 1, pp. 7 - 15.

5                                        **IV.**

6                   **ARC CANNOT RESURRECT ITS *UNIGLOBE***
                 **CLAIMS AGAINST MR. RENDA BECAUSE THE ORDER OF**
7               **DISMISSAL IS FINAL AND THE CLAIMS ARE BARRED BY**
                     **THE APPLICABLE STATUTES OF LIMITATION**
8

9        ARC's unsupported assertion that *Uniglobe* was "administratively closed," rather than

10  resolved through a final judgment is without merit.  Every defendant named in *Uniglobe* has

11  been dismissed, except for Uniglobe Fairway Travel, which had a default judgment entered

12  against it on December 8, 2005.  DNOL, Ex. 9, p. 174, Doc. ## 29, 30 & 31, p. 176, Doc. #

13  49, p. 177, Doc. # 61, p. 180, Doc. # 90, p. 181, Doc. ## 92, 93, 94 & 95 (10/14/05 entry),

14  pp. 182 - 183, Doc. # 107, p. 183, Doc. # 109, p. 184, Doc. # 120.  The last dismissal was

15  entered over two years ago, when the court entered the dismissal of Anthony Renda on May

16  26, 2006.  *Id.* at Ex. 9, p. 184, Doc. # 120.  Although the general rule is that an order that

17  dismisses some but not all defendants is not a final appealable order (*see*, Fed. R. Civ. Proc.,

18  R. 54(b)), once the claims of all remaining defendants are resolved, the prior order of

19  dismissal is final and appealable.  *Equip. Fin. Group, Inc., v. Traverse Computer Brokers*, 973

20  F.2d 345, 347-348 (4th Cir. 1992)(where the 4th Circuit joined the 2d, 3d, 5th, 6th, 8th, 9th, 11th,

21  and D.C. Circuits in recognizing cumulative finality when all joint claims or all multiple

22  parties are dismissed).  Therefore, when the court dismissed Anthony Renda on May 26, 2006,

23  the order that dismissed Mr. RENDA became appealable as a final order.  *See, id.*  ARC was

24  required to file a notice of appeal within 30 days, or by June 26[1], 2006, if it wished to

25  challenge the March 21, 2005 Order.  *See,* Fed. R. App. P. 4(a).

26        The claims ARC brought against Mr. RENDA in *Uniglobe* are also barred by the

27  applicable statutes of limitation.  ARC sued Mr. RENDA for breach of fiduciary duty,

28

[1]      June 25, 2006 was a Sunday.

4

1    conversion, fraud, statutory conspiracy, common law conspiracy and unjust enrichment.

2    DNOL, Ex. 1, p. 3. Under Virginia law, the statute of limitation for conversion, fraud,

3    breach of fiduciary duty and unjust enrichment is two years. Va. Code Ann. § 8.01-243

4    (fraud); *Mich. Mut. Ins. Co. v. Smoot*, 183 F.Supp.2d 806, 812 (E.D. Va. 2001)(two-year

5    catchall statute of limitations, Va. Code Ann. § 8.01-248, applies to unjust enrichment claims);

6    *FDIC v. Cooke*, 7 F.3d 396, 402 (4th Cir. 1993)(Va. Code Ann. 8.01-248 applies to breach of

7    fiduciary duty claims). *McNew v. People's Bank*, 1993 U.S. App. LEXIS 17671 at pp. 16-17

8    (Va. Code Ann. § 8.01-248 applies to conversion cause of action). The limitations period for

9    a civil conspiracy claim is based on the statute of limitation for the underlying act. *Hurst v.*

10    *State Farm Mut. Auto Ins. Co.*, 2007 U.S. Dist. LEXIS 21172 at pp. 16-17. All of these

11    statutes of limitation have run because the claims against Mr. RENDA were dismissed over

12    three years ago.

