```
 1  JOHN J. FRENI, ESQ. (Bar No. 132912)
    A Professional Law Corporation
 2  600 West Broadway, Suite 400
    San Diego, CA 92101
 3  (619) 557-9128; (619) 515-1197

 4  Attorneys for Defendant, MARIO RENDA
```

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, *et al.*,<br><br>Defendants/Judgment Debtors. | CASE NO. 08-MC-00088<br><br>OBJECTIONS OF DEFENDANT MARIO RENDA TO THE JULY 14, 2008, DECLARATIONS OF SUZANNE LEWIS AND DEBORAH ERICKSON IN OPPOSITION TO MOTION TO VACATE JUDGMENT<br><br>Date:     July 25, 2008<br>Time:    10:00 a.m.<br>Ctrm:    1, 4th Floor<br>Judge:   Hon. Irma E. Gonzalez<br><br>Judgment: September 4, 2007 |

Defendant MARIO RENDA submits the following objections to the July 14, 2008, Declarations of Suzanne Lewis, Esq., and Deborah Erickson submitted in opposition to his Motion to Vacate Judgment.

**7/14/08 LEWIS DECLARATION**

Page 2, paragraph 3, lines 1-3 and Exhibit A

Objections:   Hearsay, lacks foundation, irrelevant. Ms. Lewis lacks the personal knowledge necessary to authenticate Exhibit A.

Page 2, paragraph 4, lines 4-5 and Exhibit B

Objections:   Hearsay, lacks foundation, irrelevant. Ms. Lewis lacks the personal knowledge necessary to authenticate Exhibit B.

1

1     <u>Page 2, paragraph 5, lines 5-7 and Exhibit C</u>

2     Objections:    Hearsay, lacks foundation, irrelevant. Ms. Lewis lacks the personal

3     knowledge necessary to authenticate Exhibit C.

4     <u>Page 2, paragraph 6, lines 7-10 and Exhibit D</u>

5     Objections:    Hearsay, lacks foundation, irrelevant. Ms. Lewis lacks the personal

6     knowledge necessary to authenticate Exhibit D.

7     <u>Page 2, paragraph 7, lines 10-12 and Exhibit E</u>

8     Objections:    Hearsay, irrelevant, Federal Rules of Evidence, Rule 403.

9     <u>Page 2, paragraph 8, lines 12-14 and Exhibit F</u>

10     Objections:    Hearsay, lacks foundation, irrelevant, FRCP, Rule 403. Ms. Lewis

11     lacks the personal knowledge necessary to authenticate Exhibit F.

12     <u>Page 2, paragraph 9, lines 14-17 and Exhibit G</u>

13     Objection:    Hearsay, lacks foundation, irrelevant. Ms. Lewis lacks the personal

14     knowledge necessary to authenticate Exhibit G.

15     <u>Page 2, paragraph 10, lines 17-19 and Exhibit H</u>

16     Objection:    Hearsay, lacks foundation, irrelevant. Ms. Lewis lacks the personal

17     knowledge necessary to authenticate Exhibit H.

18     <u>Page 3, paragraph 13, lines 1-8</u>

19     Objection:    Hearsay, lacks foundation, irrelevant. Ms. Lewis concedes in this

20     paragraph that she lacks personal knowledge necessary to testify to the

21     truth of the matters she asserts in the paragraph.

22     <u>Page 3, paragraph 14, lines 8-11</u>

23     Objections:    Hearsay, lacks foundation, best evidence. Ms. Lewis concedes that she

24     lacks the personal knowledge necessary to give admissible testimony

25     concerning the matters she asserts in paragraph 14.

26     <u>Page 3, paragraph 15, lines 11-15</u>

27     Objections:    Lacks foundation, hearsay, irrelevant.

28     / / /

Page 3, paragraph 15, lines 15-17

Objections:   Lacks foundation, hearsay, irrelevant.

Page 3, paragraph 15, lines 17-19

Objections:   Lacks foundation, hearsay, irrelevant.

