# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>                Plaintiff/Judgment Creditor,<br>vs.<br><br>COMMERCIAL TRAVEL CORPORATION<br>dba MATLOCK TRAVEL, et al.,<br><br>                Defendants/Judgment Debtors. | CASE NO. 08mc88-IEG<br><br>Order Granting Defendant/Judgment Debtor Mario Renda's Motion to Vacate Default Judgment [Doc. No. 10]; Denying as Moot Plaintiff/ Judgment Debtor's Motion for Assignment Order [Doc. No. 4] |

Plaintiff/Judgment Creditor Airlines Reporting Corporation ("ARC") moves the Court for an assignment order pursuant to Fed. R. Civ. P. 69 and Cal. Civ. Proc. Code §§ 708.510 and 709.020. Defendant/Judgment Debtor Mario Renda ("Renda") has filed an opposition and also separately moves under Fed. R. Civ. P. 60(b)(4) to set aside the underlying default entered against him in the Eastern District of Virginia for lack of personal jurisdiction. For the reasons set forth herein, the Court GRANTS Defendant/Judgment Debtor's motion to vacate the judgment, and DENIES as moot Plaintiff/Judgment Creditor's motion for an assignment order.

## *Background*

Plaintiff/Judgment Creditor ARC is a federally controlled entity tasked with managing all U.S. civilian airline ticketing and documentation for airline reservations and travel. On July 30, 2004, ARC filed a first amended complaint against Renda in the U.S. District Court for the Eastern District of Virginia in two separate actions, *Airlines Reporting Corp. v. Uniglobe Fairway Travel,*

*Inc.* and *Airlines Reporting Corp. v. Commercial Travel Corporation*. [Defendant/Judgment Debtor's Notice of Lodgment in Support of Motion to Vacate Default Judgment ("Renda NOL"), Doc. No. 10-5, Exhibits 3 and 4. In both actions, ARC alleged Renda was an officer and/or principal and held an ownership interest in the defendant travel agency (i.e. Uniglobe Fairway Travel and Commercial Travel Corporation). [Renda NOL, Exhibit 3, ¶ 14; Exhibit 4, ¶ 18.] ARC further alleged Renda operated the travel agency, had access to ticket stock, and was involved in the preparation of weekly sales reports to ARC. [Renda NOL, Exhibit 3, ¶ 22; Exhibit 4, ¶ 27.] In both actions, ARC alleged causes of action against Renda for breach of fiduciary duty, conversion, fraud, conspiracy, and unjust enrichment.

The clerk in the Eastern District of Virginia entered default against Renda in both the *Uniglobe* and *Commercial Travel* cases on August 27, 2004. [Renda NOL, Exhibit 5; Exhibit 1, p. 1.] ARC moved for entry of default judgment in both cases. On September 17, 2004, two different magistrate judges heard ARC's motions in the separate cases. In the *Commercial Travel Corporation* case, the magistrate judge issued a report and recommendation on October 22, 2004, recommending the court enter default judgment against Renda in the amount of $701,942.81. [Renda NOL, Exhibit 6, p. 9.] Thereafter, on September 4, 2007, the district court entered default judgment in favor of ARC and against Renda according to the report and recommendation.[1] The court made no inquiry of ARC regarding the exercise of jurisdiction over Renda.

In the *Uniglobe* case, the magistrate judge also issued a report and recommendation for entry of default judgment. However, the district court recommitted the matter to the magistrate judge with instructions to enter supplemental findings and recommendations concerning the court's *in personam* jurisdiction over Renda and a co-defendant against whom ARC also sought default judgment. [Renda NOL, Exhibit 1, p. 2.] ARC filed two supplemental memoranda and declarations regarding the basis for exercise of *in personam* jurisdiction over Renda. [Id.] Based thereon, on March 2, 2005, the magistrate judge found the Eastern District of Virginia lacked

---

[1] Because ARC asserted claims against several other defendants, jointly and severally, the magistrate judge recommended the default judgment be interlocutory in nature and subject to revision at any time prior to entry of final judgment. Instead of entering an interlocutory order, the district court delayed action on the report and recommendation until all other defendants had been dismissed from the action. [Renda NOL, Exhibit 10.]

personal jurisdiction over Renda and recommended the action against him be dismissed without prejudice. [Renda NOL, Exhibit 1, p. 15.] The district court adopted the report and recommendation and on March 21, 2005 dismissed ARC's claims against Renda for lack of personal jurisdiction in the *Uniglobe* case. [Renda NOL, Exhibit 2.][2]

On February 22, 2008, ARC registered the *Commercial Travel* default judgment against Renda in this Court. [Doc. No. 1.] On April 17, 2008, ARC filed a motion for an assignment order seeking assignment of Renda's interests in two actions in the San Diego County Superior Court. In response, on June 30, 2008, Renda filed a motion to vacate the default judgment entered against him in the Eastern District of Virginia in the *Commercial Travel* case.

