1    JOHN J. FRENI, ESQ. (Bar No. 132912)
     A Professional Law Corporation
2    600 West Broadway, Suite 400
     San Diego, CA 92101
3    (619) 557-9128; (619) 515-1197

4    Attorneys for Defendant, MARIO RENDA

5

6

7

8            **UNITED STATES DISTRICT COURT**

9         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10   AIRLINES REPORTING CORPORATION,     CASE NO. 08-MC-00088

11         Plaintiff/Judgment Creditor,       DEFENDANT MARIO RENDA'S
                                 MEMORANDUM OF POINTS AND
12   v.                                      AUTHORITIES IN SUPPORT OF MOTION
                                     FOR ATTORNEY'S FEES AND COSTS
13   COMMERCIAL TRAVEL            PURSUANT TO FEDERAL RULES OF
      CORPORATION d/b/a MATLOCK      CIVIL PROCEDURE, RULE 54 (d)(2)(A)
14   TRAVEL, *et al.*,

15        Defendants/Judgment Debtors.     Date:          September 22, 2008
                                     Time:          3:30 p.m.
16                                      Dept.:        1, 4th Floor
                                     Judge:       Hon. Irma E. Gonzalez
17

18                                      Judgment entered: September 4, 2007

19

20                                   **I.**

21                    **INTRODUCTION**

22        On August 1, 2008, the Court granted Defendant MARIO RENDA's motion to vacate

23   Plaintiff AIRLINES REPORTING CORPORATION's ("ARC") default judgment, pursuant to

24   Federal Rules of Civil Procedure Rule 60 (b)(4), because the default judgment was void based

25   on a lack of personal jurisdiction. ARC's default judgment against Mr. RENDA was based on

26   / / /

27   / / /

28   / / /

1  its claim that Mr. RENDA violated the Agent Reporting Agreement ("ARA") between ARC

2  and Commercial Travel Corporation dba Matlock Travel.[1]  The ARA contains an attorney's

3  fees and costs clause that provides, in relevant part, "if [ARC's] action is adjudicated or

4  otherwise resolved in favor of the Agent, ARC shall reimburse the Agent for all costs incurred

5  by it, and for the reasonable fees of its attorneys in defending itself against ARC's action."

6  Defendant MARIO RENDA's Notice of Lodgment in support of Motion for Attorney's Fees

7  and Costs ("DNOLATT").  Ex. 2, p. 12, ¶ XI.E.   The ARA is governed by Virginia law.

8  *Id.*, at Ex. 2, p. 13, ¶ XXXI.

9         Under Virginia law, parties to a contract may adopt provisions that shift the

10  responsibility of attorney's fees to the losing party in disputes involving the contract.  *W.*

11  *Square, L.L.C. v. Communication Techs, Inc.*, 274 Va 425, 433 (2007).  The party who seeks

12  to recover attorney's fees pursuant to the contractual provision has the burden to present a

13  prima facie case that the requested fees were reasonable and necessary.  *Id.*

14         Accordingly, Mr. RENDA brings this motion under Federal Rules of Civil Procedure,

15  Rule  seeks to recover his attorney's fees and costs in this proceeding pursuant to the attorney's

16  fees and costs provision in the ARA.

17                                            **II.**

18                            **STATEMENT OF FACTS**

19         On August 1, 2008, this Court granted Mr. RENDA's motion to vacate ARC's default

20  judgment based on a lack of personal jurisdiction.  ARC's claims against Mr. RENDA were

21  based on its contention that he is bound by and violated the ARA between Commercial Travel

22  Corporation dba Matlock Travel and ARC.  *See, supra*, fn. 1.  The ARA contains the

23  following attorney's fees and costs provision:

24              If ARC uses legal counsel to (i) enforce its right to possession of
               ARC traffic documents (paper format) and airline identification
25              plates, because the agent failed or refused to surrender them upon

26  _____

27  [1]  Defendant MARIO RENDA's Notice of Lodgment in Support of Motion to Vacate Judgment,
     Filed 06/30/08, Document No. 10-6, Ex. 4, p. 91, ¶ 48 - p. 92, ¶ 50; p. 92, ¶ 57; p. 93, ¶ 64;
28  p. 94, ¶ 68 - p. 96, ¶ 76; p. 100, ¶ 92; p. 101, ¶ 100; p. 102, ¶ 106; p. 103, ¶ 110 - p. 106,
     ¶ 118; *see generally*, p. 106; ¶ 120 - p. 115; ¶ 161.

1    demand made pursuant to this agreement, and/or (ii) to otherwise
     obtain compliance by the Agent with the provisions of this
2    section, the Agent shall reimburse ARC for all costs incurred by
     it, and for the reasonable attorney's fees of its attorney's, if its
3    action is adjudicated or otherwise resolved in its favor.  **If its
     action is adjudicated or otherwise resolved in favor of the
4    Agent, ARC shall reimburse the Agent for all costs incurred
     by it, and for the reasonable fees of its attorneys in defending
5    itself against ARC's action.**  The term 'costs' as used herein
     shall include, but not be limited to, court costs, litigation bond
6    premiums, private investigator fees incurred in attempting to
     locate traffic documents, and locksmith fees.

7

8    DNOLATT, Ex. 2, p. 12, ¶ XI.E (emphasis added).

9        The ARA provides that it shall be construed under and governed by Virginia law.  *Id.*

10   at Ex. 2, p. 13, ¶ XXXI.

11       Mr. RENDA has incurred $32,402.50 in attorney's fees and $752.80 in costs in

12   vacating ARC's void default judgment.  As discussed in greater detail below, the language of

13   the attorney's fees provision is broad enough to require ARC to pay Mr. RENDA's attorney's

14   fees and costs in vacating ARC's void default judgment.

