**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Judgment Creditor
AIRLINES REPORTING CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCIAL TRAVEL CORPORATION d/b/a MATLOCK TRAVEL, et al.,<br><br>Defendants. | Case No. 08-MC-00088<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 54(d)(2)(A)**<br><br>Date: September 22, 2008<br>Time: 3:30 p.m.<br>Ctrm: 1, 4th Floor<br>Judge: Hon. Irma E. Gonzalez |

## INTRODUCTION

Plaintiff AIRLINES REPORTING CORPORATION (Plaintiff "ARC") submits the following Memorandum of Points and Authorities in support of its Opposition to Defendant MARIO RENDA's (Defendant "Renda")Motion for Attorneys Fees and Costs based upon the following facts and law.

## FACTUAL BACKGROUND

**The Reporting Agreement**.  Plaintiff ARC serves as a national clearinghouse for issuing documents and other forms ("ARC traffic documents") to travel agents to be used as air passenger tickets by the travel agents' customers. ARC maintains an agency list of persons and entities accredited to serve as travel agents and to issue ARC traffic documents Plaintiff ARC is a federally controlled entity tasked with managing all U.S. civilian airline ticketing and documentation for airline reservations and travel.  See Sampson Declaration and Court Records.

1

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Atty.Fees\P&A.wpd

1  In performing this duty, it is Plaintiff ARC's regular practice to enter into Agent Reporting Agreements ("ARA") with the travel agent entities that are accredited to issue ARC traffic documents. The ARA governs the issuance of ARC traffic documents. It is also ARC's regular practice to maintain an agency list of persons and entities actively qualified to serve as travel agents and issue the ARC traffic documents. Id.

In or around 1999, ARC had a good faith belief that Defendant Renda, among others, acquired Defendant Commercial Travel Corporation dba Matlock Travel and dba Costa Travel from Thomas Carter, Stephanie Carter and Thomas S. Carter. See Court Records.

Based upon that belief, Plaintiff ARC brought suit against, *inter alia*, Defendant Renda for violating the ARA, alleging claims for relief for breach of contract, breach of fiduciary duty, conversion, fraud, statutory conspiracy, common law conspiracy, and unjust enrichment. See Court Records.

**The Virginia Judgment**. Defendant Renda failed to answer in the time allotted under the law. As a result, on September 4, 2007, the United States District Court, Eastern District of Virginia, entered judgment by default in favor of Plaintiff ARC and against, *inter alia*, Defendant Renda. Judgment was entered in the principal sum of $701,942.81. Thereafter, ARC caused the default judgment to be registered in this Court. See Court Records.

**Plaintiff's Motion for An Assignment Order**. Based upon the foregoing, on April 17, 2008, Plaintiff filed and served its motion for an assignment order, requesting the Court order any proceeds now due, or to become due to Defendant Renda as a result of the Renda v. Nevarez, matters, be assigned to Plaintiff until the judgment in this matter is paid in full. See Court Records.

**Defendant's Motion to Vacate Judgment**. In response, Defendant filed his motion requesting the Court vacate the Judgment, alleging the Virginia court did not have personal jurisdiction over Defendant Renda based upon the Order dismissing Defendant Renda for lack of personal jurisdiction, entered without prejudice in the Virginia federal action, Airlines Reporting Corp. v. UniGlobe Fairway Travel, Inc., et al. See Court Records.

/ / /

/ / /

2

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Atty.Fees\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1  Additionally, Defendant vigorously argued that he was not, nor had he ever been, an employee, officer, director, chairman, principal, financier, or shareholder of any entity that was a party to the ARA, including Defendant Commercial Travel Corporation. In addition, Defendant defiantly stated he has never, in any manner whatsoever, been involved in any business dealings with any entity that had entered into an ARA with Plaintiff ARC. See Court Records.

## LEGAL ARGUMENT

### 1. Defendant Did Not Meet His Burden That He Is Entitled To Costs And Attorney's Fees.

Under Virginia law, *parties* to a contract may adopt provisions that permit the prevailing party to recover its reasonable attorney's fees and costs. Ulloa v. QSP, Inc., 271 Va. 72, 81 (2006) [emphasis added]. Additionally, any attorney's fees awarded based upon the language of a contract must comport with the express language of the parties agreement. Id at 82. Finally, under Virginia law a party "cannot assert a claim for attorney's fees in Virginia until they prevail on the merits on the substantive breach of duty issue arising under their contract, which is the fundamental issue underlying the parties' dispute." Miller v. Becker, 2007 Va. Cir. LEXIS 242, *7 (2007).

