# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRLINES REPORTING CORPORATION,<br><br>              Plaintiff/Judgment Creditor,<br>vs.<br><br>COMMERCIAL TRAVEL CORPORATION dba MATLOCK TRAVEL, et al.,<br><br>              Defendants/Judgment Debtors. | CASE NO. 08mc88-IEG<br><br>Order Denying Defendant/Judgment Debtor's Motion for Attorneys Fees [Doc. No. 19] |

Defendant/Judgment Debtor Mario Renda ("Renda") moves the Court for an award of attorneys fees. Plaintiff/Judgment Creditor Airlines Reporting Corporation ("ARC") has filed an opposition and Renda has filed a reply. The Court found the motion appropriate for submission on the papers and without oral argument, and previously vacated the hearing on such motion. For the reasons explained below, the Court DENIES Renda's motion.

## *Background*

Plaintiff/Judgment Creditor ARC obtained a judgment by default against Renda in the Eastern District of Virginia on September 4, 2007. ARC registered its judgment against Renda in this Court on February 22, 2008. ARC thereafter filed a motion for an assignment order in an attempt to enforce the Virginia judgment.

In response to ARC's motion for an assignment order, Renda moved to vacate the Virginia judgment. Renda argued this Court should apply the doctrine of collateral estoppel and find the

1  District Court in Virginia lacked personal jurisdiction over him.  Renda argued that in another
2  nearly identical case ARC filed against him in the Eastern District of Virginia, the court found it
3  lacked personal jurisdiction sufficient to enter a default judgment against Renda because he was
4  not a party to the Agent Reporting Agreement ("ARA") upon which ARC brought suit.  On
5  August 1, 2008, this Court granted Renda's motion and vacated the underlying default judgment,
6  finding ARC was barred by collateral estoppel from asserting that the Eastern District of Virginia
7  had personal jurisdiction over Renda.
8      Renda now seeks to recover the attorneys fees he incurred in vacating the Virginia default
9  judgment.  Renda argues he is entitled to recovery his attorneys fees under the terms of the ARA.

### *Discussion*

11  Having now succeeded in convincing the Eastern District of Virginia and this Court that he
12  was not a party to the ARA, Renda seeks to rely upon such agreement to recover his attorneys
13  fees.  Renda's argument is without merit.
14  The ARA provides for recovery of attorneys fees by an "Agent" as follows:

> If ARC uses legal counsel to enforce its right to inspect the Agent's books and records, because the Agent failed or refused to permit an inspection upon demand made pursuant to this agreement, the Agent shall reimburse ARC for all costs incurred by it, and for the reasonable fees of its attorneys, if its demand is adjudicated or otherwise resolved in its favor. If its demand is adjudicated in favor of the Agent, ARC shall reimburse the Agent for all costs incurred by it, and for the reasonable fees of its attorneys, in defending itself against ARC's demand.

19  [Agent Reporting Agreement, Exhibit A to ARC's Opposition (Doc. No. 20-2), p. 15.]  The
20  agreement defines "Agent" as "the person who executes the memorandum of agreement, or
21  otherwise concurs in the adoption of this agreement" and also as "any person included on the ARC
22  Agency List for the purpose of selling air transportation and ancillary services."  [Id., p. 1.]
23  Renda is clearly not an Agent within the meaning of the ARA.  Nonetheless, Renda argues
24  he may recover fees under the ARA because he is in a position similar to a person who sues to
25  void a contract.  Under such circumstances, courts have found attorneys fees may be recovered[1].
26  See UMG, Inc. v. Green, 66 Va. Cir. 232, 234 (2004); Reistroffer v. Person, 247 Va. 45, 49-50

---

[1]The ARA provides it is to be construed under the law of the State of Virginia, and both parties rely upon Virginia contract law.

1  (1994).  However, only a *party* to a contract can *void* a contract.  <u>Ulloa v. QSP, Inc.</u>, 271 Va. 72,
2  81 (2006). A more appropriate analogy would be a case where a third-party sues to void a contract.
3  Renda has cited no authority for the proposition such third-party would be entitled to recover
4  attorneys fees under the terms of the contract.
5      Renda has succeeded in showing he is not an Agent under the ARA.  As a result, he may
6  not recover attorneys fees based upon that agreement.

### *Conclusion*

8      For the reasons set forth herein, Defendant/Judgment Debtor's motion for attorneys fees is
9  DENIED.
10      **IT IS SO ORDERED**.

12  **DATED:  September 23, 2008**

                                  */s/ Irma E. Gonzalez*
                                  **IRMA E. GONZALEZ, Chief Judge**
                                  **United States District Court**