13    ARC's reliance on *Ozyagcilar v. Davis*, 701 F.2d 306 (4th Cir. 1983) and *Penn-Am.*

14    *Ins. Co., v. Mapp*, 521 F.3d 290 (4th Cir. 2008) is misplaced. *Ozyagcilar* merely recognizes

15    that a district court has the power to enforce a settlement agreement entered into in litigation

16    before the court, but that it does not have the power to impose a settlement when there was no

17    meeting of the minds between the parties. *Ozyagcilar, supra,* at 308. This legal principle is

18    completely irrelevant to the matters at issue in this motion.

19    In *Penn-Am. Ins. Co., supra,* the district court issued an order that administratively

20    closed the case until the Virginia state court ruled on a related underlying action. *Penn-Am.*

21    *Ins. Co., supra,* 521 F.3d at 292-294. The Eastern District of Virginia never administratively

22    closed the *Uniglobe* case.

23    By any measure, the United States District Court for the Eastern District of Virginia's

24    order dismissing Mr. RENDA from *Uniglobe* without prejudice for lack of personal

25    jurisdiction constitutes a final judgment for purposes of collateral estoppel.

26    / / /

27    / / /

28    / / /

**V.**

## UNDER VIRGINIA LAW, "MUTUALITY" IS ESTABLISHED WHERE
## THE PARTIES ARE THE SAME IN THE PRIOR AND CURRENT LITIGATION

ARC partially quotes *Beckett v. Bundick (In re Bundick)*, 303 B.R. 90 (Bankr. E.D. Va. 2003) out of context.  A complete quotation from *In re Bundick*, shows that it is beyond dispute that mutuality is satisfied here:

> In Virginia, collateral estoppel requires mutuality.  Mutuality means that a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result.
>
> ***The question of whether there is mutuality here is predetermined because the Court has already held that the parties are the same as the original action.  If the parties are the same, there is mutuality.***  Because the Court has determined, supra, that the parties are virtually identical, the Court reaches the logical conclusion that both parties are equally bound by the prior litigation.  Therefore, the Court concludes that mutuality exists, and, consequently, this element of collateral estoppel has been established.

*In re Bundick, supra,* at 102-103 (citations omitted).

ARC quoted only the second sentence of the first paragraph above, rather than provide the Court with a complete quotation of the bankruptcy court's explanation of the mutuality element, which shows that where, as here, the parties are the same in the prior and current litigation, there is mutuality.  *Id.*; *see, also, Hozie v. Preston,* 493 F. Supp. 42, 44 (W.D. Va. 1980)("In subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action")(*citing, Bates v. Devers,* 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974); *accord*, *In re Prof'l Coatings (N.A.), Inc.*, 210 B.R. 66, 85 (Bankr. E.D. Va. 1997)(mutuality predetermined because the trustee who sought to invoke collateral estoppel was in privity with a party to the prior proceedings).

Moreover, as explained in *Hozie, supra*, mutuality is not supposed to be mechanically applied, and the relevant consideration is whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.  *Hozie, supra*, 493 F. Supp. at 45.

/ / /

6

1      ARC has now had two full and fair opportunities to litigate the personal jurisdiction

2  issue, first in *Uniglobe*, and then in the San Diego County Superior Court in *McCord*, and it

3  lost twice.  ARC now wants a third "bite at the apple," and if the Court rules it has failed a

4  third time, it wants to conduct further discovery and take a fourth run at the issue.

5      *Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002), does not concern the element of

6  mutuality under Virginia law or otherwise.  In *Jackson, supra*, the Fifth Circuit held that a

7  defendant who knowingly allowed a default judgment to be rendered against him could still

8  bring a motion for relief under Rule 60(b)(4) to contest a factual finding that was vital to the

9  district court's determination of personal jurisdiction despite a Louisiana statute that provided

10  that jurisdiction over a person is conclusively established if the person fails to timely file a

11  declinatory exception.  *Id.* at 518, 522-523.  The Fifth Circuit declined to determine whether a

12  different state law could be used as the federal rule for determining the preclusive effect of

13  jurisdictional findings made by a federal court sitting in diversity.  *Id.* at 522, n. 17.