Page 3, paragraph 15, lines 19-21

Objections:   Lacks foundation, hearsay, irrelevant.

Page 3, paragraph 15, lines 21-27

Objections:   Hearsay, lacks foundation, best evidence, irrelevant.

Page 3, paragraph 15, line 28 - page 4, paragraph 15, line 2

Objections:   Hearsay, lacks foundation, irrelevant.

Page 4, paragraph 16, lines 2-5

Objections:   Hearsay, lacks foundation, best evidence, inadmissible opinion testimony, argumentative.  There is no evidence before this Court that Mr. RENDA submitted or caused to be submitted any type of report or communication to ARC.

Page 4, paragraph 17, lines 5-14

Objections:   Hearsay, lacks foundation, best evidence, inadmissible opinion testimony, argumentative.  Ms. Lewis concedes that she lacks the personal knowledge necessary to provide admissible testimony under oath concerning the matters she has asserted in paragraph 17.

Page 4, paragraph 18, lines 14-19

Objections:   Hearsay, lacks foundation,  best evidence.  Ms. Lewis concedes that she lacks the personal knowledge necessary to provide admissible testimony concerning the matters she asserts in paragraph 18.

Page 4, paragraph 19, lines 19-25

Objections:   Hearsay, lacks foundation, best evidence, inadmissible opinion testimony, argumentative.

/ / /

1    <u>Page 4, paragraph 20, line 25 - page 5, paragraph 20, line 7</u>
2    Objections:    Hearsay, lacks foundation, best evidence, inadmissible opinion
3                   testimony, argumentative.
4    <u>Page 5, paragraph 21, lines 9-11</u>
5    Objections:    Hearsay, lacks foundation, inadmissible opinion testimony,
6                   argumentative.
7    <u>Page 5, paragraph 22, lines 13-16</u>
8    Objections:    Hearsay, lacks foundation, best evidence.  Ms. Lewis misstates the
9                   court's ruling concerning whether personal jurisdiction existed over
10                  Mr. RENDA.  The court did not determine "without prejudice" that
11                  personal jurisdiction did not exist.  The court made a final ruling, and
12                  dismissed the case without prejudice for a lack of personal jurisdiction.
13   <u>Page 5, paragraph 23, lines 16-24</u>
14   Objections:    Irrelevant, lacks foundation, best evidence, inadmissible opinion
15                  testimony, argumentative.  Ms. Lewis' opinions concerning evidence she
16                  supposedly acquired is irrelevant and she has misstated the court's
17                  ruling, which dismissed Anthony Renda on May 26, 2006 (DNOL,
18                  Ex. 9, p. 184, #120).
19   <u>Page 5, paragraph 24, line24 - page 6, paragraph 24, line 11</u>
20   Objections:    Irrelevant, lacks foundation, inadmissible opinion testimony, hearsay.
21                  Ms. Lewis' personal opinion concerning whether the relevant facts are
22                  the same in the case at bar as in the *Uniglobe* case is irrelevant.
23                  Moreover, the purported facts that Ms. Lewis recites in this paragraph
24                  are irrelevant to the issues of collateral estoppel and personal
25                  jurisdiction.
26   / / /
27   / / /
28   / / /

**<u>7/14/08 ERICKSON DECLARATION</u>**

<u>Page 2, paragraph 5, lines 11-13</u>

Objections:   Irrelevant, lacks foundation, inadmissible opinion testimony.

<u>Page 2, paragraph 6, lines 14-25</u>

Objections:   Irrelevant, lacks foundation, hearsay.  The purported facts Ms. Erickson lists in this paragraph are irrelevant to the issues of collateral estoppel and personal jurisdiction.

Dated: July 21, 2008                                JOHN J. FRENI, ESQ.
                                                                    A Professional Law Corporation


                                                                    By:  **s/  JOHN J. FRENI, ESQ.**
                                                                              Attorneys for Defendant, MARIO RENDA