## *Discussion*

### *1.    Legal Standard*

Pursuant to Fed. R. Civ. P. 60(b)(4), the court may relieve a party from a final judgment where that judgment is void. Where a judgment has been registered in another district for purposes of collection proceedings, the registering court has jurisdiction to consider a motion challenging the underlying judgment. FDIC v. Aaronian, 93 F.3d 636, 639 (9th Cir. 1996).

A judgment is "void" for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). A judgment entered by a court which lacked personal jurisdiction over the parties is void. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). As a result, when a party seeks default judgment, the district court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." Id.

---

[2] In addition to these two actions, on June 13, 2005, ARC filed a third action against Renda in the Circuit Court for Arlington County arising out of his alleged affiliation with a third travel agency, McCord Consumer Direct ("*McCord*" case). [Declaration of John Freni in Support of Opposition to Motion for Assignment Order ("Freni Decl."), Doc. No. 11-1, ¶ 3.] ARC obtained a default judgment against Renda in this third action as well, and domesticated that default judgment with the San Diego County Superior Court on May 25, 2006. [Freni Decl., ¶ 6.] In response to collection activities by ARC, Renda recently moved to vacate the *McCord* default judgment in the San Diego Superior Court. The Superior Court granted that motion on June 26, 2008, finding the default judgment entered by the Circuit Court in Arlington County, Virginia in the *McCord* case was void for lack of personal jurisdiction. [Id., ¶ 5.]

1       Where a party seeks to vacate a default judgment under Rule 60(b)(4) for lack of jurisdiction, the moving party bears the burden of demonstrating lack of personal jurisdiction, at least where the moving party had notice of the original proceedings. See <u>Bally Export Corp. v. Balicar, Ltd.</u>, 804 F.2d 398, 401 (7th Cir. 1986); see also <u>SEC v. Internet Solutions for Business, Inc.</u>, 509 F.3d 1161, 1166, (9th Cir. 2007) (placing burden of disproving jurisdiction based upon insufficient service of process on defendant who had notice of action but chose not to challenge service); <u>Burda Media, Inc. v. Viertel</u>, 417 F.3d 292, 299 (9th Cir. 2005) (same). Therefore, Renda has the burden in this proceeding to demonstrate the Eastern District of Virginia lacked personal jurisdiction over him such that the court's entry of default judgment in favor of ARC and against him is void.

*2.    Personal Jurisdiction over Renda*

      Renda relies primarily upon the doctrine of collateral estoppel to demonstrate the Eastern District of Virginia lacked personal jurisdiction over him. Renda argues the district court's order in the *Uniglobe* case, finding the court could not exercise jurisdiction over him consistent with notions of due process, bars ARC from re-litigating the issue in this Court.

      In a diversity action, the law of the forum state controls the court's determination of whether a prior judgment collaterally estops re-litigation of an issue. <u>Jacobs v. CBS Broadcasting, Inc</u>., 291 F.3d 1173, 1177 (9th Cir. 2002). Both parties agree this Court should apply Virginia law to determine whether ARC is collaterally estopped from asserting the Eastern District of Virginia had personal jurisdiction over Renda when it entered the *Commercial Travel* default judgment.

      Under Virginia law, there are five elements necessary for collateral estoppel to apply:

1. the issue litigated must have been essential to the prior judgment;
2. the prior action must have resulted in a valid and final judgment against the party sought to be precluded in the present action;
3. the parties or privies in both the proceedings must be the same;
4. there must be mutuality between the parties; and
5. the factual issue litigated actually must have been litigated in the prior action.

<u>In re Bundick</u>, 303 B.R. 90, 101-02 (E. D. Va. 2003) (citing <u>TransDulles Center, Inc. v. Sharma</u>,

1  252 S.E. 2d 274, 275 (Va. 1996)). As the party seeking to invoke collateral estoppel, Renda has
2  the burden of proving each of these elements by a preponderance of the evidence. Id. (citing Reid
3  v. Ayscue, 436 S.E. 2d 439, 440 (1993)).