15                                          **III.**

16                **MR. RENDA IS ENTITLED TO RECOVER
     HIS ATTORNEY'S FEES AND COSTS AGAINST ARC IN THIS ACTION**
17              **UNDER VIRGINIA LAW AND THE BROAD LANGUAGE
                     OF THE ATTORNEY'S FEES PROVISION**

18

19       Federal Rules of Civil Procedure, Rule 54(d)(2)(A) allows a party to bring a motion for

20   attorney's fees and nontaxable expenses within 14 days after the entry of any decree or order

21   from which an appeal lies.  Fed. R. Civ. P. 54(a) & 54(d)(2)(A) & (B)(I).  The moving party

22   must specify the order and the statute, rule or other grounds entitling him to the award.  Fed.

23   R. Civ. P. 54(d)(2)(B)(ii).  Here, Mr. RENDA is entitled to an award of his attorney's fees

24   and costs under the ARA and Virginia law.

25       Virginia law provides that parties to a contract may adopt provisions that shift the

26   responsibility of attorney's fees to the losing party in disputes involving the contract.

27   *W. Square, L.L.C., supra,* at 433.  The language of the attorney's fees and costs provision at

28   issue here is extremely broad.  Notably, the provision does not use the term "prevailing

                                          3

1  party," nor does it require an adjudication on the merits.  To the contrary, the provision states

2  that the agent is entitled to reimbursement of attorney's fees and costs when ARC's action is

3  "adjudicated *or otherwise resolved in favor of the Agent*, . . ."  DNOLATT, Ex. 2, p. 12,

4  ¶ XI.E (emphasis added).

5        The provision also allows for the recovery of all costs incurred in an action, and not

6  just litigation costs.  *Id.*

7        Here, ARC contended that Mr. RENDA was bound by the ARA.  Mr. RENDA has

8  obtained a resolution in his favor through his successful motion to vacate ARC's default

9  judgment.  The plain language of the ARA allows Mr. RENDA to recover his reasonable

10  attorney's fees and all costs he has incurred in securing this favorable result.

11                                                **IV.**

12                            **THE ATTORNEY'S FEES AND COSTS MR. RENDA SEEKS**
                              **ARE RECOVERABLE BECAUSE THEY WERE**
13                            **REASONABLE AND NECESSARY**

14        The Virginia Supreme Court has identified the following factors for consideration in

15  determining whether attorney's fees are reasonable:

16              1.     The time and effort expended by the attorney;

17              2.     The nature of the services rendered;

18              3.     The complexity of the services;

19              4.     The value of the services to the client;

20              5.     The results obtained;

21              6.     Whether the fees incurred were consistent with those

22                     generally charged for similar services; and

23              7.     Whether the services were necessary and appropriate.

24  *W. Square, L.L.C., supra,* at 433-434.

25        Mr. RENDA's counsel, John J. Freni, has submitted invoices and work-in-progress

26  reports that are itemized per task performed and time per task.  DNOLATT, Ex. 1.

27  Mr. Freni's hourly rate for legal services is $325 per hour.  August 15, 2008 Declaration of

28  John J. Freni in Support of Motion for Attorney's Fees & Costs ("Freni Decl. Att."), p. 2,

4

1  ¶ 2, l. 4.  Mr. Freni has been practicing law in San Diego County for over 20 years.  Freni

2  Decl. Att., p. 1, ¶ 2, l. 24 - p. 2, ¶ 2, l. 4.  He is a Master in the Enright Inn of Court and he

3  enjoys an "AV" rating with Martindale Hubbell.  *Id*.  His hourly rate is comparable to the

4  rates charged by other attorneys in the San Diego County legal community with similar

5  backgrounds and experience.  *Id*. at p. 2, ¶ 3, ll. 5-7.

6  As the itemized invoices and work-in-progress reports demonstrate, each task

7  performed on behalf of Mr. RENDA was necessary to the successful resolution of this

8  proceeding.  ARC refused to stipulate to a stay of enforcement, which required Mr. Freni to

9  prepare an *ex parte* motion for the issuance of a stay pursuant to Federal Rule of Civil

10  Procedure, Rule 62.  *Id*. at p. 2, ¶ 4, ll. 8-15.  ARC refused to postpone its motion for an

11  assignment order until after the Court ruled on Mr. RENDA's motion to vacate, which

12  required Mr. RENDA to incur attorney's fees for the preparation of an opposition to the

13  motion, which was ultimately rendered moot because of the Court's ruling on Mr. RENDA's

14  motion to vacate.  *Id*.

15  The services provided were significantly complex.  Mr. RENDA's challenge to the

16  default judgment was based on the doctrine of collateral estoppel, as it exists under Virginia's

17  laws.  In order to successfully prosecute the motion, Mr. Freni was required to obtain court

18  records from the United States District Court for the Eastern District of Virginia and research

19  and argue Virginia law.  *Id*. at p. 2, ¶ 4, ll. 8-10.

20  The value of the services to Mr. RENDA is self-evident.  Through the motion to

21  vacate, Mr. RENDA has eliminated a default judgment in the principal amount of

22  $701,942.81.

23  Mr. RENDA respectfully submits that the $32,402.50 in attorney's fees and $752.80 in

24  costs he has incurred in eliminating ARC's default judgment were reasonable and necessary.

25  / / /

26  / / /

27  / / /

28  / / /

1

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant MARIO. RENDA respectfully requests that the Court award him $32,402.50 in attorney's fees and $752.80 in costs, pursuant to the contract at issue in this action.


Dated: August 15, 2008                    JOHN J. FRENI, ESQ.
                                          A Professional Law Corporation


                                          By:  <u>s/  **JOHN J. FRENI, ESQ.**</u>
                                                  Attorneys for Defendant, MARIO RENDA