*Defendant Renda Expressly Denies Being A Party To The ARA*. Defendant Renda adamantly denies being a "party to the contract." See Court Records. It is incongruous for Defendant Renda to now allege he is an "Agent" entitled to the benefit of the bargain of an agreement he adamantly disavows. As such, Defendant has not met his burden of proof that he is an "Agent" under the ARA and entitled to attorney's fees and costs based upon the agreement.

*The ARA Does Not Provide For Fees & Costs In This Proceeding*. Even if the Court determines that Defendant Renda is an Agent and entitled to assert the contractual fee provision of the ARA, as previously stated, any attorney's fees awarded based upon the language of a contract must comport with the express language of the parties agreement. Ulloa, 271 Va. at 82. The ARA is governed by Virginia law. See Exhibit "A," Sec. XXXI, The ARA expressly provides as follows:

> If ARC uses legal counsel to (i) enforce its right to possession of ARC traffic documents (paper format) and airline identification plates, because the Agent failed or refused to surrender them upon demand made pursuant to this agreement, and/or (ii) to otherwise obtain compliance by the Agent with the provisions of this section, the Agent

3

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Atty.Fees\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

> shall reimburse ARC for all costs incurred by it, and for the reasonable fees of its attorneys, if its action is adjudicated or otherwise resolved in its favor. If its action is adjudicated or otherwise resolved in favor of the Agent, ARC shall reimburse the Agent for all costs incurred by it, and for the reasonable fees of its attorneys, in defending itself against ARC's action... .

See Exhibit "A," Sec. XI E.

In other words, and in compliance with Virginia law, the "action" concerning the breach of the duty imposed by the ARA, must be adjudicated or determined in favor of the party seeking its costs and fees. See Miller, 2007 Va. Cir. LEXIS at *7. Here, the Court vacated the judgment based upon the Virginia District Court not having personal jurisdiction over the Defendant. See Court Records. As such, the "action" on the contract was not adjudicated and/or determined in Defendant Renda's favor and Defendant is not entitled to costs and attorney's fees under Virginia law, or the express provisions of the ARA.

### 2. **Awardable Costs And Fees Are Strictly Governed By The Language Of The Contract**.

Even if the Court determined that Defendant Renda is entitled to attorney's fees and costs under the ARA, Defendant is not entitled to his attorney's fees and costs for post judgment proceedings. As previously stated, attorney fee awards are governed by the express language of the contract. Ulloa, 271 Va. at 82. The ARA does not, in any manner whatsoever, provide for attorney's fees and costs for post judgment proceedings. In addition, Plaintiff ARC could find no Virginia legal authority that authorizes post judgment costs and/or attorney's fees based upon a contractual fee provision. See Sampson Declaration.

All attorney's fees and costs incurred by Defendant were based upon post judgment motions and/or proceedings. Specifically, Defendant moved for an ex parte order to stay enforcement of the judgment, opposed a post judgment motion for an assignment order, which Plaintiff brought pursuant to Federal Rules of Civil Procedure Rule 69 and California Code of Civil Procedure §708.510, and moved to vacate the judgment pursuant to Federal Rules of Civil Procedure, Rule 60. See Court Records. Virginia law does not permit, and the ARA does not encompass any award for post judgment costs and fees. Thus, Defendant Renda is not entitled to attorney's fees and costs in this matter.

4

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Atty.Fees\P&A.wpd

## **CONCLUSION**

Based upon all of the foregoing, Plaintiff ARC respectfully requests that this Court deny Defendant's motion for attorney's fees and costs in its entirety.

Respectfully submitted,

DATED: September 5, 2008         **SAMPSON & ASSOCIATES**

By:  /s/ Bryan D. Sampson
Attorneys for Plaintiff/Judgment Creditor
E-Mail: bsampson@sampsonlaw.net

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

5

Case No. 08-MC-00088
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\ARC\McCord Renda-Kremer\Pleading\Federal\Opp.Atty.Fees\P&A.wpd