14                                    **VI.**

15            **EVEN IF COLLATERAL ESTOPPEL DOES NOT APPLY,**
           **ARC HAS FAILED TO MEET ITS BURDEN TO PROVE PERSONAL**
16            **JURISDICTION EXISTED OVER MR. RENDA IN VIRGINIA**

17  **A.    ARC Must Prove Jurisdiction by a Preponderance of the Evidence**

18      "The burden of proving *in personam* jurisdiction rests with the plaintiff." *Superfos*

19  *Inv., Ltd., v. Firstmiss Fertilizer, Inc.*, 774 F.Supp. 393, 397 (E.D. Va. 1991)(*citing, McNutt*

20  *v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Haynes v. Carr,* 427 F.2d 700,

21  704 (4th Cir. 1970); *Data Disc, Inc., v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.

22  1977).  As the United States Supreme Court held over 70 years ago, a plaintiff may not rely on

23  his allegations to prove up jurisdiction, but rather, when challenged, he must prove jurisdiction

24  by a preponderance of the evidence.  *McNutt, supra*, at 189.

25      The rule the Ninth Circuit adopted in *SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d

26  1161 (9th Cir. 2007), does not apply here because Mr. RENDA's challenge to personal

27  jurisdiction is not based on a claim of ineffective service of process.  *See, id*. at 1166 (where

28  the Ninth Circuit recognized the general rule that the plaintiff must prove jurisdiction).

1    *Carefirst of Maryland., Inc., v. Carefirst Pregnancy Centers., Inc.*, 334 F.3d 390 (4th

2    Cir. 2003), does not establish that under Virginia law, a court must take all disputed facts and

3    reasonable inferences in favor of the plaintiff when determining whether personal jurisdiction

4    exists. *Carefirst of Maryland* does not concern Virginia law at all because it is an appeal from

5    a judgment of dismissal based on a lack of personal jurisdiction in Maryland rendered by the

6    United States District Court for the District of Maryland. *Id.* at 390, 393. The principle ARC

7    refers to is a federal standard that applies only when a district court is deciding a pretrial

8    jurisdiction dismissal motion under Federal Rule of Civil Procedure, Rule 12(b)(2), without an

9    evidentiary hearing. *Id.* at 396.

10   **B.     ARC has Failed to Prove Jurisdiction.**

11   "It is well-established that a federal court may exercise personal jurisdiction over a non-

12   resident defendant only if: (i) the applicable state long-arm statute confers jurisdiction; and (ii)

13   the assertion of that jurisdiction is consistent with constitutional due process." *DeSantis v.*

14   *Hafner Creations, Inc.,* 949 F.Supp. 419, 422 (E.D. Va. 1996).

15   With respect to the first step of the jurisdiction analysis, ARC relies upon Section 8.01-

16   328.1(A)(4) of the Virginia Code[2], which requires a plaintiff to prove two elements to establish

17   jurisdiction:

18   (1) that the defendant committed an act or omission outside Virginia that caused tortious

19   injury in Virginia, and

20   (2) that the defendant:

21   (a) regularly does or solicits business in Virginia;

22

23   [2]  Section 8.01-328.1(A)(4), provides:

24   A court may exercise personal jurisdiction over a person, who acts directly or by
     an agent, as to a cause of action arising from the person's:

25                     .          .          .          .

26        4.  Causing tortious injury in this Commonwealth ***by an act or omission***
     ***outside this Commonwealth if he regularly does or solicits business, or engages***

27   ***in any other persistent course of conduct, or derives substantial revenue from***
     ***goods used or consumed or services rendered, in this Commonwealth***;

28

Va. Code Ann. § 8.01-328.1(A)(4) (2008)(emphasis added).

1          (b)  engages in any other persistent course of conduct in Virginia; or

2          (c)  derives substantial revenue from goods used or consumed or services

3          rendered in Virginia.