4  The Court finds Renda has shown each of the elements necessary to apply collateral
5  estoppel. Therefore, this Court can rely upon the District Court in the Eastern District of Virginia's
6  decision that it lacked personal jurisdiction over Renda in the *Uniglobe* case as a basis for finding
7  the underlying default judgment against Renda in this proceeding is void and unenforceable. Both
8  ARC and Renda were parties to the *Uniglobe* case. The court in the Eastern District of Virginia in
9  the *Uniglobe* case actually heard and decided the issue of personal jurisdiction over Renda, and its
10 decision was essential to the court's dismissal of ARC's claims against Renda.

11 ARC argues the *Uniglobe* dismissal was not a "final judgment" because the dismissal was
12 made without prejudice and the case was simply administratively closed, but not dismissed. A
13 review of the docket of the *Uniglobe* case, however, shows the court dismissed the final defendant
14 by stipulation of the parties on May 25, 2006 [Renda NOL, Exhibit 9], at which time the order of
15 dismissal as to Renda became a final and appealable order. Equipment Finance Group, Inc. v.
16 Traverse Computer Brokers, 973 F.2d 345, 347-48 (9th Cir. 1992) (interlocutory order becomes
17 final and appealable upon subsequent dismissal of all remaining claims and parties).

18 ARC also argues Renda has failed to demonstrate "mutuality" because Renda did not
19 appear in the *Uniglobe* action and because the court dismissed Renda from the *Uniglobe* action
20 without prejudice. Neither of these arguments are relevant to the determination of mutuality.
21 Mutuality for purposes of collateral estoppel means "a party is generally prevented from invoking
22 the preclusive force of a judgment unless that party would have been bound had the prior litigation
23 of the issue reached the opposite result." In re Bundick, 303 B.R. at 102. Where the parties in
24 both actions are identical, there is mutuality. Id. Because both ARC and Renda were parties to the
25 *Uniglobe* and *Commercial Travel* cases, the mutuality element is satisfied.

26 ARC points to certain "facts" it argues differentiates the underlying case from the *Uniglobe*
27 case, such as difference in banks, debt obligation amounts, or dates of accreditation of the
28 defendant travel agencies. [ARC's Memorandum of Points and Authorities in Opposition to

1  Motion to Vacate Judgment, Doc. No. 12, p. 4.]  However, ARC does not explain why these
2  different facts and circumstances are relevant to the question of whether the Eastern District of
3  Virginia had personal jurisdiction over Renda.
4      The court in the *Uniglobe* case carefully considered whether it could exercise jurisdiction
5  over Renda.  The court determined there were no grounds upon which it could assert general
6  personal jurisdiction over Renda, and Renda's contacts with Virginia were too attenuated to satisfy
7  the minimum contacts analysis for specific personal jurisdiction as required by the Due Process
8  Clause.  [Renda NOL, Exhibit 1, p. 12.]  ARC asserts the Virginia court had jurisdiction over
9  Renda in the underlying *Commercial Travel* case based upon his active participation in the
10 purchase of Commercial Travel, the subsequent ticket sales, and Renda's fraudulent acts against
11 Plaintiff.  However, after hearing fully from ARC through supplemental briefing on the issue of
12 personal jurisdiction, the district court in Virginia in the *Uniglobe* case rejected ARC's argument
13 that these types of activities were in any way directed at the state so as to justify exercise of
14 personal jurisdiction.  [Id., pp. 13-14.]  The Court finds no reason to conclude ARC should be
15 permitted to re-litigate the issue of whether the Eastern District of Virginia had personal
16 jurisdiction over Renda.

### *Conclusion*

18     Based upon the district court's decision in *Uniglobe*, the Court finds the Eastern District of
19 Virginia lacked personal jurisdiction over Renda at the time the district court entered the default
20 judgment against Renda in the *Commercial Travel* case, which ARC now seeks to enforce.  The
21 default judgment is void.  The Court GRANTS Defendant/Judgment Debtor Mario Renda's
22 motion to vacate the default judgment under Fed. R. Civ. P. 60(b)(4), and DENIES as moot
23 Plaintiff/Judgment Creditor's motion for an assignment order, terminating this case.
24     **IT IS SO ORDERED**.

26 **DATED: August 1, 2008**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**