4    Va. Code Ann. § 8.01-328.1(A)(4) (2008).

5          The provisions of Section 8.01-328.1 extend personal jurisdiction to the outermost

6    boundaries of due process, but its provisions must still be satisfied even where it could

7    plausibly be argued that a lesser standard would meet due process. *DeSantis, supra,* 949

8    F.Supp. at 423. "In other words, it is possible that a non-resident defendant's contacts with

9    Virginia could fulfill the dictates of due process, yet escape the literal grasp of Virginia's long-

10   arm statute." *Id.*

11         With respect to the second, constitutional step, of the analysis, the plaintiff must prove

12   that the defendant purposefully established "minimum contacts" with the forum state such that

13   the maintenance of the suit does not offend traditional notions of fair play and substantial

14   justice. *Id.*

15         ARC has failed to establish either element necessary to prove jurisdiction under Section

16   8.01-328.1(A)(4), or any type of contact between Mr. RENDA and Virginia, let alone the

17   constitutionally mandated minimum contacts necessary to establish personal jurisdiction. The

18   inadmissible, unsupported and incorrect accusations and speculations of ARC's counsel and

19   employees, and the inadmissible hearsay ARC has submitted to this Court, prove nothing.

20   This is not a name-calling contest; calling Mr. RENDA a liar is not evidence. Nor is anything

21   else ARC has submitted to this Court. ARC was required to prove jurisdiction through a

22   preponderance of the evidence. *McNutt, supra,* at 189. For the third time, it has failed to do

23   so, and for a very good reason; it can't. Mr. RENDA has no contacts with Virginia.

24                                         **VII.**

25         **MR. RENDA RESPECTFULLY SUBMITS THAT ARC SHOULD NOT**
             **BE ALLOWED A FOURTH "BITE AT THE APPLE"**
26

27         ARC filed this case over four years ago. DNOL, Ex. 10, p. 186. ARC has known

28   since at least March 2, 2005, when Magistrate Poretz issued his Supplemental Report and

1   Recommendation in *Uniglobe*, that personal jurisdiction did not exist over Mr. RENDA in

2   Virginia.  ARC concedes by its silence that it intentionally failed to disclose the *Uniglobe*

3   judgment from both the District judge who presided over this action in the Eastern District of

4   Virginia, and from the Circuit Court for Arlington County, Virginia, that presided over the

5   *McCord* case.  Rather than pursuing its claims against Mr. RENDA in California, ARC

6   preferred to be less than candid with two courts in order to wrongfully secure default

7   judgments without opposition.

8          Default judgments are disfavored because cases should be decided on their merits.

9   *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).  Moreover, Rule 60(b) is

10  a remedial statute that should be liberally applied.  *Id*.  Where, as here, it is established that the

11  rendering court lacked personal jurisdiction over a defendant, it is a *per se* abuse of discretion

12  for a district court to deny a defendant's motion to vacate a judgment.  *Antoine v. Atlas*

13  *Turner, Inc.,* 66 F.3d 105, 108 (6th Cir. 1995).  ARC asks this court to ignore all of these

14  well-established principles, and the doctrine of collateral estoppel, to afford it yet another

15  opportunity to try to maintain a default judgment it never should have received in the first

16  place.  As the Eastern District of Virginia found in *Uniglobe*, personal jurisdiction did not exist

17  over Mr. RENDA in Virginia.  ARC has failed to submit any type of competent evidence to

18  prove otherwise, despite having over four years to gather such evidence if it existed, and two

19  prior opportunities to argue the personal jurisdiction issue.  "One trial of an issue is enough."

20  *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 78 (1939).

21                                    **VIII.**

22                                  **CONCLUSION**

23         For the forgoing reasons, Mr. RENDA respectfully requests that the Court grant his

24  motion to vacate.

25

26  Dated: July 21, 2008            JOHN J. FRENI, ESQ.
                                    A Professional Law Corporation
27

28                                  By: **s/ JOHN J. FRENI, ESQ.**
                                        Attorneys for Defendant, MARIO RENDA

                                    10